# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **SPECTRUM LABORATORIES, LLC.**, an Ohio Limited Liability Company. | § § § § | |
| *Plaintiff,* | § § | |
| **v.** | § § | **CIVIL ACTION NO. _____** |
| | § | **JURY DEMAND** |
| **ROYAL FRAGRANCES LLC d/b/a CITY SUPPLY WHOLESALE; SA & AP INVESTMENTS, LLC; TREK THE WORLD LLC; LEGACY ECOM LLC; NAGARIA USMAN GHANI LLC; PRECISION TECHNOLOGY CONSULTING, LLC; SAIF ALI; MOHD LODI; AFEE PARPIA,** | § § § § § § § § § § | |
| *Defendants.* | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR TRADEMARK INFRINGEMENT AND APPLICATION FOR PERMANENT INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

This is a counterfeiting case under the Lanham Act. **SPECTRUM LABORATORIES, LLC** (hereinafter "Plaintiff" or "Spectrum") files this Original Complaint and Application to recover damages and for Permanent Injunction against Defendants **ROYAL FRAGRANCES LLC d/b/a CITY SUPPLY WHOLESALE; SA & AP INVESTMENTS, LLC; TREK THE WORLD LLC; LEGACY ECOM LLC; NAGARIA USMAN GHANI LLC; PRECISION TECHNOLOGY CONSULTING, LLC; SAIF ALI; MOHD LODI;** and **AFEE PARPIA** (collectively and individually,

1

"Defendants"), to recover legal and equitable relief for Defendants' infringement of Spectrum's trademark rights, violations of the Lanham Act, acts of unfair competition and dilution of Spectrum's trademark rights, as further set forth herein.

## I.
## PARTIES

1. Plaintiff **Spectrum** is a limited liability company organized and existing under the laws of the State of Ohio, having its office and principal place of business at 2692 Madison Rd, Suite N401, Cincinnati, OH 45208.

2. On information and belief, Defendant **Royal Fragrances LLC d/b/a City Supply Wholesale** is a limited liability company existing under the laws of the State of Texas. On information and belief, Royal Fragrances LLC d/b/a City Supply Wholesale, is used by Defendants to distribute, market, and sell the Counterfeit Product. Royal Fragrances LLC may be served with process by serving its registered agent, Saif Sohail Ali, at its registered office located at 1020 Brand Lane Number 724, Stafford, TX 77477, or wherever the registered agent may be found.

3. On information and belief, Defendant **Sa & Ap Investments, LLC** is a limited liability company existing under the laws of the State of Texas. On information and belief, Sa & Ap Investments, LLC, distributes, markets, and sells the Counterfeit Product. Sa & Ap Investments, LLC may be served with process by serving its registered agent, Saif Ali, at its registered office located at 1025 Dulles Avenue, #815, Stafford, TX 77477, or wherever the registered agent may be found.

4. On information and belief, Defendant **Legacy Ecom LLC** is a limited liability company existing under the laws of the State of Texas. On information and belief, Legacy Ecom LLC, distributes, markets, and sells the Counterfeit Product. Legacy Ecom LLC may be served with process by serving its registered agent Saif Ali, at its registered office located at 5826 Sydney Park Ln, Sugar Land, TX 77479, or wherever the registered agent may be found.

5. On information and belief, Defendant **Trek The World LLC** is a limited liability company existing under the laws of the State of Texas. On information and belief, Trek The World LLC, distributes, markets, and sells the Counterfeit Product. Trek The World LLC may be served with process by serving its registered agent Saif Ali, at its registered office located at 20310 Cembra Walk, Spring, TX 77379, or wherever the registered agent may be found.

6. On information and belief, Defendant **Precision Technology Consulting, LLC** is a limited liability company existing under the laws of the State of Texas. On information and belief, Precision Technology Consulting, LLC distributes, markets, and sells the Counterfeit Product. Precision Technology Consulting, LLC may be served with process by serving its registered agent Saif Ali, at its registered office located at 20310 Cembra Walk, Spring, TX 77379, or wherever the registered agent may be found.

7. On information and belief, Defendant **Nagaria Usman Ghani LLC** is a limited liability company existing under the laws of the State of Texas. On information and belief, Nagaria Usman Ghani LLC distributes, markets, and sells the Counterfeit Product. Nagaria Usman Ghani LLC may be served with process by serving its registered agent

Mohd Lodi, at its registered office located at 6666 Harwin Dr., Ste. 684, Houston, TX 77036, or wherever the registered agent may be found.

8.     On information and belief, Defendant **Afee Parpia** is an individual citizen of the State of Texas. On information and belief, Afee Parpia, distributes, markets, and sells the Counterfeit Product through one or more of his numerous companies. Afee Parpia may be served with process at 14907 Sugar Crystal Court, Sugar Land, TX 77498, or wherever he may be found.

9.     On information and belief, Defendant **Mohd Lodi**, is an individual citizen of the State of Texas. On information and belief, Mohd Lodi, distributes, markets, and sells the Counterfeit Product through one or more of his numerous companies. Mohd Lodi may be served with process at 6666 Harwin Dr., Suite 684, Houston, TX 77036, or wherever he may be found.

10.    On information and belief, Defendant **Saif Ali** is an individual citizen of the State of Texas. On information and belief, Saif Ali, distributes, markets, and sells the Counterfeit Product through one or more of his numerous companies. Saif Ali may be served with process at 5826 Sydney Park Ln., Sugar Land, TX 77479, or wherever he may be found.

## II.
## JURISDICTION & VENUE

11.    This Court has subject matter jurisdiction under § 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over Spectrum's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338

and 1367. This Court also has subject matter jurisdiction over the claims brought herein under 28 U.S.C. § 1332 because Spectrum and Defendants are residents of different states, and Spectrum seeks damages of more than $75,000.

12.     This Court has personal jurisdiction over Defendants because, on information and belief, they are citizens of the State of Texas.  On information and belief, Defendants also have maintained minimum contacts with the State of Texas sufficient to subject them to personal jurisdiction consistent with due process under the Fourteenth Amendment to the United States Constitution. By way of example only, Defendants have marketed, distributed, offered for sale, and/or sold the Counterfeit Product to persons within the State of Texas; (b) Defendants regularly transact and conduct business within the State of Texas; and/or (c) Defendants have otherwise made or established contacts within the State of Texas sufficient to permit the exercise of personal jurisdiction.

13.     Venue is proper in the Houston Division of the Southern District of Texas under 28 U.S.C. § 1391(b) because all or part of the events giving rise to the causes of action asserted herein took place in the Houston Division of the Southern District of Texas, because the claims asserted herein arise through Defendants' trademark infringement and all other asserted claims, in the Houston Division of the Southern District of Texas, and/or Defendants' principal places of business are located in this Division and District.

# III.
## FACTUAL ALLEGATIONS

14.     Spectrum is the owner of U.S. Trademark Registration No. 4453892 (the "'892 Registration") for the Quick Fix trademark (the "Quick Fix Mark"). A true and accurate copy of the '892 Registration is attached hereto as **Exhibit 1**.

15.     Spectrum is also the owner of U.S. Trademark Registration No. 5791421 (the "'421 Registration) for the Q design mark (the "Q-Clock Mark"). A true and accurate copy of the '421 Registration is attached hereto as **Exhibit 2.**

16.     Spectrum is the supplier of the Quick Fix product, which is a synthetic urine product.

17.     For years, Spectrum has devoted substantial amounts of money and effort in developing, promoting, marketing, advertising, and producing Quick Fix. As a result, Quick Fix has developed a reputation as a market-leading safe and effective product.

18.     Spectrum's Quick Fix product contains: (a) synthetic urine in a bottle having; (b) a heater pad; and (c) a pamphlet with directions for the use of the Quick Fix product. The Quick Fix Mark and Q-Clock Mark are prominently affixed to and clearly visible on the packaging of the Quick Fix product.

19.     The Quick Fix Mark, Q-Clock Mark, the individual components of the Quick Fix product and the combined trade dress of the Quick Fix product (collectively, the "Quick Fix trade dress") are associated in the minds of the public with Spectrum as the source of such products.

20.     Spectrum has learned that Defendants manufacture, use, offer for sale and/or import a counterfeit version of Spectrum's Quick Fix product that copies Spectrum's packaging, including the Quick Fix Mark, the Q-Clock Mark and the Quick Fix trade dress (the "Counterfeit Product"). Defendants are passing off their Counterfeit Product as it if was legitimate product from Spectrum.

21.     The Counterfeit Product contains packaging and materials that appear in all material respects to be identical to the Quick Fix product. The Counterfeit Product duplicates the Quick Fix Mark, Q-Clock Mark and the Quick Fix trade dress and contains synthetic urine, a heater pad, plastic bottle, and an instructions pamphlet with verbatim language to that contained in the Quick Fix product.

22.     Attached hereto as **Exhibit 3** and incorporated herein by reference is a side-by-side comparison of the Counterfeit Product to Spectrum's legitimate Quick Fix product. **Exhibit 3** demonstrates that the packaging, box illustrations, labels, and the overall appearance of the Counterfeit Product appear to be identical in all material respects to the legitimate Spectrum Quick Fix product.

23.     The Counterfeit Product also bears a counterfeit Quick Fix Mark, Q-Clock Mark and appropriates the Quick Fix trade dress.

24.     Upon information and belief, the Counterfeit Product is neither safe nor effective for its intended purpose and does not meet the rigorous quality and efficiency standards that Spectrum requires for its legitimate Quick Fix product.

25.     Spectrum has not granted permission or otherwise consented to Defendants' use of the Quick Fix Mark, Q-Clock Mark, the Quick Fix trade dress or any part or variation

thereof. Spectrum is the senior user of the Quick Fix Mark, Q-Clock Mark, and the Quick Fix trade dress.

26. Defendants have configured and marked the Counterfeit Product with the Quick Fix Mark, the Q-Clock Mark and the Quick Fix trade dress to be indistinguishable in appearance to Spectrum's legitimate product in order to deceive the public into believing that Spectrum is the source for the Counterfeit Product.

27. Actual and potential customers for Spectrum's legitimate Quick Fix product have been, and are likely to continue to be, confused by Defendants' unauthorized dealings in the Counterfeit Product.

28. Defendants' bad faith counterfeiting of Spectrum's Quick Fix Mark, Q-Clock Mark, Quick Fix trade dress and product lures Spectrum's legitimate customers into believing that they are purchasing a genuine Quick Fix product that originated from Spectrum. Such counterfeiting also undermines Spectrum's hard-earned and well-deserved reputation as a market-leading supplier of safe and effective products.

29. Defendants' dealing in the Counterfeit Product and its unauthorized use of the Quick Fix Mark, Q-Clock Mark and Quick Fix trade dress to sell products in direct competition with Spectrum constitutes violations of the Lanham Act, federal and state unfair competition and trademark dilution under state law.

# IV.
## CAUSES OF ACTION

### Count 1: Federal Trademark Infringement

30.     Spectrum repeats and incorporates by reference every allegation in the proceeding paragraphs as if fully set forth herein.

31.     Spectrum has obtained, and is the owner of, a federal registration on the Quick Fix Mark, as evidenced by the '892 Registration. This trademark registration remains in full force and effect.  Registration on the Principal Register is *prima facie* evidence of the validity of these marks and also provides constructive notice to Defendants as to Plaintiff's claim of ownership.  15 U.S.C. § 1057(b).  Defendants had actual notice that Spectrum's trademark is a federally registered mark.  15 U.S.C. § 1072.  Spectrum is the senior user of the Quick Fix Mark, and the Quick Fix Mark is eligible for protection.

32.     Spectrum has also obtained, and is the owner of, a federal registration on the Q-Clock Mark, as evidenced by the '421 Registration.  This trademark registration remains in full force and effect.  Registration on the Principal Register is *prima facie* evidence of the validity of these marks and also provides constructive notice to Defendants as to Plaintiff's claim of ownership.  15 U.S.C. § 1057(b); 15 U.S.C. § 1072.  Defendants had actual notice that Spectrum's trademark is a federally registered mark.  15 U.S.C. § 1072.  Spectrum is the senior user of the Q-Clock Mark, and the Q-Clock Mark is eligible for protection.

33.     Defendants are using Plaintiff's marks in commerce without Spectrum's consent.  Defendants' commandeering of Spectrum's Quick Fix Mark and Q-Clock Mark

is likely to and will cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured, distributed and/or provided by Spectrum, or are associated or connected with Spectrum, or have the sponsorship, endorsement, guarantee or approval of Spectrum.

34. Defendants' infringing and illegal use of the Quick Fix Mark and Q-Clock Mark will lead to confusion to Spectrum's federally registered marks in violation of 15 U.S.C. § 1114. Defendants' activities are causing and, unless enjoined by this Court, will continue to cause confusion to and deception of members of the trade and public, and additionally, injury to Spectrum's goodwill and reputation as symbolized by Spectrum's Quick Fix Mark and Q-Clock Mark, for which Spectrum has no adequate remedy at law.

35. Defendants' actions demonstrate an intentional, willful, and malicious intent to steal and trade on the goodwill associated with Spectrum's Quick Fix Mark and Q-Clock Mark to Spectrum's great, irreparable and certain harm.

36. Defendants have caused and are likely to continue causing substantial injury to the public and to Spectrum, and Spectrum is entitled to injunctive relief and to recover all of Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## Count 2: Federal Unfair Competition

37. Spectrum repeats and incorporates by reference every allegation in the proceeding paragraphs as if fully set forth herein.

38. Defendants are passing off goods as those of Spectrum by virtue of the substantial similarly between the look and feel of the products. Defendants' use of an

imitation of Spectrum's Quick Fix Mark and Q-Clock Mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' products are manufactured or distributed by Spectrum, or are affiliated, connected, or associated with Spectrum, or have the sponsorship, endorsement, or approval of Spectrum.

39.     Defendants have made false representations, false descriptions, and false designations of, on, or in connection with its goods in violation of 15 U.S.C. § 1125(a). Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Spectrum's goodwill and reputation as symbolized by Spectrum's Quick Fix Mark and Q-Clock Mark, for which Spectrum has no adequate remedy at law.

40.     Defendants' actions demonstrate an intentional, willful, and malicious intent to steal and trade on the goodwill associated with Spectrum's Quick Fix Mark and Q-Clock Mark to the great and irreparable injury of Spectrum.

41.     Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Spectrum. Spectrum is entitled to injunctive relief and to recover all of Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

### Count 3: Federal Trademark Counterfeiting in Violation of Section 32 of Lanham Act [15 U.S.C. §1114(a)]

42.     Spectrum repeats and incorporates by reference every allegation in the proceeding paragraphs as if fully set forth herein.

43.     Spectrum has obtained, and is the owner of, a federal registration on the Quick Fix Mark, as evidenced by the '892 Registration. This trademark registration remains in full force and effect. Registration on the Principal Register is *prima facie* evidence of the validity of these marks, it also provides constructive notice to Defendants as to Plaintiff's claim of ownership. 15 U.S.C. § 1057(b). Defendants had actual notice that Spectrum's trademark is a federally registered mark. 15 U.S.C. § 1072.

44.     Spectrum has also obtained, and is the owner of, a federal registration on the Q-Clock Mark, as evidenced by the '421 Registration. This trademark registration remains in full force and effect. Registration on the Principal Register is *prima facie* evidence of the validity of these marks, it also provides constructive notice to Defendants as to Plaintiff's claim of ownership. 15 U.S.C. § 1057(b). Defendants had actual notice that Spectrum's trademark is a federally registered mark. 15 U.S.C. § 1072.

45.     Defendants committed a trademark infringement in violation of 15 U.S.C. § 1114(1)(a) and intentionally used the trademark knowing it was a counterfeit, as the term is defined in 15 U.S.C. § 1116. Defendants are currently using a counterfeit of the Quick Fix Mark and Q-Clock Mark in connection with the sale, offering for sale, distribution and advertising of the Counterfeit Product so that the public associates the product with a certain quality, performance and reliability.

46.     The Counterfeit Product bears a Quick Fix Mark and Q-Clock Mark that is identical in all material respects to Spectrum's Quick Fix Mark and Q-Clock Mark.

47.     Defendants' manufacturing, advertising, distribution, marketing, importation, promotion, offer for sale, and/or sale of the Counterfeit Product bearing a

Quick Fix Mark and Q-Clock Mark is likely to cause confusion and has caused actual confusion that the Counterfeit Product is made by, sponsored by, or affiliated with Spectrum.

48.     Spectrum did not license or otherwise consent to Defendants' use of the shape, style, and overall appearance of Spectrum's Quick Fix Mark and Q-Clock Mark.

49.     Defendants' acts constitute trademark infringement of Spectrum's federally registered Quick Fix Mark and Q-Clock Mark in violation of Section 32 of the Lanham Act, §1114 et seq., to the substantial and irreparable injury of the public and of Spectrum's business reputation and goodwill.

50.     As a result of their acts, Defendants have been, and will continue to be, unjustly enriched by profits that Defendants have made in connection with the manufacturing, advertising, distribution, marketing, importation, promotion, offer for sale, and/or sale of the Counterfeit Product bearing a counterfeit version of Spectrum's Quick Fix Mark and Q-Clock Mark.

51.     Defendants' continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict great and irreparable harm upon Spectrum. Spectrum has no adequate remedy at law. Spectrum is entitled to a permanent injunction enjoining Defendants from engaging in further acts of infringement.

52.     In addition and alternatively, as a direct and proximate result of the foregoing acts of Defendants, Spectrum has suffered, and is entitled to, monetary damages in an amount not yet determined. Spectrum is also entitled to its attorneys' fees and costs for commencing the instant lawsuit.

53. Upon information and belief, Defendants' acts were in conscious and willful disregard for Spectrum's rights to the Quick Fix Mark and Q-Clock Mark, and the resulting damage to Spectrum is such as to warrant the trebling of damages in order to provide just compensation. 15 U.S.C § 1117(b).

## Count 4: Federal Trademark Dilution of the Quick Fix Mark and Q-Clock Mark

54. Spectrum repeats and incorporates by reference every allegation in the proceeding paragraphs as if fully set forth herein.

55. For many years, Spectrum has exclusively and continuously owned, promoted, used the Quick Fix Mark and Q-Clock Mark, both in the United States and throughout the world. The Quick Fix Mark and Q-Clock Mark became a famous, distinctive, and well-known symbol of Spectrum and Spectrum's entire line of products long before Defendants stole the Quick Fix Mark and Q-Clock Mark and offered the Counterfeit Product for sale after Spectrum's marks had become famous and distinctive.

56. Defendants are making use in commerce of the stolen Quick Fix Mark and Q-Clock Mark, which is likely to dilute, and has diluted, the distinctiveness of Spectrum's Quick Fix Mark and Q-Clock Mark by eroding the public's trust and exclusive identification of this famous mark with Spectrum, tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish Spectrum's goods from counterfeit.

57.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Spectrum's Quick Fix Mark and Q-Clock Mark and to cause dilution of the mark to the great and irreparable injury of Spectrum.

58.     Defendants have caused and will continue to cause irreparable injury to Spectrum's goodwill and business reputation, and dilution of the distinctiveness and value of Spectrum's famous and distinctive Quick Fix Mark and Q-Clock Mark in violation of 15 U.S.C. § 1125(c). Spectrum therefore is entitled to injunctive relief and to all of Defendants' profits, actual damages, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

## Count 5: Unfair and Deceptive Trade Practices

59.     Spectrum repeats and incorporates by reference every allegation in the proceeding paragraphs as if fully set forth herein.

60.     Spectrum owns the Quick Fix Mark and the Q-Clock Mark, and Defendants are using those marks without Spectrum's consent.

61.     Defendants have been and are passing off their goods as those of Spectrum, causing confusion and/or misunderstanding as to the source, sponsorship, or approval of Defendants' goods, causing confusion as to Defendants' affiliation, connection, or association with Spectrum, and otherwise damaging the public.

62.     Defendants' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), as well as the laws of Texas.

63.     Defendants' unauthorized use of and imitation of Spectrum's Quick Fix Mark and Q-Clock Mark has caused and is likely to cause substantial injury to the public and to Spectrum.   Ultimately, Defendants are being unjustly enriched at Spectrum's expense.   Spectrum, therefore, is entitled to injunctive relief and to recover damages and, if deemed appropriate, punitive damages.   Spectrum is also entitled to its costs and reasonable attorneys' fees.

### Count 6: Common Law Trademark Infringement and Unfair Competition

64.     Spectrum repeats and incorporates by reference every allegation in the proceeding paragraphs as if fully set forth herein.

65.     Spectrum owns the Quick Fix Mark and the Q-Clock Mark, and Defendants are using those marks without Spectrum's consent.   Spectrum's Quick Fix Mark and the Q-Clock Mark are eligible for protection and Spectrum is the senior user of the marks.

66.     Defendants' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Spectrum. Spectrum has no adequate remedy at law for this injury.

67.     Defendants have acted with full knowledge of Spectrum's use of, and statutory and common law rights to, Spectrum's Quick Fix Mark and Q-Clock Mark and in blatant disregard to the confusion of the public created by Defendants' activities.

68.     Defendants' actions demonstrate an intentional, willful, and malicious intent to steal and trade on the goodwill associated with Spectrum's Quick Fix Mark and Q-Clock Mark to the great and irreparable injury of Spectrum.

69.     As a result of Defendants' malicious and deliberate acts, Spectrum has been damaged and will continue to sustain damages in an amount not yet determined or ascertainable. At a minimum, Spectrum is entitled to injunctive relief, to a full accounting of all of Defendants' profits, damages, and costs. Further, in light of the deliberate and malicious use of the stolen and imitated Quick Fix Mark and Q-Clock Mark, and the need to deter Defendants from engaging in similar conduct in the future, Spectrum additionally is entitled to punitive damages.

### Count 7: State Trademark Dilution and Injury to Business Reputation

70.     Spectrum repeats and incorporates by reference every allegation in the proceeding paragraphs as if fully set forth herein.

71.     Spectrum is the owner of the Quick Fix Mark and Q-Clock Mark and both marks are distinctive.  Spectrum has extensively and continuously promoted and used the Quick Fix Mark and Q-Clock Mark throughout the United States, and the Quick Fix Mark and Q-Clock Mark became a distinctive, famous, and well-known symbol of Spectrum's goods long before Defendants commandeered and began using the Quick Fix Mark and Q-Clock Mark or offered the Counterfeit Product for sale.

72.     Defendants' conduct dilutes and is likely to dilute the distinctiveness of Spectrum's Quick Fix Mark and Q-Clock Mark by eroding the public's exclusive identification of this mark with Spectrum and tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish the value of Spectrum's goods.

73.     Defendants are causing and will continue to cause irreparable injury to Spectrum's goodwill and business reputation and dilution of the distinctiveness and value of Spectrum's famous and distinctive Quick Fix Mark and Q-Clock Mark in violation of § 16.103 of the Texas Business and Commerce Code. TEX. BUS. & COM. CODE ANN. § 16.103.

74.     Spectrum, therefore, is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages, punitive damages, and reasonable attorneys' fees.

### Count 8: Common Law Passing Off or Palming Off/Unfair Competition

75.     Spectrum repeats and incorporates by reference every allegation in the proceeding paragraphs as if fully set forth herein.

76.     Spectrum owns the Quick Fix Mark and the Q-Clock Mark, and Defendants are using those marks without Spectrum's consent.

77.     Defendants have stolen the image, design and likeness of the Quick Fix Mark and the Q-Clock Mark and have attempted to pass off or palm off the Counterfeit Product as Spectrum's product. Their conduct has eroded and will continue to erode the distinctiveness of Spectrum's Quick Fix Mark and Q-Clock Mark by eroding the public's exclusive identification of these marks with Spectrum and tarnishing and degrading the positive associations and prestigious connotations of the marks, and otherwise lessening the capacity of the marks to identify and distinguish the value of Spectrum's goods.

78.     Defendants are causing and will continue to cause irreparable injury to Spectrum's goodwill and business reputation and dilution of the distinctiveness and value

of Spectrum's famous and distinctive mark in violation of the Tex. Bus. & Com. Code Ann. § 16.29 (Vernon 2009).

79.     Spectrum, therefore, is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages, punitive damages, and reasonable attorneys' fees.

## V.
## RELIEF SOUGHT

### Count 1- Permanent Injunction

80.     Spectrum repeats and incorporates by reference every allegation in the proceeding paragraphs as if fully set forth herein.

81.     As a direct and proximate result of Defendants' conduct as described above, Spectrum has suffered irreparable harm through the loss of exclusivity of its trademark rights, damage to its goodwill and the value of its substantial investment in its trademarks. The total loss to Spectrum cannot be accurately measured at this time, although actual damages are anticipated to exceed $1,000,000 at a minimum.

82.     Spectrum has no adequate remedy at law, and Spectrum is suffering irreparable harm.  Should Defendants' actions continue unabated, Defendants will have effectively destroyed the value of Spectrum's goodwill and substantial investment in its trademarks, while providing Defendants the ability to profit from their wrongful acts by quickly gaining a competitive advantage in the marketplace that it took Spectrum many years to build, thereby destroying Spectrum's legally obtained competitive advantages, trademark rights and business goodwill.  Spectrum has a substantial likelihood of success

on the merits of its claims. Moreover, Spectrum is entitled to a rebuttable presumption of irreparable harm per 15 U.S.C.A. § 1116. The magnitude of the injury that Spectrum is suffering as a result of Defendants' unlawful conduct heavily outweighs whatever hardship Defendants could allege or prove from being restrained as requested below; besides, when conduct is willful (as Defendants' conduct clearly is), the Court need not balance hardship. *United States v. Marine Shale Processors*, 81 F.3d 1329, 1358-59 (5th Cir. 1996). Weighing the hardships between Plaintiff and Defendants, a remedy in equity is warranted. Finally, the granting of the injunctive relief herein would not adversely affect public policy or the public interest. Defendants' illegal conduct is ongoing and unlikely to cease unless enjoined.

83. Spectrum is also entitled to injunctive relief pursuant to 15 U.S.C.§ 1116(a) and to an order compelling the impounding of all of Defendants' infringing goods. Spectrum has no adequate remedy at law for Defendants' wrongful conduct because, among other reasons: (a) Spectrum's trademarks are unique and valuable property that have no readily determinable market value; (b) Defendants' infringement constitutes harm to Spectrum's business reputation and goodwill such that Spectrum could not be made whole by any monetary award; (c) if Defendants' conduct is allowed to continue, the public and relevant market are likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the products identified by Defendants' infringing names; and (d) Defendants' wrongful conduct, and the resulting damages to Spectrum, is on-going. Thus, an injunction in this case would fulfill the purposes of the Lanham Act.

84.     Consequently, Spectrum requests a prohibitive Permanent Injunction against Defendants and their agents, servants, employees and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from:

(i)     advertising, marketing, promoting, offering for sale, distributing, or selling all infringing products;

(ii)    using the infringing Quick Fix Mark and Q-Clock Mark on or in connection with any of Defendants' goods;

(iii)   using the Quick Fix Mark and Q-Clock Mark or any other copy, reproduction, colorable imitation, or simulation of Spectrum's Quick Fix Mark and Q-Clock Mark on or in connection with any of Defendants' goods;

(iv)    using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any of Spectrum's trademarks, trade dresses, names, or logos;

(v)     using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Spectrum, or are sponsored or authorized by Spectrum, or are in any way connected or related to Spectrum;

(vi)    using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods that dilutes or is likely to dilute the distinctiveness of Spectrum's trademarks, trade dresses, names, or logos;

(vii)   passing off, palming off, or assisting in passing off or palming off Defendants' goods as those of Spectrum, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

(viii)  advertising, promoting, offering for sale, or selling the Counterfeit Product or other similar goods.

85.     Spectrum further requests a mandatory Permanent Injunction against Defendants and their agents, servants, employees and those persons in active concert or

participation with them who receive actual notice of the order by personal service or otherwise requiring the following:

(i)     Defendants be ordered to cease offering for sale, marketing, promoting, and selling and to recall all Counterfeit Products, or any other goods bearing the infringing Quick Fix Mark and/or Q-Clock Mark or any other confusingly similar imitation of Spectrum's Quick Fix Mark and/or Q-Clock Mark that are in Defendants' possession or have been shipped by Defendants or under their authority, to any customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Defendants; and

(ii)    Defendants be ordered to deliver up for impoundment and for destruction, all products, promotional materials, advertisements, flyers and website designs, or other materials in the possession, custody or under the control of Defendants that are found to copy, steal, counterfeit, adopt, infringe, or dilute Spectrum's Quick Fix Mark and/or Q-Clock Mark or that otherwise unfairly compete with Spectrum and its products.

## **Count 2 - Damages**

86.     Spectrum repeats and incorporates by reference every allegation in the proceeding paragraphs as if fully set forth herein.

87.     Spectrum requests that the Court find that Defendants have willfully infringed Spectrum's exclusive trademark rights in Spectrum's trademarks in violation of 15 U.S.C. §§ 1051 *et seq.*, 1114 *et seq.*, 1117 *et seq.*, and 1121 *et seq.* and/or common law and have competed and continue to compete unfairly with Spectrum under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and common law and requests an award of Spectrum damages adequate to compensate for Defendants' respective acts of trademark infringement, including damages based on Defendants' respective profits and/or any damages sustained by Spectrum through Defendants' unlawful infringement of Spectrum's

trademarks as permitted by 15 U.S.C. § 1117. In addition, the award of damages and profits should be trebled pursuant to 15 U.S.C § 1117(b) or alternatively, the award of statutory damages should be enhanced pursuant to 15 U.S.C. § 1117(c).

### Count 3 - Attorney's Fees & Costs

88.     Spectrum repeats and incorporates by reference every allegation in the proceeding paragraphs as if fully set forth herein.

89.     Spectrum requests an award of reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. § 1117, or as may be otherwise allowed by law.

### Count 4 - Punitive Damages

90.     Spectrum repeats and incorporates by reference every allegation in the proceeding paragraphs as if fully set forth herein.

91.     Because Defendants have, by clear and convincing evidence, acted with either willful or malicious intent, or actual malice or fraud with respect to the harms discussed herein, Spectrum is entitled to and requests an award of punitive damages against all Defendants.

### Count 5 - Disgorgement/Accounting

92.     Spectrum repeats and incorporates by reference every allegation in the proceeding paragraphs as if fully set forth herein.

93.     Spectrum requests the Court to disgorge from Defendants all funds, profits, property or benefits obtained from the schemes set forth above, and to the extent an accounting is necessary to effectuate this end, that an accounting be ordered.

## VI.
## JURY DEMAND

Spectrum respectfully demands a trial by jury on all claims and issues so triable.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Spectrum prays that:

(i)    Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Defendants, or in concert or participation with Defendants, and each of them, be found to be violation the rights of Spectrum by infringing, unlawfully counterfeiting and/or illegally using Spectrum's trademarks.

(ii)    Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Defendants, or in concert or participation with Defendants, and each of them, enjoined from:

    a.    advertising, marketing, promoting, offering for sale, distributing, or selling the Counterfeit Product;

    b.    using the infringing Quick Fix Mark and Q-Clock Mark on or in connection with any of Defendants' goods;

    c.    using the Quick Fix Mark and Q-Clock Mark or any other copy, reproduction, colorable imitation, or simulation of Spectrum's Quick Fix Mark and/or Q-Clock Mark on or in connection with any of Defendants' goods;

    d.    using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any of Spectrum's trademarks, trade dresses, names, or logos;

    e.    using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Spectrum, or are

sponsored or authorized by Spectrum, or are in any way connected or related to Spectrum;

f.    using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods that dilutes or is likely to dilute the distinctiveness of Spectrum's trademarks, trade dresses, names, or logos;

g.    passing off, palming off, or assisting in passing off or palming off Defendants' goods as those of Spectrum, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

h.    advertising, promoting, offering for sale, or selling the Counterfeit Product or other similar goods.

(iii)    Defendants be ordered to cease offering for sale, marketing, promoting, and selling and to recall all Counterfeit Products, or any other goods bearing the infringing Quick Fix Mark and/or Q-Clock Mark or any other a confusingly similar imitation of Spectrum's Quick Fix Mark and/or Q-Clock Mark that are in Defendants' possession or have been shipped by Defendants or under their authority, to any customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Defendants;

(iv)    Defendants be ordered to deliver up for impoundment and for destruction, all products, promotional materials, advertisements, flyers and website designs, or other materials in the possession, custody or under the control of Defendants that are found to copy, steal, counterfeit, adopt, infringe, or dilute any of Spectrum's trademarks or that otherwise unfairly compete with Spectrum and its products;

(v)    Defendants be compelled to account to Spectrum for any and all profits derived by Defendants from the sale or distribution of the Counterfeit Products;

(vi)    Spectrum be awarded all damages caused by the acts forming the basis of this Complaint;

(vii)    Based on Defendants' knowing and intentional use of a stolen, counterfeited, reproduction and/or imitation of Spectrum's Quick Fix Mark and/or Q-Clock Mark, the damages awarded be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

(viii)     Defendants be required to pay to Spectrum the costs and reasonable attorneys' fees incurred by Spectrum in this action pursuant to 15 U.S.C. § 1117(a) or any other applicable law;

(ix)     Based on Defendants' willful and deliberate infringement and/or dilution of Spectrum's Quick Fix and/or Q-Clock Mark, and to deter such conduct in the future, Spectrum be awarded punitive damages;

(x)     Spectrum be awarded prejudgment and post-judgment interest on all monetary awards; and

(xi)     Spectrum be granted such other and further relief as the Court may deem just and appropriate.

DATE:  October 26, 2022        Respectfully submitted,

By:   */s/ David B. Cupar*
    David B. Cupar (*pro hac vice pending*)
    *Attorney in Charge*
    Ohio Bar No. 71622
    dcupar@mcdonaldhopkins.com
    Matthew J. Cavanagh (*pro hac vice pending*)
    Ohio Bar No. 79522
    mcavanagh@mcdonaldhopkins.com
    **MCDONALD HOPKINS LLC**
    600 Superior Avenue, East
    Suite 2100
    Cleveland, Ohio  44114
    Telephone: 216.348.5400
    Facsimile:  216.348.5474

By:   */s/ Courtney Ervin*
    **Courtney Ervin**
    Texas Bar No. 24050571
    SDTX No. 611093
    cervin@hicks-thomas.com
    **Kasi Chadwick**
    Texas Bar No. 24087278
    SDTX No. 2421911
    kchadwick@hicks-thomas.com
    **HICKS THOMAS LLP**
    700 Louisiana St., Suite 2000
    Houston, Texas 77002
    Telephone: 713.547.9100
    Facsimile: 713.547.9150

    **ATTORNEYS FOR PLAINTIFF SPECTRUM LABORATORIES, LLC**