IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **SPECTRUM LABORATORIES, LLC.**, an Ohio Limited Liability Company.<br><br>*Plaintiff,*<br><br>v.<br><br>**DOES #1-10,**<br><br>*Defendants.* | CIVIL ACTION NO. 4:22-cv-03705<br><br>JUDGE CHARLES ESKRIDGE<br><br>JURY DEMAND |

## PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY

This is a counterfeiting case under the Lanham Act. **SPECTRUM LABORATORIES, LLC** (hereinafter "Plaintiff" or "Spectrum") files this Motion for Leave to Conduct Discovery seeking leave to conduct discovery, prior to the Initial Conference, to uncover the identities of unknown parties, Defendants DOES #1-10 (the "DOE Defendants"), who engaged in the counterfeiting activity that is the basis of this lawsuit.

## PROCEDURAL BACKGROUND

On January 23, 2023, Spectrum was granted leave to amend its Original Complaint to drop the previously named defendants and add the Doe Defendants. [*See* Doc. 31]. Following this, the Court cancelled the Initial Conference set for January 25, 2023, to be reset upon further order of the Court. [*See* Doc. 16]. Because the Initial

{00334183.DOCX}

Conference has not occurred, Spectrum moves to conduct discovery to specifically identify the Doe Defendants.

## BRIEF FACTUAL BACKGROUND

Spectrum is the owner of U.S. Trademark Registration No. 4453892 (the "892 Registration") for the Quick Fix trademark (the "Quick Fix Mark"). Spectrum is also the owner of U.S. Trademark Registration No. 5791421 (the "421 Registration") for the Q design mark (the "Q-Clock Mark"). Spectrum filed this lawsuit when it discovered that counterfeits of its QUICK FIX product were being sold by unauthorized parties. During informal communications concerning these sales with the originally named defendants, Spectrum received information concerning other sellers of the counterfeit product further up the supply chain. Accordingly, Spectrum now seeks to conduct discovery to investigate these allegations. Spectrum seeks authorization from the Court to issue subpoenas and take discovery to determine the true identities of the DOE Defendants and will substitute the responsible parties into this case as appropriate.

Spectrum filed this lawsuit when it discovered that counterfeits of its QUICK FIX product were being sold by Royal Fragrances LLC d/b/a City Supply Wholesale ("RF"). Spectrum originally named as defendants the individuals and businesses that Spectrum believed were associated with RF's City Supply business. After RF and related parties were served, RF's attorney advised Spectrum that RF had no knowledge that it was selling counterfeits, RF stopped selling the products, and RF agreed to cooperate with Spectrum to help identify the source of the counterfeits that RF purchased (believing they were genuine) and then resold in the market. Since then, Spectrum has voluntarily

dismissed all of the defendants except the DOE Defendants [*see* Doc. 30] based on a sworn affidavit provided by RF's owner disclaiming any prior knowledge of the counterfeiting and indicating those believed to be responsible for these counterfeit products.

While Spectrum knows that its QUICK FIX product is being counterfeited, Spectrum does not yet know through which suppliers the counterfeits flowed. With the cooperation of RF, Spectrum has learned the names of the three different suppliers from whom RF obtained the counterfeit "QUICK FIX" product.

Spectrum seeks leave to conduct discovery so that it may trace the counterfeit QUICK FIX to its source and identify the responsible parties, including to issue document and testimony subpoenas to the three suppliers of the counterfeit "QUICK FIX" to RF and to any additional persons or entities identified as responsible for the creation or sale of the counterfeit products.

To expeditiously identify the DOE Defendants, Spectrum respectfully requests that the Court grant this motion for leave and allow Spectrum to conduct discovery as to the true identities of the DOE Defendants. Alternatively, Spectrum requests that the Court reset the Initial Conference originally set for January 25, 2023, which was canceled by the Court.

## **ARGUMENT AND AUTHORITIES**

Federal Rule of Civil Procedure 26(d)(1) generally provides that a party may not seek discovery from any source before the parties have a conference except, as relevant here, when allowed by court Order. FED. R. CIV. P. 26(d)(1). Spectrum seeks this

Court's permission to conduct necessary discovery to determine the true identities of the counterfeiting defendants. Courts regularly allow issuance of early-case subpoenas in intellectual property cases where discovery is required to uncover the true identities of the proper defendants. *See e.g.*, *Strike 3 Holdings, LLC v. Doe,* No. CV H-21-3319, 2021 WL 5359608 (S.D. Tex. Nov. 17, 2021) (Rosenthal, J.) (allowing early-case subpoenas to issue to uncover the names of the proper defendants); *Strike 3 Holdings, LLC v. Doe*, No. 4:22-CV-04419, 2023 WL 186875 (S.D. Tex. Jan. 13, 2023) (Rosenthal, J) (same); *Studio W. Productions, Inc v. Does 1-237*, No. 4:12-CV-3690, 2013 WL 12158061 (S.D. Tex. Mar. 11, 2013) (Ellison, J.) (same). For the same reasons, Spectrum should be granted leave to conduct discovery to identify the proper defendants.

In order to determine whether to issue such discovery, the court weighs five factors: (1) whether the plaintiff has made a *prima facie* case of actionable harm; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) whether there is a central need for the subpoenaed information to advance the claim; and (5) the user's expectation of privacy. *Strike 3 Holdings,* 2023 WL 186875, at *1 (citing *Strike 3 Holdings, LLC v. Doe*, 21-cv-243, 2021 WL 2258737, at *2 (E.D. Tex. June 3, 2021) *and Well Go USA, Inc. v. Unknown Participants in Filesharing Swarm*, No. 12-cv-963, 2012 WL 4387420, at *1 (S.D. Tex. Sept. 25, 2012) (Ellison, J.); *Studio W. Productions*, 2013 WL 12158061, at *1-2. Here, Spectrum meets all these elements.

First, this is a properly pled trademark infringement case where the harm (defendants' continued infringement on the QUICK FIX mark) remains ongoing. Thus, there is actionable harm presently accruing.

Second, the discovery sought is specific and targeted — namely attempting to uncover the identities and service information of the proper defendants. While the originally named defendants provided Spectrum with the names of the entities that allegedly sold them the counterfeit QUICK FIX product, Spectrum needs additional details to properly bring the DOE Defendants into this action. Thus, the discovery sought is targeted to address this need.

Third, without this Court's approval of early discovery, Spectrum has no alternative means to confirm the identities of who sold the counterfeit QUICK FIX products. While Spectrum has leads from the previously named defendants, early discovery is needed to confirm those leads are accurate.

Next, there is a central need for the subpoenaed information as the identities of the DOE Defendants is key to advancing the claim. The requested discovery goes to the heart of Spectrum's allegations and would efficiently advance Spectrum's claims.

Finally, the DOE Defendants do not have a legitimate expectation of privacy in so far as they are engaged in selling, distributing or making counterfeited products. *See e.g.*, *Studio W. Productions*, 2013 WL 12158061, at *2-3; *see also Artista Records LLC v. Does 1–19,* 551 F. Supp. 2d 1, 8–9 (D.D.C. Apr. 28, 2008) ("courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights."). Further, the DOE Defendants will

have the opportunity to object to the proposed subpoenas, and under such circumstances, discovery into the identity of a DOE Defendant is proper. *See e.g.*, *id*., at *3.

For these reasons, Spectrum requests that the Court allow Spectrum to issue document and deposition subpoenas for the purpose of identifying the DOE Defendants.

## **CONCLUSION**

Based on the foregoing, Spectrum requests leave of Court to conduct discovery as to the identities of the DOE Defendants, and that it be granted all further relief to which it is entitled.

DATED: January 30, 2023    Respectfully submitted,

By: */s/ David B. Cupar*
    David B. Cupar (*pro hac vice*)
    *Attorney in Charge*
    Ohio Bar No. 71622
    dcupar@mcdonaldhopkins.com
    Matthew J. Cavanagh (*pro hac vice*)
    Ohio Bar No. 79522
    mcavanagh@mcdonaldhopkins.com
    **MCDONALD HOPKINS LLC**
    600 Superior Avenue, East
    Suite 2100
    Cleveland, Ohio 44114
    Telephone: 216.348.5400
    Facsimile: 216.348.5474

By: */s/ Courtney Ervin*
    Courtney Ervin
    Texas Bar No. 24050571
    SDTX No. 611093
    cervin@hicks-thomas.com
    Kasi Chadwick
    Texas Bar No. 24087278
    SDTX No. 2421911
    kchadwick@hicks-thomas.com
    **HICKS THOMAS LLP**
    700 Louisiana St., Suite 2000
    Houston, Texas 77002
    Telephone: 713.547.9100
    Facsimile: 713.547.9150

    **ATTORNEYS FOR PLAINTIFF**
    **SPECTRUM LABORATORIES, LLC**

## CERTIFICATE OF CONFERENCE

To date, the DOE Defendants have not been able to be identified and, therefore, counsel was unable to confer with any opposing counsel as these defendants have not been located and/or made an appearance.

*/s/ Courtney Ervin*
Courtney Ervin

## CERTIFICATE OF WORD COUNT

In accordance with Section 18(c) of the Court's procedures, I certify that this document contains 1,231 words, exclusive of the caption, signature block and certificates of service and conference.

*/s/ Courtney Ervin*
Courtney Ervin

## CERTIFICATE OF SERVICE

Service of this document on counsel of record was accomplished automatically through the Court's Notice of Electronic Filing on this, the 30th day of January, 2023.

*/s/ Courtney Ervin*
Courtney Ervin