# EXHIBIT 1
## to Plaintiff's Motion to Compel Discovery

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | | |
|---|---|---|
| Spectrum Laboratories, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 4:22-cv-03705 |
| | ) | |
| DOES #1-10 | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: URZ Trendz, LLC a/k/a Fly Fresh Smoke, by and through its registered agent for service of process, Muhammad U. Ghaffoor, located at 7400 Harwin Drive, Suite 168, Houston, TX 77036 or wherever the registered agent may be found

*(Name of person to whom this subpoena is directed)*

☑ **Production:** **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Hicks Thomas LLP<br>700 Louisiana Street, Suite 2300<br>Houston, TX 77002 | Date and Time:<br>03/23/2023 9:30 am |
|---|---|

☐ **Inspection of Premises:** **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/02/2023

*CLERK OF COURT*       OR       */s/ Kasi Chadwick*

_____                    _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Spectrum Laboratories, LLC, who issues or requests this subpoena, are:

Kasi Chadwick, Hicks Thomas LLP, 700 Louisiana St., Ste 2300, Houston, TX 77002; 713-547-9100; kchadwick@hicks-thomas.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 4:22-cv-03705

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SPECTRUM LABORATORIES, LLC., an Ohio Limited Liability Company. | § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 4:22-cv-03705 |
| v. | § § | JUDGE CHARLES ESKRIDGE |
| DOES #1-10, | § § | JURY DEMAND |
| *Defendants.* | § § | |

## EXHIBIT A
## PLAINTIFF SPECTRUM LABORATORIES, LLC'S
## SUBPOENA DUCES TECUM TO URZ TRENDZ, LLC A/K/A FLY FRESH SMOKE

TO: URZ Trendz, LLC, a/k/a Fly Fresh Smoke, by and through its registered agent, Muhammad U. Ghafoor, 7400 Harwin Drive, Suite 168, Houston, TX 77036 USA or wherever the registered agent may be found

Spectrum Laboratories, LLC ("Spectrum") sets forth the following definitions or abbreviations of various words and phrases for the purpose of clarifying the meaning of various words and phrases contained in this Subpoena to help URZ Trendz, LLC a/k/a Fly Fresh Smoke (the "Subpoenaed Party") fully and accurately understand the objectives of Spectrum's discovery efforts while assisting the Subpoenaed Party's efforts to locate and furnish the relevant information. Spectrum incorporates the attached definitions into this Subpoena and relies on these definitions to clarify the language contained herein.

DATED: March 2, 2023

By: */s/ David B. Cupar*
    David B. Cupar (*pro hac vice*)
    *Attorney in Charge*
    Ohio Bar No. 71622
    dcupar@mcdonaldhopkins.com
    Matthew J. Cavanagh (*pro hac vice*)
    Ohio Bar No. 79522
    mcavanagh@mcdonaldhopkins.com
    **MCDONALD HOPKINS LLC**
    600 Superior Avenue, East
    Suite 2100
    Cleveland, Ohio 44114
    Telephone: 216.348.5400
    Facsimile: 216.348.5474

By: */s/ Courtney Ervin*
    Courtney Ervin
    Texas Bar No. 24050571
    SDTX No. 611093
    cervin@hicks-thomas.com
    Kasi Chadwick
    Texas Bar No. 24087278
    SDTX No. 2421911
    kchadwick@hicks-thomas.com
    **HICKS THOMAS LLP**
    700 Louisiana St., Suite 2000
    Houston, Texas 77002
    Telephone: 713.547.9100
    Facsimile: 713.547.9150

    **ATTORNEYS FOR PLAINTIFF SPECTRUM LABORATORIES, LLC**

## Definitions

1. "Subpoenaed Party," "URZ," "You," or "Your" refers to the recipient of this subpoena URZ Trendz, LLC a/k/a Fly Fresh Smoke, and any of its past, present, or future successors, predecessors, affiliates, parents, subsidiaries, partners, owners, officers, members, directors, shareholders, employees, representatives, agents, consultants, contractors, attorneys, or others acting on its behalf.

2. "Quick Fix" refers to the synthetic urine product manufactured by Spectrum Laboratories LLC.

3. "Document" has the same definition as set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and specifically includes "ESI" as that term is defined below, writings, recordings, and photographs, including copies thereof that are different in any way from the original.

4. "ESI" refers to any information that requires electrical power to store or to retrieve, including (without limitation) information stored in or obtainable from e-mail servers, active and archived e-mail accounts, databases, network storage devices, network drives, file servers, legacy systems, backup tapes, Internet web pages, social media, Internet applications, hard drives, desktop or laptop computers, electronic data storage media (e.g., CDs, DVDs, and floppy disks), electronic data storage devices (e.g., USB flash drives, external hard drives, and memory cards), and electronic handheld devices (e.g., cell phones, personal digital assistants, and smart phones).

5. "Communication" refers to any transmission of information from one person or entity to another, including (without limitation) by in-person meeting, telephone, radio, telegraph, facsimile, email, teleconference, text message, voice message, electronic message, website posting, social media websites and applications, etc.

## Documents to Produce

1. All Communications since 1/1/2020 with any suppliers or sellers of Quick Fix regarding Quick Fix.

2. All Communications since 1/1/2020 with any customers or buyers of Quick Fix regarding Quick Fix.

3. All internal Communications since 1/1/2020 regarding Quick Fix.

4. All Documents (including Communications) created, modified, sent, or received since 1/1/2020 regarding fake, knock-off, imitation, or counterfeit Quick Fix.

5. All invoices documenting Your sales of Quick Fix since 1/1/2020.

6. All invoices documenting Your purchases of Quick Fix since 1/1/2020.

7. Ten randomly selected samples of Quick Fix from Your inventory for inspection.

8. All Communications with Royal Fragrances, City Supply Wholesale, or Saif Ali regarding Quick Fix, imitation Quick Fix, or this lawsuit.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SPECTRUM LABORATORIES, LLC., an Ohio Limited Liability Company. | § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 4:22-cv-03705 |
| v. | § § | JUDGE CHARLES ESKRIDGE |
| DOES #1-10, | § § | JURY DEMAND |
| *Defendants.* | § § | |

## AFFIDAVIT FOR BUSINESS RECORDS

Records Pertaining To: **See Attached Exhibit A**

Type of Records: **any and all records (on paper and/or in electronic format) as described in the attached Exhibit A**

BEFORE ME, the undersigned authority, personally appeared _____ (Custodian of Records), who, being by me duly sworn, deposed as follows:

My name is _____. I am over eighteen (18) years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am the Custodian of Records for:
**URZ Trendz, LLC a/k/a Fly Fresh Smoke**

Attached hereto are _____ pages of records from this facility. These records are kept in the regular course of business for an employee or representative of this facility, with knowledge of the acts, events, conditions, opinions, or diagnosis, recorded, to make the records or to transmit information thereof to be included in such records; and said records were made at or near the time

of each act, event, condition, opinion or diagnosis set forth, or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

_____
AFFIANT (Custodian of Records)

SUBSCRIBED and SWORN TO BEFORE me on this the _____ day of _____, 2023, to certify which witness my hand and seal of office.

_____
Notary Public In and For The
State of Texas

County of _____

My Commission Expires: _____