# EXHIBIT 4
## to Plaintiff's Motion to Compel Discovery

| From: | Cupar, David B. <dcupar@mcdonaldhopkins.com> |
|---|---|
| Sent: | Monday, April 24, 2023 10:02 AM |
| To: | 'Louis F. Teran'; Courtney Ervin; Kasi Chadwick |
| Cc: | Cavanagh, Matthew J.; Ryan Cordell; Felicia M. O'Loughlin; Brenton Wochnick |
| Subject: | RE: URZ Subpoena - Call Summary & Next Steps |
| Attachments: | 2023.04.18 [042] SIGNED Protective Order.pdf |

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Louis—

The Court entered the attached Protective Order.  Based on the call you had with my co-counsel on Good Friday (April 7), your client will comply with the subpoena upon entry of the Protective Order.  Please produce the items responsive to the subpoena by Friday, April 28.  If documents will not be produced next week, please propose a few times for a telephone conference call today (April 24) or tomorrow for further conference.

Thanks,
Dave


**David B. Cupar**
Member

T: 216.430.2036
F: 216.348.5474
dcupar@mcdonaldhopkins.com
www.mcdonaldhopkins.com

600 Superior Avenue East
Suite 2100
Cleveland, OH 44114



---

**From:** Louis F. Teran <lteran@strategiclegalcounseling.com>
**Sent:** Monday, April 10, 2023 5:12 PM
**To:** 'Courtney Ervin' <cervin@hicks-thomas.com>; 'Kasi Chadwick' <kchadwick@hicks-thomas.com>
**Cc:** Cupar, David B. <dcupar@mcdonaldhopkins.com>; Cavanagh, Matthew J. <mcavanagh@mcdonaldhopkins.com>; 'Ryan Cordell' <rcordell@hicks-thomas.com>; 'Felicia M. O'Loughlin' <foloughlin@hicks-thomas.com>; 'Brenton Wochnick' <bwochnick@hicks-thomas.com>
**Subject:** [External] RE: URZ Subpoena - Call Summary & Next Steps

I do not recall such agreement.  I think its best for the Protective Order to be entered before resuming our discussion.  Nevertheless, I just received your supplemental subpoena.  I need time to review it.

Thank you

**Louis F. Teran**
Attorney at Law
**SLC Law Group**

1055 E. Colorado Blvd., Suite #500
Pasadena, CA 91106
Phone: (818) 484-3217 x200
Fax: (866) 665-8877
http://www.slclg.com



*** WARNING: CONFIDENTIAL COMMUNICATION ***

This electronic message and any accompanying pages or attachments contain information from SLC Law Group.  The information may be a confidential attorney-client communication containing information that is privileged or confidential.  The information is intended to be for the use of the individual or entity named.  Any dissemination, distribution or copying of this communication is strictly prohibited without our express permission.  If you have received this communication in error, please notify us immediately by return e-mail or by calling us at (800) 752-8470.  We will arrange the retrieval of the original documents at no cost to you. Thank you.

**From:** Courtney Ervin <cervin@hicks-thomas.com>
**Sent:** Monday, April 10, 2023 1:53 PM
**To:** Louis F. Teran <lteran@strategiclegalcounseling.com>; Kasi Chadwick <kchadwick@hicks-thomas.com>
**Cc:** 'Cupar, David B.' <dcupar@mcdonaldhopkins.com>; 'Cavanagh, Matthew J.' <mcavanagh@mcdonaldhopkins.com>; Ryan Cordell <rcordell@hicks-thomas.com>; Felicia M. O'Loughlin <foloughlin@hicks-thomas.com>; Brenton Wochnick <bwochnick@hicks-thomas.com>
**Subject:** RE: URZ Subpoena - Call Summary & Next Steps

Louis,

During our call Friday, we agreed to proceed as though the protective order has been entered until such time as it is actually entered.  With that understanding, please provide us your availability tomorrow and Wednesday.

Best regards,

Courtney

**From:** Louis F. Teran <lteran@strategiclegalcounseling.com>
**Sent:** Monday, April 10, 2023 3:50 PM
**To:** Kasi Chadwick <kchadwick@hicks-thomas.com>
**Cc:** Courtney Ervin <cervin@hicks-thomas.com>; 'Cupar, David B.' <dcupar@mcdonaldhopkins.com>; 'Cavanagh, Matthew J.' <mcavanagh@mcdonaldhopkins.com>; Ryan Cordell <rcordell@hicks-thomas.com>; Felicia M. O'Loughlin <foloughlin@hicks-thomas.com>; Brenton Wochnick <bwochnick@hicks-thomas.com>
**Subject:** RE: URZ Subpoena - Call Summary & Next Steps

CAUTION: This email originated from outside of the organization.

I am fine with the protective order.  I will review the supplemental exhibit.  We should schedule a conference after the Protective Order is entered.

Thank you

**Louis F. Teran**
Attorney at Law
**SLC Law Group**

1055 E. Colorado Blvd., Suite #500
Pasadena, CA 91106
Phone: (818) 484-3217 x200
Fax: (866) 665-8877
http://www.slclg.com



**\*\*\* WARNING: CONFIDENTIAL COMMUNICATION \*\*\***
This electronic message and any accompanying pages or attachments contain information from SLC Law Group.  The information may be a confidential attorney-client communication containing information that is privileged or confidential.  The information is intended to be for the use of the individual or entity named.  Any dissemination, distribution or copying of this communication is strictly prohibited without our express permission.  If you have received this communication in error, please notify us immediately by return e-mail or by calling us at (800) 752-8470.  We will arrange the retrieval of the original documents at no cost to you. Thank you.

**From:** Kasi Chadwick <kchadwick@hicks-thomas.com>
**Sent:** Monday, April 10, 2023 8:33 AM
**To:** Louis F. Teran <lteran@strategiclegalcounseling.com>
**Cc:** Courtney Ervin <cervin@hicks-thomas.com>; Cupar, David B. <dcupar@mcdonaldhopkins.com>; Cavanagh, Matthew J. <mcavanagh@mcdonaldhopkins.com>; Ryan Cordell <rcordell@hicks-thomas.com>; Felicia M. O'Loughlin <foloughlin@hicks-thomas.com>; Brenton Wochnick <bwochnick@hicks-thomas.com>
**Subject:** RE: URZ Subpoena - Call Summary & Next Steps

Mr. Teran—

Per the Court's procedures, we will file a Motion for Entry of the Court's Standard Protective Order today.  Unless we hear from you today by 4 p.m. CT, based on our conference call on Friday, we will note that URZ is unopposed.

Please advise as to your availability for our follow-up call today or tomorrow.

Thanks,
-Kasi

**From:** Kasi Chadwick
**Sent:** Monday, April 10, 2023 9:36 AM
**To:** Louis F. Teran <lteran@strategiclegalcounseling.com>
**Cc:** Courtney Ervin <cervin@hicks-thomas.com>; Cupar, David B. <dcupar@mcdonaldhopkins.com>; Cavanagh, Matthew J. <mcavanagh@mcdonaldhopkins.com>; Ryan Cordell <rcordell@hicks-thomas.com>; Felicia M. O'Loughlin <foloughlin@hicks-thomas.com>; Brenton Wochnick <bwochnick@hicks-thomas.com>
**Subject:** RE: URZ Subpoena - Call Summary & Next Steps

Mr. Teran—

Following up on the below - when is a good time for our follow-up call today or tomorrow?

Also, please find attached the Court's standard Protective Order and the Supplemental Exhibit A to the Subpoena as you requested.

In light of the above, when might we expect the responsive documents?

Thanks,
-Kasi

---

**From:** Kasi Chadwick
**Sent:** Friday, April 7, 2023 12:59 PM
**To:** Louis F. Teran <lteran@strategiclegalcounseling.com>
**Cc:** Courtney Ervin <cervin@hicks-thomas.com>; Cupar, David B. <dcupar@mcdonaldhopkins.com>; Cavanagh, Matthew J. <mcavanagh@mcdonaldhopkins.com>; Ryan Cordell <rcordell@hicks-thomas.com>; Felicia M. O'Loughlin <foloughlin@hicks-thomas.com>; Brenton Wochnick <bwochnick@hicks-thomas.com>
**Subject:** URZ Subpoena - Call Summary & Next Steps

Mr. Teran—

Thank you for making the time to speak with Courtney and me today. We remain hopeful that we can work through these issues in short order.

Per our call, URZ has indicated that it will comply with the subpoena if we (1) enter into a protective order, and (2) amend the subpoena to incorporate by reference the QuickFix product at issue as referenced in the attached Complaint.

In light of the above, we trust that we can expect URZ's timely execution of the protective order (upon receipt) and compliance with the subpoena. By way of reminder, Exhibit 3 to the Complaint has photographs of the product at issue; that should clarify any confusion on that point. Could you please show those to your client to get the process started?

Finally, as indicated on the call, you were going to send us your availability for a follow-up call on Monday (4.10) or Tuesday (4.11). Please send us your availability.

Thank you,
-Kasi

United States District Court
Southern District of Texas
**ENTERED**
April 18, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICTCOURT
FOR THE SOUTHERN DISTRICT OFTEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SPECTRUM LABORATORIES, LLC, an Ohio Limited Liability Company, | § § § § § | CIVIL ACTION NO. 4:22-cv-03705 |
| *Plaintiff,* | § § | JUDGE CHARLES |
| v. | § § | ESKRIDGE |
| DOES #1-10, | § § § | JURY DEMAND |
| *Defendants.* | § | |

### STANDARD PROTECTIVE ORDER

The Court orders that the following restrictions and procedures apply to certain information, documents, and excerpts from documents that the parties produce to each other during initial disclosures and in response to discovery requests.

1. "Confidential Information" refers to private, secret, or restricted information of any party that by its nature must be maintained in confidence to protect the interests of the party. Counsel for any party, or a *pro se* party, may designate any document, information contained in a document, information revealed in an interrogatory response, or information revealed during a deposition as Confidential Information where determined in good faith that such designation is necessary. The party making such designation must stamp the documents or information with indication of "CONFIDENTIAL."

2. Unless otherwise ordered by the Court or provided for in this Order, any party receiving Confidential Information:

1

    a. Must hold and maintain such information or document solely for use in connection with this action; and

    b. Must not disclose the information or document to any other person.

3. The parties must make a good faith effort to resolve any challenge to another party's confidentiality designation. The challenging party may seek resolution by the Court in the absence of agreement.

4. Information or documents designated as "confidential" must not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts retained by either party to the extent deemed necessary by retaining counsel;

    d. Any person from whom testimony is taken or is to be taken in this matter, but such a person may only be shown Confidential Information during and in preparation for testimony and may not retain the Confidential Information; and

    e. The Court, including any clerk, stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court, and including the jury at trial or as exhibits to motions.

5. Prior to disclosing or displaying Confidential Information to any persons identified in Paragraphs 4(a), (b), (c), and (d), counsel must:

    a. Inform the person of the confidential nature of the information and documents; and

    b. Inform the person that this Court has enjoined the use of the information or documents for any

purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. Prior to disclosing or displaying Confidential Information to any persons identified in Paragraphs 4(c) and (d), counsel must also obtain a signed agreement binding the person to this Order in the form attached as Exhibit A. The party desiring to disclose Confidential Information may seek appropriate relief from the Court in the event such person refuses to sign an agreement.

7. The disclosure of a document or information without designating it as Confidential Information shall not constitute a waiver of the right to later designate such document or information provided that the producing party designates such material as Confidential Information no later than fourteen days after the close of discovery. Upon such designation, all parties must treat such document or information as Confidential Information. No producing party may hold a receiving party accountable for any use or disclosure prior to such designation.

8. Any party seeking to file under seal any pleading, brief, or supporting material containing Confidential Information must obtain permission of the Court. The Court allows such filing only on showing of exceptional circumstances. Any party seeking to seal Confidential Information must:

   a. File a sealed motion explaining to the Court the justification for preventing public disclosure of the information;

   b. Attach the filing proposed for permanent seal on the docket;

   c. Attach a redacted version suitable to and proposed for filing on the public docket or explanation why redaction is not possible; and

    d.   Absent alternate permission, identify the filing with a title and designation of "SEALED" on the CM/ECF System (for example, "Motion for Summary Judgment (SEALED)," and not simply "SEALED DOCUMENT").

The Court promptly considers such motions and directs filings under seal or on the public docket as appropriate. Anticipate and seek resolution of such motion in advance of filing deadlines.

9.   Within thirty days after entry of final judgment no longer subject to further appeal, each party must return all Confidential Information and any copies to the producing party or provide certification of its destruction. Each parties' counsel may retain their working files on the condition that those files will remain confidential.

10.   The foregoing is without prejudice to the right of any party to apply to the Court for an order to:

    a.   Further protect Confidential Information;

    b.   Seek protection regarding the production of documents or information;

    c.   Compel production of documents or information; or

    d.   Modify this Order.

11.   Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party maintains its right to object to the use or admissibility of all Confidential Information pursuant to applicable law and rules.

12.   Any party may enforce this Order by motion to the Court. Any violation may result in the imposition of sanctions.

Signed on April 18, 2023, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

# EXHIBIT A

Counsel intends to disclose to me documents or information in connection with the matter entitled *Spectrum Laboratories LLC v. Does #1-10*, Civil Action No. 4:22-cv-03705, pending in the United States District Court for the Southern District of Texas, Houston Division.

Counsel has informed me that a party has designated some of those documents or information as confidential. I understand that any of the documents or information labeled "confidential" are confidential by Order of the Court.

I agree that I will not disclose to any other person any documents labeled "CONFIDENTIAL" or information contained in those documents. I also agree not to use those documents or information for any purpose other than this litigation.

Signed:

_____

Dated:

_____

Signed in the presence of:

_____
Attorney

6