IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **SPECTRUM LABORATORIES, LLC**., an Ohio Limited Liability Company. § § § § *Plaintiff,* § § **v.** § § **DOES #1-10,** § § *Defendants.* § § § | **CIVIL ACTION NO. 4:22-cv-03705** **JUDGE CHARLES ESKRIDGE** **JURY DEMAND** |

**PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT**

This is a counterfeiting case under the Lanham Act. **SPECTRUM LABORATORIES, LLC** (hereinafter "Plaintiff" or "Spectrum") files this Motion for Leave to File its Second Amended Complaint and respectfully states the following:

**I.
SUMMARY**

As permitted by the Court's Order [Doc. 46], Spectrum requests leave to amend its complaint to add URZ Trendz, LLC a/k/a Fly Fresh Smoke ("URZ") as a named defendant. On May 10, 2023, the Court granted Spectrum's Motion to Compel URZ to respond to Spectrum's subpoena. The Order stated that "if URZ Trendz isn't cooperative, Spectrum may bring motion to amend their pleading to add it as a Defendant upon information and belief." [Doc. 46.] Despite the Court ordering URZ to comply with the subpoena, URZ has refused to do so, is violating the Court's Order, and is beyond uncooperative. Thus, in accordance with the Court's order, and upon Spectrum's

information and belief that URZ is involved in the counterfeiting at issue in this case, Spectrum respectfully requests leave to amend its complaint to add URZ as a defendant.

## II.
## BACKGROUND

Spectrum is the owner of U.S. Trademark Registration No. 4,453,892 for the Quick Fix trademark (the "Quick Fix Mark"). Spectrum is also the owner of U.S. Trademark Registration No. 5,791,421 for the Q design mark (the "Q-Clock Mark").

Spectrum sued when it discovered that counterfeits of its QUICK FIX product were being sold by Royal Fragrances LLC d/b/a City Supply Wholesale ("RF"). After RF was served, RF's attorney advised Spectrum that RF had no knowledge that it was selling counterfeits, RF stopped selling the products, and RF agreed to cooperate with Spectrum to help identify the source of the counterfeits that RF purchased (believing they were genuine) and then resold in the market. Spectrum voluntarily dismissed the Original Defendants [*See* Doc. 28] because RF's owner provided a sworn affidavit disclaiming any prior knowledge of the counterfeiting and provided information to help Spectrum trace the counterfeits upstream.

Next, based on information obtained from RF regarding its suppliers of the counterfeit product, Spectrum requested and was granted leave to amend its complaint to join unknown defendants ("DOES #1-10"). [Docs. 30-31]. Spectrum also requested and was granted leave to conduct third party discovery to learn who was responsible for the counterfeiting and to add them to the lawsuit. [Docs. 33-34].

Spectrum issued subpoenas to several suspected suppliers of the counterfeit products. [*See* Returns of Service at Docs. 36-39]. All of the suppliers timely responded and produced documents without objection, except URZ. Instead, URZ responded with boilerplate objections and completely refused to produce documents.

Spectrum's efforts to conference with URZ were essentially rejected.[1] Instead, URZ's counsel adopted a defensive stance which included (a) asserting a merits-based legal argument that Spectrum's trademarks were invalid, (b) refusing to produce discoverable information, and (c) refusing to meet and confer about the subpoena. When URZ's counsel finally agreed to a conference, URZ agreed to respond to the subpoena if (a) the Court entered into a Protective Order, and (b) Spectrum served an amended subpoena which incorporated by reference the Quick Fix product referenced in Spectrum's Original Complaint.

Both conditions were satisfied. The Court entered a Protective Order on April 18, 2023 [Doc. 42], and Spectrum served an amended subpoena on URZ on April 24, 2023. However, URZ still refused to respond. Spectrum was forced to file a Motion to Compel Discovery. [Doc. 45].

On May 3, 2023, the Court granted Spectrum's Motion to Compel. [Doc. 46]. The Court's Order specifically provides that ". . . **if URZ Trendz's isn't cooperative, Spectrum may bring motion to amend their pleading to add it as a Defendant upon information and belief.**" [Doc. 46] (emphasis added).

---

[1] Spectrum's efforts to conference with URZ to facilitate discovery are detailed in Spectrum's Motion to Compel Discovery [Doc. 45].

On May 10, 2023, Spectrum forwarded the Court's Order to URZ, asking again for documents in response to the subpoena, and warning that URZ may be joined as a defendant if it continued to refuse to comply with the subpoena. On May 16, 2023, Spectrum again asked for compliance with the subpoena, and requested compliance by May 19, 2023. URZ did not produce documents by the deadline, despite being under a Court Order to do so.

As of the date of this filing, URZ still has not produced documents in response to the subpoena. URZ's utter refusal to participate in discovery or to comply with the Court's Orders, in addition to URZ's assertion of merits-based defenses, indicate that URZ is a counterfeiter/infringer rather than an innocent third party and validate Spectrum's suspicions that URZ is involved in the counterfeiting.

Upon information and belief, URZ is complicit in the counterfeiting and infringement scheme. Accordingly, as permitted by the Court, Spectrum seeks leave to add URZ as a defendant in this case. The proposed Second Amended Complaint is attached as **Exhibit 1**.

## III.
## LEAVE TO AMEND SHOULD BE GRANTED

As expressly permitted by the Court, Spectrum respectfully requests leave under Rule 15 of the Federal Rules of Civil Procedure to amend its Complaint. FED. R. CIV. P. 15(a)(2). Under Rule 15, "[t]he court should freely give leave when justice requires." *Id.* In evaluating a motion for leave, the Court considers whether: (1) there has been undue delay in seeking leave to amend; (2) the movant has acted in bad faith or with a dilatory

motive; (3) there have been repeated failures to cure deficiencies under previous amendments; (4) the opposing party will suffer undue prejudice as a result of the amendment; and (5) filing the amendment would be futile. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). In the absence of any of these factors, leave to amend should be granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, none of these factors weigh against granting leave. Spectrum has not unduly delayed in seeking leave to amend or acted in bad faith. Instead, Spectrum patiently sought to obtain discovery from URZ, but was forced to file a Motion to Compel. Spectrum then provided even more time for URZ to respond. Immediately after it became apparent that URZ would not comply with the Court's Order, Spectrum quickly sought leave to add URZ as a Defendant.

Further, this case is still in an early stage of the proceedings. No defendants have answered. No party discovery has yet been taken. No scheduling order has been entered, and there are no pending motions. This amended pleading's purpose is to join URZ to these proceedings in light of URZ's suspicious actions and failures to respond to discovery, and as expressly permitted by the Court's Orders.

The existing DOE defendants will not suffer any undue prejudice as a result of Plaintiff amending its pleadings. None have appeared or answered. Moreover, adding URZ does not change the causes of action or the fundamental facts, and the causes of action that remain are supported under the law and arise out of the same underlying facts and circumstances as the existing claims in this case. No just reason exists to deny leave to amend, and Spectrum respectfully requests that this motion be granted.

## IV.
## CONCLUSION

For all the reasons discussed above, Plaintiff Spectrum Laboratories, LLC requests leave of Court to file its Second Amended Complaint (**Ex. 1**) pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and the Court's Order [Doc. 46], and that it be granted all further relief to which it is entitled.

DATED: June 2, 2023                     Respectfully submitted,

By: */s/ David B. Cupar*
David B. Cupar (*pro hac vice*)
*Attorney in Charge*
Ohio Bar No. 71622
dcupar@mcdonaldhopkins.com
Matthew J. Cavanagh (*pro hac vice*)
Ohio Bar No. 79522
mcavanagh@mcdonaldhopkins.com
**MCDONALD HOPKINS LLC**
600 Superior Avenue, East
Suite 2100
Cleveland, Ohio 44114
Telephone: 216.348.5400
Facsimile: 216.348.5474

By: */s/ Courtney Ervin*
Courtney Ervin
Texas Bar No. 24050571
SDTX No. 611093
cervin@hicks-thomas.com
Kasi Chadwick
Texas Bar No. 24087278
SDTX No. 2421911
kchadwick@hicks-thomas.com
**HICKS THOMAS LLP**
700 Louisiana St., Suite 2000
Houston, Texas 77002
Telephone: 713.547.9100
Facsimile: 713.547.9150

**ATTORNEYS FOR PLAINTIFF SPECTRUM LABORATORIES, LLC**

## CERTIFICATE OF CONFERENCE

No defendant in this lawsuit has appeared. The DOES #1-10 defendants have not been (and cannot be) served. As such, counsel was unable to confer with any opposing counsel as these defendants have not made an appearance and/or been located.

*/s/ Courtney Ervin*
Courtney Ervin

## CERTIFICATE OF WORD COUNT

In accordance with Section 18(c) of the Court's procedures, I certify that this document contains 1,247 words, exclusive of the caption, signature block and certificates of service and conference.

*/s/ Courtney Ervin*
Courtney Ervin

## CERTIFICATE OF SERVICE

Service of this document on all counsel was accomplished automatically through the Court's Notice of Electronic Filing on June 2, 2023.

*/s/ Courtney Ervin*
Courtney Ervin