**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SPECTRUM LABORATORIES, LLC**., an Ohio Limited Liability Company. | § § § | |
| | § | **CIVIL ACTION NO. 4:22-cv-03705** |
| *Plaintiff,* | § | |
| | § | **JUDGE CHARLES ESKRIDGE** |
| **v.** | § | |
| | § | **JURY DEMAND** |
| **URZ Trendz, LLC a/k/a Fly Fresh Smoke; and DOES #1-10,** | § § § | |
| *Defendants.* | § | |

**SPECTRUM'S MOTION TO DISMISS URZ'S COUNTERCLAIMS**
**AND TO STRIKE AFFIRMATIVE DEFENSES NOS. 4 AND 11**

# TABLE OF CONTENTS

I. Issues Requiring Resolution ..... 1

II. Nature and Stage of Proceeding ..... 1

III. Facts Necessary to Resolution of Motion ..... 1

A. Spectrum discovers counterfeit Quick Fix in Texas. ..... 1

B. Spectrum discovers that URZ is involved in the counterfeiting and adds it as a defendant. ..... 2

C. URZ challenges Spectrum's trademark registrations. ..... 2

IV. Summary of Law and Argument ..... 4

V. Law and Argument ..... 5

A. The Court should dismiss Counterclaims 1-3 under Fed. R. Civ. P. 12(b)(6) ..... 5

1. Legal Standard ..... 5

2. The Court should dismiss Counterclaim One for three distinct reasons. ..... 6

a. QUICK FIX cannot be invalidated for unlawful use because it is incontestable. ..... 6

b. QUICK FIX cannot be invalidated for unlawful use because the Fifth Circuit declined to adopt that type of invalidity challenge. ..... 8

c. The unlawful use doctrine cannot apply to QUICK FIX because no law enforcement or government agency has declared it illegal. ..... 9

3. The Court should dismiss Counterclaim Two for two reasons. ..... 10

4. The Court should dismiss Counterclaim Three for five reasons. ..... 10

a. The pleading standard for fraud on the Trademark Office. ..... 11

b. URZ's fraud counterclaim fails to state a claim for four reasons. ..... 11

B. The Court should strike the three affirmative defenses that merely restate Counterclaims One, Two, and Three. ..... 14

VI. Conclusion ..... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alfwear, Inc. v. Ibkul Corp.*,
No. 2:21-cv-00698, 2023 WL 3283458 (D. Utah May 5, 2023) ................................ 12

*ASHH Inc. v. DJ Import Inc.*,
No. 4:21-cv-03169, 2022 WL 20486303 (S.D. Tex. Dec. 21, 2022) (Eskridge, J.) ........................................................................................... 8, 9

*ASHH, Inc. v. URZ Trends LLC*,
No. 4:21-cv-02949 (filed Sep. 10, 2021) ........................................................ 9

*Breeze Smoke LLC v. Yatin Enterprises Inc.*,
No. 1:22-cv-1182, 2023 WL 3070893 (W.D. Mich. Apr. 25, 2023)......................... 8, 9

*Chan v. Citi Group Mortgage Loan Trust, Inc.*,
No. 7:22-cv-00422, 2023 WL 3947087 (S.D. Tex. June 12, 2023) .......................... 5, 7

*Clingman & Hanger Mgmt. Assocs. LLC v. Rieck*,
No. 4:21-cv-02698, 2023 WL 2744399 (S.D. Tex. Mar. 31, 2023) ............................. 5

*Dorsey v. Portfolio Equities, Inc.*,
540 F.3d 333 (5th Cir. 2008) ............................................................................ 6

*Elsdon v. U.S. Physical Therapy, Inc.*,
No. 4:18-cv-01766, 2021 WL 8945136 (S.D. Tex. Nov. 30, 2021)............................ 14

*Ferring B.V. v. Fera Pharmaceuticals, LLC*,
No. 13-cv-4640, 2014 WL 4829458 (E.D.N.Y. Sept. 29, 2014).................................. 7

*Gibson Brands, Inc. v. Armadillo Dist. Enterprises, Inc.*,
No. 4:19-cv-00358, --- F. Supp. 3d ----, 2023 WL 2815156 (E.D. Tex. Apr. 6, 2023) .................................................................................................. 6

*Global Healing Center, LP v. Powell*,
No. 4:10-cv-4790, 2012 WL 1709144 (S.D. Tex. May 15, 2012) .................. 11, 12, 13

*Hi-Tech Pharmas. Inc. v. Dynamic Sports Nutrition, LLC*,
No. 1:16-cv-00949, 2020 WL 10728951 (N.D. Ga. Jan. 10, 2020) ........................ 8, 10

*Jergensen v. Inhal Int'l Ltd.*,
No. 22-CV-2040, 2023 WL 167413 (N.D. Ill. Jan. 12, 2023)...................................... 9

*Meador v. Apple, Inc.*,
911 F.3d 260 (5th Cir. 2018) ........ 6

*Moke Am. LLC v. Am. Custom Golf Cars, Inc.*,
No. 3:20cv400, 2022 WL 17477062 (E.D. Va. Dec. 6, 2022) ........ 8, 10

*Pac-West Dist. NV LLC v. AFAB Indus. Services, Inc.*,
No. 19-3584, 2023 WL 3611536 (E.D. Pa. May 22, 2023) ........ 12

*Perry v. H.J. Heinz Co. Brands, L.L.C.*,
994 F.3d 466 (5th Cir. 2021) ........ 8

*Sueros Y Bebidas Rehidrantantes, S.A. de D.V. v. Indus. Enterprises, LLC*,
No. H-22-1304, 2023 WL 5733841 (S.D. Tex. Sept. 5, 2023) ........ 6

*Yeti Coolers, LLC v. Bapex Int'l, LLC*,
No. 1:19-cv-783-RP, 2020 WL 2114385 (W.D. Tex. May 4, 2020) ........ 13, 14

**Statutes**

15 U.S.C. § 1065 ........ 4, 6, 7

15 U.S.C. § 1115(b) ........ 6, 7

The Lanham Act ........ 12

**Other Authorities**

Fed. R. Civ. P. 9(a) ........ 11

Fed. R. Civ. P. 12(b) ........ 6

Fed. R. Civ. P. 12(b)(6) ........ 1, 5, 7, 14

Fed. R. Civ. P. 12(f) ........ 1, 14

## I.
## ISSUES REQUIRING RESOLUTION

In accordance with Fed. R. Civ. P. 12(b)(6) and 12(f), Plaintiff Spectrum Laboratories, LLC moves to dismiss the three counterclaims by Defendant URZ Trendz, LLC ("Defendant" or "URZ") and to strike URZ's fourth (trademark invalidity) and eleventh (fraud on the USPTO) affirmative defenses. As explained further below, the counterclaims (which seek declaratory judgments of trademark invalidity and cancellation) should be dismissed for failure to state a claim, and the two affirmative defenses (which merely repeat URZ's counterclaims) should be stricken for the same reasons, namely, because URZ's invalidity and fraud defenses are legally deficient.

## II.
## NATURE AND STAGE OF PROCEEDING

This is a trademark infringement case in which plaintiff Spectrum alleges that URZ and presently unknown DOE Defendants counterfeited Spectrum's *Quick Fix* product and packaging to pass the product off as genuine *Quick Fix*. In doing so, the Defendants counterfeited and infringed Spectrum's federally registered trademarks to the QUICK FIX mark and a Q-Clock logo.

The parties have just begun fact discovery, and no depositions have occurred.

## III.
## FACTS NECESSARY TO RESOLUTION OF MOTION

### A. Spectrum discovers counterfeit *Quick Fix* in Texas.

This dispute began when Spectrum discovered that a Texas company called Royal Fragrances, LLC, dba City Supply Wholesale, ("RF") was selling counterfeit versions of Spectrum's *Quick Fix* product. (3d Am. Compl. ¶ 15, ECF #62.) RF told Spectrum that it

did not know the products were counterfeit and believed they were genuine. (*Id.* ¶ 19.) RF cooperated with Spectrum, produced invoices showing the different suppliers from whom RF had purchased the counterfeit version of *Quick Fix*, and provided a sworn affidavit attesting to the truth of the information that it provided. (*Id.*)

### B. Spectrum discovers that URZ is involved in the counterfeiting and adds it as a defendant.

Spectrum then issued subpoenas to potential upstream suppliers of the counterfeit *Quick Fix*, including URZ. As detailed in prior filings, URZ resisted Spectrum's subpoena and falsely claimed to have no records of any *Quick Fix* purchases or sales (genuine or counterfeit). (Mot. to Compel, ECF #45; Mot. for Leave to File 2d Am. Compl., ECF #48.) Because URZ repeatedly refused to comply with simple subpoena obligations, Spectrum had enough to allege upon information and belief that URZ was involved with the counterfeiting and amended its complaint to add URZ as a defendant with leave of Court. (Order, ECF #49; 2d Am. Compl., ECF #50.) After Spectrum produced an invoice from a private investigator that had purchased *Quick Fix* from URZ in March 2023—proving that URZ must have the sales records that it claimed not to have—the Court ruled that "URZ hasn't been cooperative or proceeding in accordance with its discovery obligations under the Federal Rules of Civil Procedure" and ordered URZ to produce relevant documents by September 22, 2023. (Order, ECF #63.)

### C. URZ challenges Spectrum's trademark registrations.

Spectrum asserts two federally registered trademarks against URZ in this action:

| Mark | Reg. No. | Goods |
|---|---|---|
| QUICK FIX (word mark) | 4,453,892 | Chemical compositions and agents, namely, synthetic urine for use in urinalyses |
| | 5,791,421 | Dietary supplemental drinks; chemical compositions and agents for detoxifying medical and clinical urine samples, namely, chemical reagents for medical purposes.<br>-- and --<br>Untreated multi-drug testing dip cards for drug use testing purposes. |

(3d Am. Compl. ¶ 42-48, ECF #62.) Spectrum alleges that URZ infringed those trademarks by selling counterfeit versions of *Quick Fix* with duplicates of those trademarks on the products. (*See Id.* ¶ 16; 32-33.) Spectrum also asserts other rights in this action, *e.g.*, common law rights, that are not dependent upon a federal trademark registration, but those rights are not relevant to this motion. (*Id.* ¶ 76-81.)

On September 13, 2023, URZ answered the third amended complaint. (ECF #64.) URZ's answer asserted eleven affirmative defenses and three counterclaims. (*Id.*) The three counterclaims are as follows: (i) declaration of invalidity of Registration No. 4,453,892 ("QUICK FIX"); (ii) declaration of invalidity of Registration No. 5,791,421 ("Q-Clock"); and (iii) fraud on the USPTO in connection with both registrations. (*Id.*) URZ's counterclaims assert fraud and invalidity due to unlawful use. Specifically, URZ alleges that (i) Spectrum's *Quick Fix* synthetic urine product is "illegal under state and federal law" because it is "designed and intended to falsify drug test results" (Countercl. ¶ 21, 29, 40, ECF #64); (ii) Spectrum has no *legal* use of the QUICK FIX or Q-Clock marks to support the registrations (*Id.* ¶ 22, 24, 30, 32, 38); and (iii) Spectrum committed fraud on

the USPTO by not telling the USPTO that the goods for which the marks were registered "are illegal under state and/or federal law." (*Id.* ¶ 42.)

URZ's fourth affirmative defense asserts the same unlawful use invalidity theory that its first and second counterclaims assert. URZ's eleventh affirmative defense asserts the same fraud on the USPTO defense that URZ's third counterclaim asserts.

Spectrum now explains why none of URZ's invalidity and fraud theories are legally valid and why they all fail to state a claim against Spectrum.

## IV.
## SUMMARY OF LAW AND ARGUMENT

1. The Court should dismiss URZ's Counterclaim One (invalidity of the QUICK FIX mark), for three separate reasons: (a) the QUICK FIX mark is incontestable under 15 U.S.C. § 1065, and URZ's "unlawful use" challenge is not one of the limited defenses allowed against an incontestable mark; (b) the Fifth Circuit declined to adopt the unlawful use doctrine that URZ relies upon, and URZ does not present compelling reasons to apply it here; and (c) no government agency has declared *Quick Fix* unlawful, which precludes application of the unlawful use doctrine even in jurisdictions that have adopted that doctrine.

2. The Court should dismiss URZ's Counterclaim Two (invalidity of the Q-Clock mark) for two reasons: (a) the Fifth Circuit declined to adopt the unlawful use doctrine, and URZ does not present compelling reasons to apply it here; and (b) no government agency has declared *Quick Fix* unlawful, which precludes application of the unlawful use doctrine even in jurisdictions that have adopted that doctrine.

3. The Court should dismiss URZ's Counterclaim Three (fraud on the Trademark Office) for at least four reasons: (a) URZ fails to identify a false representation of fact by Spectrum; (b) URZ fails to plausibly allege that Spectrum had intent to deceive the Trademark Office; (c) URZ fails to plausibly allege that Spectrum knew or believed that its representation was false; and (d) URZ fails to identify that any alleged misrepresentation was "material" to the Trademark Office's registration decision.

4. The Court should strike URZ's Affirmative Defenses Four and Eleven because those defenses merely restate the three Counterclaims identified above and, therefore, are legally insufficient for the same reasons as the Counterclaims.

## V.
## LAW AND ARGUMENT

### A. The Court should dismiss Counterclaims 1-3 under Fed. R. Civ. P. 12(b)(6)

#### 1. Legal Standard

A complaint or, in this case, a counterclaim will be dismissed under Rule 12(b)(6) unless it contains "enough facts to state a claim to relief that is plausible on its face." *Clingman & Hanger Mgmt. Assocs. LLC v. Rieck*, No. 4:21-cv-02698, 2023 WL 2744399, at *6 (S.D. Tex. Mar. 31, 2023) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the Court "must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff ..., courts do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (internal citations omitted).

"The pleading must plead every material point necessary to sustain recovery, and dismissal is proper if the complaint lacks a requisite allegation." *Chan v. Citi Group Mortgage Loan Trust, Inc.*, No. 7:22-cv-00422, 2023 WL 3947087, at *2 (S.D. Tex. June 12, 2023) (citing *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006)).

In deciding a Rule 12(b)(6) motion, the Court is limited to the challenged pleading, its proper attachments, documents incorporated in the pleading by reference, and matters of which the Court may take judicial notice. *Id*. (citing *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)). Thus, the Court may consider materials that are public record or that are "referred to in the plaintiff's complaint and are central to her claim" without converting the motion to one for summary judgment. *Id*. (quoting *Causey v. Sewell*

*Cadillac-Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004)). A grant or denial of a motion to dismiss under Rule 12(b) is reviewed de novo. *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

2. The Court should dismiss Counterclaim One for three distinct reasons.

The Court should dismiss Counterclaim One for three separate reasons: (i) the QUICK FIX MARK is incontestable under 15 U.S.C. § 1065; (ii) the Fifth Circuit declined to adopt the "unlawful use" doctrine that URZ relies upon; and (iii) *Quick Fix* has never been declared unlawful, which precludes application of the unlawful use doctrine in the jurisdictions where it may apply.

a. *QUICK FIX cannot be invalidated for unlawful use because it is incontestable.*

A trademark earns "incontestable" status after "it "has been in continuous use for five consecutive years subsequent to the date of registration and is still in use in commerce ..." 15 U.S.C. § 1065. Incontestable trademarks are "conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce." 15 U.S.C. § 1115(b). A federal court cannot cancel an incontestable trademark, except for the specific grounds for cancellation allowed by 15 U.S.C. § 1115(b) or § 1065(3). *See Gibson Brands, Inc. v. Armadillo Dist. Enterprises, Inc.*, No. 4:19-cv-00358, --- F. Supp. 3d ----, 2023 WL 2815156, at *7 (E.D. Tex. Apr. 6, 2023); *see also Sueros Y Bebidas Rehidrantantes, S.A. de D.V. v. Indus. Enterprises, LLC*, No. H-22-1304, 2023 WL

5733841, at *6 (S.D. Tex. Sept. 5, 2023); *Ferring B.V. v. Fera Pharmaceuticals, LLC*, No. 13-cv-4640, 2014 WL 4829458, at *2 (E.D.N.Y. Sept. 29, 2014).

Neither 15 U.S.C. § 1115(b) nor § 1065 allow an unlawful use challenge, and thus any such challenge against an incontestable trademark must fail as a matter of law. *See* 15 U.S.C. § 1115(b), § 1065; *see also Ferring B.V.*, 2014 WL 4829458, at *3 (dismissing under Fed. R. Civ. P. 12(b)(6) counterclaim asserting invalidity of incontestable mark based on "failure to use" theory). Although *Ferring* did not technically involve an "unlawful use" challenge, the counterclaim-plaintiff there alleged that the trademark owner failed to use the mark for the services identified in the registration. *Id*. That is the same theory that URZ asserts here: URZ alleges that Spectrum's mark is invalid because it allegedly "failed to use" the mark for *lawful* goods, and URZ alleges that unlawful use does not count. (Countercl. ¶ 21, 24, ECF #64.)

Here, there is no dispute that the QUICK FIX mark is incontestable because it was registered more than five years ago in 2013, and Spectrum has filed the declaration for incontestability under 15 U.S.C. § 1065 with the trademark office. (USPTO's acknowledgment of section 15 declaration, att'd as Ex. A.) The Court can consider the Trademark Office's records for the QUICK FIX mark without converting this motion to one for summary judgment because they are governmental public records that are proper for judicial notice, and URZ's counterclaim cites the trademark filings as support for its claims. *See Chan*, 2023 WL 3947087, at *2; Countercl. ¶ 23-27, ECF #64.

The Court should dismiss Counterclaim One because the QUICK FIX mark is incontestable and statutorily immune against URZ's unlawful use challenge.




































































































































































      b. *QUICK FIX cannot be invalidated for unlawful use because the Fifth Circuit declined to adopt that type of invalidity challenge.*

In *Perry v. H.J. Heinz Co. Brands, L.L.C.*, the Fifth Circuit declined to adopt the unlawful use doctrine. 994 F.3d 466, 475 (5th Cir. 2021) ("But this court has not adopted the unlawful use doctrine .... We see no reason to adopt the doctrine here."); *see also ASHH Inc. v. DJ Import Inc.*, No. 4:21-cv-03169, 2022 WL 20486303, at *1 (S.D. Tex. Dec. 21, 2022) (Eskridge, J.). URZ's counterclaim does not present any compelling reason for this Court to adopt the unlawful use doctrine for this case. On the contrary, the legal and factual circumstances here weigh against applying it.

First, there is no statutory basis for allowing an unlawful use challenge in federal courts, as opposed to the preferred administrative venue of the U.S. Patent and Trademark Office, Trademark Trial and Appeal Board (TTAB), for such challenges. *See Breeze Smoke LLC v. Yatin Enterprises Inc.*, No. 1:22-cv-1182, 2023 WL 3070893, at *5 (W.D. Mich. Apr. 25, 2023); *see also Moke Am. LLC v. Am. Custom Golf Cars, Inc.*, No. 3:20cv400, 2022 WL 17477062, at *9 (E.D. Va. Dec. 6, 2022) (refusing to apply TTAB's unlawful use doctrine because "stakes are much higher in an infringement action" and there is no compelling reason why "the Court, acting in a separate context and adjudicating a distinct question, should blindly follow the TTAB's approach to registration decisions"); *Hi-Tech Pharmas. Inc. v. Dynamic Sports Nutrition, LLC*, No. 1:16-cv-00949, 2020 WL 10728951, at *6 (N.D. Ga. Jan. 10, 2020).

Second, the doctrine creates an inefficient case-within-a-case requiring a court in a trademark dispute to conduct a criminal investigation applying a variety of state and federal

criminal statutes, and this "makes trademark litigation 'more complicated and more expensive for trademark owners.'" *Breeze Smoke*, 2023 WL 307893, at *5.

Third, although URZ was initially evasive about what it sells, it now admits to buying and selling Spectrum's QUICK FIX, so it is bizarre and hypocritical for it to claim QUICK FIX is illegal to sell. (*See* URZ Sales Records, att'd as Ex. B.)

Fourth, URZ's counsel has a track-record of representing counterfeiters of novelty products and then asserting an unlawful use defense when the counterfeiters are caught (including another counterfeiting case against URZ). *See ASHH*, 2022 WL 20486303; *Jergensen v. Inhal Int'l Ltd.*, No. 22-CV-2040, 2023 WL 167413 (N.D. Ill. Jan. 12, 2023) (court rejecting unlawful use defense by counterfeiter of smoking pipe cases and issuing injunction); *ASHH, Inc. v. URZ Trends LLC*, No. 4:21-cv-02949 (filed Sep. 10, 2021). Applying the defense here would encourage URZ's and its counsel's mistaken theory that URZ can counterfeit products with impunity by claiming they are illegal.

Fifth, as explained more in the next section, no law enforcement or government agency has found *Quick Fix* to be illegal. On the contrary, it was investigated and vetted by Congress and the Department of Justice in 2008, and no charges were filed.

Thus, the Court should decline to adopt that doctrine in this case.

c. *The unlawful use doctrine cannot apply to QUICK FIX because no law enforcement or government agency has declared it illegal.*

In jurisdictions where the unlawful use doctrine applies, courts and the TTAB agree that it can only apply if "'the issue of compliance has been determined (with a finding of non-compliance) by a court or government agency having competent jurisdiction under the

statute involved, or where there has been a per se violation of a statute regulating the sale of a party's goods.'" *Moke Am.*, 2022 WL 17477062, at *6 (quoting *Kellogg Co. v. New Generation Foods, Inc.*, 6 U.S.P.Q. 2d 2045, 2047 (TTAB 1998)); *Hi-Tech Pharmas.*, at *6 (refusing to apply the unlawful use doctrine where defendant did not establish that a government agency found the product non-compliant).

Here, URZ does not allege that any government or law enforcement agency found QUICK FIX to be illegal. On the contrary, newspaper articles and the congressional record from 2008—of which the Court may take judicial notice (*see* cases cited *supra* p. 7)—show that federal law enforcement investigated QUICK FIX, required Spectrum's owner to testify before Congress, and yet no criminal charges were filed. (Cincinnati Enquirer (May 8, 2008), att'd as Ex. C; Congressional Record, att'd as Ex. D.)

Thus, the unlawful use doctrine could not plausibly apply even if the Court were to adopt it.

3. <u>The Court should dismiss Counterclaim Two for two reasons.</u>

The Court should dismiss Counterclaim Two (invalidity against the Q-Clock registration no. 5,791,421) for two of the same reasons as Counterclaim One: (i) the Fifth Circuit declined to adopt the unlawful use doctrine, and URZ does not offer compelling reasons to adopt it here; and (ii) no government agency has found the goods identified in the Q-Clock registration to be illegal.

4. <u>The Court should dismiss Counterclaim Three for five reasons.</u>

Counterclaim Three seeks to invalidate both registrations based on URZ's allegation that Spectrum committed fraud on the USPTO when applying for both registrations.

Although its allegations are not pleaded with the necessary particularity, it appears that URZ alleges that Spectrum *should have* told the USPTO that *Quick Fix* is illegal. URZ fails to state a counterclaim for fraud for several reasons.

a. *The pleading standard for fraud on the Trademark Office.*

"Allegations of fraud must meet the stricter standards of Federal Rule of Civil Procedure 9(a) ..." *Global Healing Center, LP v. Powell*, No. 4:10-cv-4790, 2012 WL 1709144, at *3 (S.D. Tex. May 15, 2012). "Generally, in order to prevail on a claim of fraud in the procurement of a [trademark] registration, a proponent must plead and prove '(1) a false representation regarding a material fact; (2) knowledge or belief that the representation is false ('scienter'); (3) and intention to induce the listener to act or refrain from acting in reliance on the misrepresentation; (5) damage proximately resulting from such reliance.'" *Id*. (quoting *King-Size, Inc. v. Frank's King Size Clothes, Inc.*, 547 F. Supp. 1138, 1166 (S.D. Tex. 1982)).

b. *URZ's fraud counterclaim fails to state a claim for four reasons.*

First, URZ's fraud theory makes no plausible sense and fails to identify a false representation of a material fact. It alleges Spectrum "falsely represented to the USPTO that Spectrum was using and would continue to use in commerce the Registered Marks in connection with the Registered Goods as expressly identified in the Trademark Registrations." (Countercl. ¶ 38, ECF #64.) But URZ does not allege that Spectrum is not using the marks with the registered goods, namely "synthetic urine for urinalyses" for QUICK FIX and "dietary supplemental drinks," "chemical compositions and agents for detoxifying medical and clinical urine samples," and "multi-drug testing dip cards for drug

use testing purposes" for the Q-Clock registration. Rather, URZ alleges that those uses, although correctly described, are illegal, and that Spectrum should have told the Trademark Office that Spectrum's goods were illegal. (*Id.* ¶ 40-42.)

Moreover, URZ does not allege that Spectrum told the Trademark Office anything about legality or that the Trademark Office asked anything about legality. *See Alfwear, Inc. v. Ibkul Corp.*, No. 2:21-cv-00698, 2023 WL 3283458, at *10 (D. Utah May 5, 2023) (dismissing fraud counterclaim where "Defendants do not allege, nor do they offer case law, for the proposition that one commits fraud by not providing a particular level of specificity"); *see also Pac-West Dist. NV LLC v. AFAB Indus. Services, Inc.*, No. 19-3584, 2023 WL 3611536, at *11 (E.D. Pa. May 22, 2023) ("The Lanham Act does not impose any affirmative duty on trademark applicants to disclose any more than what is requested by the USPTO."). This Court dismissed a fraud counterclaim on similar grounds in *Global Healing*, where defendant did not allege that the product was not being used as an "immune stimulant" as identified in the registration *See Global Healing*, 2012 WL 1709144, at *5. In the same way, URZ does not allege that Spectrum's products is not being used as "synthetic urine for urinalyses," but rather alleges such use is illegal and that Spectrum should have volunteered that information. Because URZ does not plausibly allege that the Spectrum products are not used in connection with the goods identified in the registrations, there can be no plausible allegation of fraud.

Second, URZ's fraud theory fails because it does not provide even a conclusory allegation that Spectrum had intent to deceive the Trademark Office. Indeed, the undisputed fact that Spectrum correctly told the Trademark Office the type of goods on

which the registered marks would be used precludes any plausible allegation of intent to deceive. *See Yeti Coolers, LLC v. Bapex Int'l, LLC*, No. 1:19-cv-783-RP, 2020 WL 2114385, at *2-3 (W.D. Tex. May 4, 2020) (striking fraud on the Trademark Office affirmative defense because defendant failed to allege intent to deceive by trademark owner).

Third, URZ does not allege—again, not even in conclusory fashion—that Spectrum believed its goods were illegal and believed it had an obligation to tell the Trademark Office that its goods were illegal; URZ would need to plausibly allege this in order to meet the knowledge of falsity element. *See Global Healing*, 2012 WL 1709144, at *5 (dismissing fraud counterclaim for failure to plausibly allege knowledge of falsity). Moreover, such an allegation, if made by URZ, would not be plausible because (a) Spectrum was honest with the Trademark Office that it was selling "synthetic urine" and its intended use was "for urinalysis"; and (b) no government or law enforcement agency has declared Spectrum's products illegal, so Spectrum would have no reason to believe they were illegal, let alone believe that it needed to say that they were illegal to the Trademark Office.

Fourth, URZ has not plausibly alleged that the legality issue was *material* to registration because URZ does not allege, and cannot allege, that a government agency has declared Spectrum's products illegal. (*See* cases cited *supra* p. 7.) Thus, URZ cannot plausibly allege that the Trademark Office would have denied registration if Spectrum had provided an encyclopedic description of its product and all of its potential uses (despite the Trademark Office neither requesting nor wanting such a treatise).

For any or all of these reasons, the Court should dismiss the fraud counterclaim.

**B. The Court should strike the three affirmative defenses that merely restate Counterclaims One, Two, and Three.**

A defendant may move to strike an affirmative defense under Fed. R. Civ. P. 12(f) when it is legally deficient. *See Elsdon v. U.S. Physical Therapy, Inc.*, No. 4:18-cv-01766, 2021 WL 8945136, at *2 (S.D. Tex. Nov. 30, 2021). When a defendant does so, "the standards for the Rule 12(f) motion and a Rule 12(b)(6) motion to dismiss are 'mirror images.'" *Id.* (quoting *Zytax, Inc. v. Green Plains Renewable Energy, Inc*., No. H-09-2582, 2010 WL 2219179, at *9 (S.D. Tex. May 28, 2010)). Motions to strike are especially appropriate when defendant pleads fraud on the Trademark Office. *See Yeti Coolers*, at *3 ("Although motions to strike are disfavored, so are unsubstantiated assertions of the inequitable conduct defense.") (quoting *Cabin Foods, LLC v. Rich Prods. Corp.*, No. 11-cv-318, 2012 WL 433115, at *6 (W.D. Tex. Feb. 8, 2012)).

Because URZ's Affirmative Defense Four and Eleven merely restate (a) URZ's Counterclaims One and Two, and (b) Counterclaim Three, respectively, the Court should strike those affirmative defenses for the same reasons that it should dismiss the mirror-image Counterclaims.

## VI.
## CONCLUSION

For these reasons, the Court should dismiss Counterclaims 1-3 and strike Affirmative Defenses Four and Eleven.

DATE: October 4, 2023

Respectfully submitted,

By: *__/s/ David B. Cupar__*

David B. Cupar (*pro hac vice pending*)
*Attorney in Charge*
Ohio Bar No. 71622
dcupar@mcdonaldhopkins.com
Matthew J. Cavanagh (*pro hac vice pending*)
Ohio Bar No. 79522
mcavanagh@mcdonaldhopkins.com
**MCDONALD HOPKINS LLC**
600 Superior Avenue, East
Suite 2100
Cleveland, Ohio 44114
Telephone: 216.348.5400
Facsimile: 216.348.5474

By: *__/s/ Courtney Ervin__*

**Courtney Ervin**
Texas Bar No. 24050571
SDTX No. 611093
cervin@hicks-thomas.com
**Kasi Chadwick**
Texas Bar No. 24087278
SDTX No. 2421911
kchadwick@hicks-thomas.com
**HICKS THOMAS LLP**
700 Louisiana St., Suite 2000
Houston, Texas 77002
Telephone: 713.547.9100
Facsimile: 713.547.9150

**ATTORNEYS FOR PLAINTIFF SPECTRUM LABORATORIES, LLC**

**CERTIFICATE OF CONFERENCE**

I hereby certify that the parties' counsel spoke by phone on October 4, 2023. They discussed the pleadings, the grounds for Spectrum's motion, the applicable law, the pleaded facts, and the merits of Spectrum's motion. URZ believes it pleaded valid claims and defenses, and Spectrum disagrees and believes they should be dismissed. The parties were unable to resolve their disagreement.

*/s/ Matthew J. Cavanagh*
Matthew J. Cavanagh

**CERTIFICATE OF WORD COUNT**

In accordance with Section 18(c) of the Court's procedures, I certify that this document contains 3,861 words, exclusive of the caption, signature block and certificates of service and conference.

*/s/ Kasi Chadwick*
Kasi Chadwick

**CERTIFICATE OF SERVICE**

Service of this document on all counsel was accomplished automatically through the Court's Notice of Electronic Filing on October 4, 2023.

*/s/ Kasi Chadwick*
Kasi Chadwick