SPECTRUM LABORATORIES, LLC,
                    Plaintiff,

v.

URZ TRENDZ, LLC,
                    Defendant.

**Case No. 4:22-CV-03705**

**Hon. Judge Charles Eskridge**

**JURY TRIAL DEMANDED**

## DEFENDANT'S RESPONSE PURSUANT TO THE COURT'S ORDER DATED NOVEMBER 29, 2023 (ECF NO. 80)

Pursuant to the Court's Order (ECF No. 80), Defendant URZ Trendz, LLC ("Defendant") hereby submits this Response related to the discovery letter filed by Plaintiff Spectrum Laboratories, LLC. ("Plaintiff").

## I. INTRODUCTION

On September 5, 2023, the Court entered an Order requiring Defendant URZ Trendz, LLC ("Defendant") to produce "all documents (i) relating to any product that it identifies for sale or marketing with reference to the words 'Quick Fix'; (ii) any external communications related to any product sold or marketed by anyone as 'Quick Fix', whether by Spectrum, URZ, or any other party; and (iii) any internal communications related to any product sold or marketed by anyone as 'QuickFix', whether by Spectrum, URZ, or any other party." See *ECF No. 63.* In addition, the Court required such production to be made by September 22, 2023. See *Id.*

Thus, on September 22, 2023, as required by the Court, Defendant produced all the documents it located at the time. More specifically, Defendant produced records related to Defendant's purchase of products sold or marketed as "Quick Fix". In

addition, Defendant produced records identifying its sales of products sold or marketed as "Quick Fix".  Furthermore, Defendant informed Plaintiff Spectrum Laboratories, LLC ("Plaintiff") that it did not locate any communications, whether internal or external, related to any product sold or marketed by anyone as "Quick Fix".

Then on October 11, 2023, Plaintiff's counsel sent an email stating, in part, as follows:

> "URZ produced no responsive documents as to items (ii) and (iii) and only made a partial production as to item (i).  When will these be supplemented?  The Court's deadline for production has long-since passed."  See Ex. A.

Thus, on October 16, 2023, Defendant's counsel responded by email that the production was full not partial and that there was nothing else to produce at this time. See *Id*.  Then on October 17, 2023, Plaintiff's counsel responded by email stating as follows:

> "Can you please provide the native files for pages 3-6?  Those appear to be spreadsheets generated from somewhere."  See *Id*.

However, before Defendant could investigate the existence of "native files" and respond to Plaintiff's email, Plaintiff filed a letter with this Court on October 20, 2023, informing the Court that Defendant failed to produce certain checks, invoices, and other documents.  Pursuant to Plaintiff's letter, Defendant then conducted a search for the specific documents identified in Plaintiff's letter.  The Court issued an Order requiring Defendant to respond to Plaintiff's letter and show cause why further relief is not warranted by December 8, 2023.  See *ECF No. 80*.

Now, pursuant to the Court's Order, Defendant responds as follows:

## II.  <u>DOCUMENTS RELATING TO ANY PRODUCT THAT IDENTIFIES FOR SALE OR MARKETING WITH REFERENCE TO THE WORDS "QUICK FIX"</u>

As ordered by the Court, on September 22, 2023, Defendant produced all the documents it located evidencing its purchase, marketing, and sale of any product identified with the words "Quick Fix".  More specifically, Defendant produced its

purchasing invoices evidencing the quantity and source of the accused products. In fact, in its letter, Plaintiff does not deny such production. Instead, Plaintiff seeks copies of the form by which Defendant paid for these purchases. But, on its face, some of the purchasing invoices evidence that Defendant paid by check and identify the specific check number. For some reason, this is not enough for Plaintiff. Now they demand copies of the specific checks. Nevertheless, Defendant has now provided copies of the checks to Plaintiff.

In addition to purchasing invoices, Defendant produced a report from its system identifying every sale of any product identified with the words "Quick Fix". The report provides information about the specific product sold, the identity by name of the buyer, the quantity sold in each transaction, and the sales revenue and gross profit earned by Defendant from each transaction. Now, in its letter, Plaintiff alleges that the report is incomplete because it does not include the date of each transaction. Therefore, Defendant has created and produced a report that identifies the date of each transaction. Secondly, Plaintiff alleges that this report was created in a spreadsheet and requests the "native file" of the spreadsheet. Therefore, Defendant has located the native file and produced it to Plaintiff as requested. Thirdly, Plaintiff complains that Defendant has not produced any sales receipts for each transaction. Then Plaintiff provides a photograph of a sales receipt that it received from Defendant when it made a purchase from Defendant. However, as noted by Plaintiff, sales receipts are given to the buyer of each transaction much like Defendant gave the sales receipt to Plaintiff when it made a purchase from Defendant. Thus, sales receipts are not retained or in the possession of Defendant. Instead, sales receipts are turned over and in the possession of the buyer of each transaction. Finally, Plaintiff complains that Defendant did not produce a sales invoice for each transaction. However, sales invoices are not documents that Defendant relies on to keep track of its sales and profits of individual products. Instead, Defendant relies on the reports that have been produced. After all, said reports provide the total quantity sold, Defendant's sales revenue and gross profit of each transaction, and the identity of the buyer. More importantly, because Defendant does not normally rely on sales invoices,

3

they are more cumbersome to locate.  Nevertheless, after reviewing Plaintiff's letter, Defendant took the time to locate each sales invoice involving all products identified with the term "Quick Fix".  Defendant has provided redacted copies of said sales invoices to Plaintiff redacting information related to sales of unrelated products.

### III.   <u>INTERNAL AND EXTERNAL COMMUNICATIONS</u>

With regards to internal and external communications, Plaintiff's letter states, "no responsive documents have been produced by URZ."  However, Plaintiff disingenuously leaves out that it was informed that Defendant does not have possession of any responsive internal or external communications.  In fact, such communications are not in the possession of Defendant because they do not exist.

### IV.   <u>FURTHER RELIEF IS NOT WARRANTED</u>

Further relief sought in Plaintiff's letter is not warranted because Defendant has complied with the Court's order and produced all responsive documents in its possession custody, or control.  Even more, the documents requested by Plaintiff's letter and produced by Defendant are largely duplicative to the documents Defendant produced on September 22, 2023.  More specifically, the purchasing invoices produced in September identify the source and quantity of the accused products purchased by Defendant.  In addition, the documents indicate that Defendant paid for the invoices by check and provide the specific check number.  Now, pursuant to Plaintiff's letter, Defendant has produced copies of the individual checks which confirm the information in the purchasing invoices, that Defendant paid for them by check.  Similarly, the sales reports provided by Defendant in September identify each and every sales transaction related to the accused product.  More specifically, the report provides the identity of the buyer, the amount sold, the sales revenue, and the gross profit of each transaction.  Now, pursuant to Plaintiff's letter, Defendant has produced the native file of the report and copies of sales invoices for each transaction.  These documents simply mirror the information included in the sales reports produced in September.

Furthermore, it must be noted that Plaintiff's letter does not comply with the Court's procedures.  In particular, the Court's procedures expressly states as follows:

> "Make a serious attempt to resolve all discovery and scheduling disputes without motion. This includes disputes to compel or quash any discovery or for protection… Lead counsel must personally confer on all discovery and scheduling disputes as a final attempt at resolution prior to involving the Court…"

In the present case, Plaintiff did not make any effort whatsoever to resolve the disputes prior to involving the Court. In fact, as stated above, Plaintiff's counsel merely sent an email requesting only the native files to the reports produced by Defendant. The email was sent on October 17, 2023. Then a mere three (3) days later, before Defendant had an opportunity to respond or investigate the existence of such native file, Plaintiff sent its letter to the Court. Even more, Plaintiff's letter to the Court seeks documents beyond the "native file" it originally requested. Had Plaintiff identified the additional documents it was seeking prior to getting the Court involved, as required by the Court's procedures, Defendant would have made effort to locate and produce the requested documents without the necessity of the Court's involvement. There is not an attempt by Plaintiff to withhold anything in this case.

In fact, Defendant is steadfast in its belief that it did not violate any enforceable intellectual property rights of Plaintiff. First, as indicated in its Counterclaims, Defendant believes that Plaintiff's trademarks are not enforceable. Second, Defendant believes that all the "Quick Fix" products it purchased and sold are authentic. In fact, it must be noted that Plaintiff's private investigator purchased 112 pieces of the accused product directly from Defendant, as shown in Plaintiff's purchase receipt. However, Plaintiff does not present evidence nor allege that any of said 112 pieces were not authentic. Third, Plaintiff's Third Amended Complaint indicates that Plaintiff initiated an investigation of Defendant and filed this suit against Defendant primarily due to an affidavit by Royal Fragrances, LLC. However, said affidavit does not make mention or reference Defendant as being a seller of counterfeit goods. Finally, the sale of "Quick Fix" products represents a minuscule part of Defendant's total sales. In fact, Defendant's total sales of "Quick Fix" products is about $12,000 with a gross profit of under $3,000.

5

Defendant is simply not a prolific seller of "Quick Fix" products.

Nevertheless, Defendant will continue to cooperate in good faith with Plaintiff's discovery requests.  There is no intention nor desire by Defendant to withhold anything or disobey the Court's orders or any discovery rules.

DATED:  December 9, 2023

By:_____

Louis F. Teran (Admitted *Pro Hac Vice)*
Email: lteran@slclg.com
California Bar No. 249494
SLC Law Group
1055 E. Colorado Blvd., Suite 500
Pasadena, CA 91106
Phone:  818-484-3217 x200

ATTORNEY FOR URZ TRENDZ, LLC.

## <u>CERTIFICATE OF SERVICE</u>

I certify that I filed this brief via the ECF system, which serves this motion on all counsel of record.

DATED:  December 9, 2023

By:_____

Louis F. Teran (Admitted *Pro Hac Vice)*
Email: lteran@slclg.com
California Bar No. 249494
SLC Law Group
1055 E. Colorado Blvd., Suite 500
Pasadena, CA 91106
Phone:  818-484-3217 x200

ATTORNEY FOR URZ TRENDZ, LLC.

# EXHIBIT A

# Louis F. Teran

| | |
|---|---|
| **From:** | Kasi Chadwick <kchadwick@hicks-thomas.com> |
| **Sent:** | Tuesday, October 17, 2023 8:34 AM |
| **To:** | Louis F. Teran; 'Louis F. Teran' |
| **Cc:** | 'Cupar, David B.'; 'Cavanagh, Matthew J.'; Courtney Ervin; Brenton Wochnick; Felicia M. O'Loughlin; Ryan Cordell |
| **Subject:** | RE: Spectrum/URZ - URZ's Six Pages of Discovery |

Can you please provide the native files for pages 3-6?  Those appear to be spreadsheets generated from somewhere.

**From:** Louis F. Teran <lteran@slclg.com>
**Sent:** Monday, October 16, 2023 11:11 AM
**To:** Kasi Chadwick <kchadwick@hicks-thomas.com>; 'Louis F. Teran' <lteran@strategiclegalcounseling.com>
**Cc:** 'Cupar, David B.' <dcupar@mcdonaldhopkins.com>; 'Cavanagh, Matthew J.' <mcavanagh@mcdonaldhopkins.com>; Courtney Ervin <cervin@hicks-thomas.com>; Brenton Wochnick <bwochnick@hicks-thomas.com>; Felicia M. O'Loughlin <foloughlin@hicks-thomas.com>; Ryan Cordell <rcordell@hicks-thomas.com>
**Subject:** RE: Spectrum/URZ - URZ's Six Pages of Discovery

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

In response to your email below, there is nothing to supplement.  The documents produced were full (not partial) production of documents ordered by the Court to be produced.  There is nothing being withheld.  This was a full production.
Feel free to contact me with any comments or questions.

Thank you

**Louis F. Teran**
Attorney at Law
**SLC Law Group**
1055 E. Colorado Blvd., Suite #500
Pasadena, CA 91106
Phone: (818) 484-3217 x200
Fax: (866) 665-8877
**http://www.slclg.com**



**\*\*\* WARNING: CONFIDENTIAL COMMUNICATION \*\*\***
This electronic message and any accompanying pages or attachments contain information from SLC Law Group.  The information may be a confidential attorney-client communication containing information that is privileged or confidential.  The information is intended to be for the use of the individual or entity named.  Any dissemination, distribution or copying of this communication is strictly prohibited without our express permission.  If you have received this communication in error, please notify us immediately by return e-mail or by calling us at (800) 752-8470.  We will arrange the retrieval of the original documents at no cost to you. Thank you.

**From:** Kasi Chadwick <kchadwick@hicks-thomas.com>
**Sent:** Wednesday, October 11, 2023 3:51 PM
**To:** lteran@slclg.com; Louis F. Teran <lteran@strategiclegalcounseling.com>
**Cc:** Cupar, David B. <dcupar@mcdonaldhopkins.com>; Cavanagh, Matthew J. <mcavanagh@mcdonaldhopkins.com>; Courtney Ervin <cervin@hicks-thomas.com>; Brenton Wochnick <bwochnick@hicks-thomas.com>; Felicia M. O'Loughlin <foloughlin@hicks-thomas.com>; Ryan Cordell <rcordell@hicks-thomas.com>
**Subject:** Spectrum/URZ - URZ's Six Pages of Discovery

Louis—

We are in receipt of URZ's six pages of document production.  Please recall that the Court's Minute Entry and Order provided that URZ was to produce "all documents (i) relating to any product that it identifies for sale or marketing with reference to the words "Quick Fix"; (ii) any external communications related to any product sold or marketed by anyone as "Quick Fix," whether by Spectrum, URZ, or any other party; and (iii) any internal communications related to any product sold or marketed by anyone as "Quick Fix," whether by Spectrum, URZ, or any other party.   URZ produced no responsive documents as to items (ii) and (iii) and only made a partial production as to item (i).

When will these be supplemented?  The Court's deadline for production has long-since passed.

Thanks,
-Kasi

# Louis F. Teran

| | |
|---|---|
| **From:** | Louis F. Teran <lteran@slclg.com> |
| **Sent:** | Friday, September 22, 2023 7:16 PM |
| **To:** | 'Kasi Chadwick'; 'Louis F. Teran' |
| **Cc:** | 'Brenton Wochnick'; 'Cupar, David B.'; 'Cavanagh, Matthew J.'; 'Courtney Ervin' |
| **Subject:** | RE: Spectrum/URZ - Updated Scheduling Order w/ URZ's Comments Included |
| **Attachments:** | DEFENDANT - DOCUMENTS PRODUCED - SET ONE_.pdf |

**Importance:** High

Ms. Chadwick,

I am in receipt of your email below. I have reviewed the proposed schedule and I am fine with it. Thank you for incorporating the items we discussed. Please feel fee to file at your convenience.

In addition, pursuant to the Court's discovery order, please find attached the documents being produced by Defendant. These documents are Bates Stamped 0001 to 0006. Please note that pages 0001 to 0003 are documents related to Defendant's purchase of products marked with the "QUICK FIX" mark; and pages 0004 to 0006 are documents related to Defendant's sale of products marked with the "QUICK FIX" mark. Also note that after a diligent search, Defendant has not been able to locate any internal or external communications related to the "QUICK FIX" mark.

Let me know if you have any comments or questions.


Thank you

**Louis F. Teran**
Attorney at Law
**SLC Law Group**
1055 E. Colorado Blvd., Suite #500
Pasadena, CA 91106
Phone: (818) 484-3217 x200
Fax: (866) 665-8877
**http://www.slclg.com**



**\*\*\* WARNING: CONFIDENTIAL COMMUNICATION \*\*\***
This electronic message and any accompanying pages or attachments contain information from SLC Law Group. The information may be a confidential attorney-client communication containing information that is privileged or confidential. The information is intended to be for the use of the individual or entity named. Any dissemination, distribution or copying of this communication is strictly prohibited without our express permission. If you have received this communication in error, please notify us immediately by return e-mail or by calling us at (800) 752-8470. We will arrange the retrieval of the original documents at no cost to you. Thank you.

**From:** Kasi Chadwick <kchadwick@hicks-thomas.com>
**Sent:** Tuesday, September 19, 2023 3:18 PM
**To:** lteran@slclg.com; Louis F. Teran <lteran@strategiclegalcounseling.com>