IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SPECTRUM LABORATORIES, LLC, § <br> an Ohio Limited Liability Company. § <br> § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> DOES #1-10, § <br> § <br> *Defendants.* § <br> § | CIVIL ACTION NO. 4:22-cv-03705 <br><br> JUDGE CHARLES ESKRIDGE |

## SPECTRUM'S MOTION FOR SANCTIONS

In accordance with this Court's November 29, 2023 Order [Dkt. 80], Spectrum Laboratories, LLC ("Spectrum") moves for sanctions against URZ Trendz, LLC ("URZ") under Federal Rule of Civil Procedure 37 and the Court's inherent power to issue sanctions for its ongoing failure to comply with its discovery obligations and this Court's Orders.

### Nature and Stage of Proceedings

After months of URZ's obstruction and failure to meaningfully participate in discovery, this Court noted that URZ "hasn't been cooperative or proceeding in accordance with its discovery obligations." [Sept. 5, 2023 Order, Dkt. 63.] On this basis, the Court ordered URZ to produce all documents and communications relating to the *Quick Fix* product at issue in this case. [*Id.*] Unfortunately, the explicit admonishment and Order of the Court was not enough to change URZ's behavior. URZ continues to

32959539.1

defy this Court's Orders and flout its discovery obligations. Finding that URZ has *still* failed to cooperate and comply with its discovery obligations, the Court allowed this motion for sanctions in its November 29, 2023 Order. [Dkt. 80] As explained below, sanctions and a discovery order allowing an inspection of URZ's books and forensic copying and searching of its digital records is necessary to obtain URZ's full compliance and to provide Spectrum the discovery to which it is entitled, and which this Court has already ordered URZ to produce. Further, URZ's blatant refusal to comply with the Court's orders merit the sanction of striking URZ's affirmative defenses and counterclaims. URZ's belated production of documents over the weekend confirms that URZ violated the Court's September 5, 2023 Order compelling URZ to produce those documents by September 22, 2023 [Dkt. 63.] Moreover, URZ's open refusal to comply with its discovery obligations and the Court's Order suggests that URZ is continuing to withhold documents and information that should have been produced months ago. Indeed, with respect to the merits of the case, URZ's gamesmanship and refusal to produce basic and relevant discovery concerning its sales of *Quick Fix* strongly suggests that it is involved in the counterfeiting of Spectrum's *Quick Fix* product.

### Statement of Facts

This case involves Spectrum's search for the parties responsible for manufacturing and distributing counterfeit versions of Spectrum's *Quick Fix* product, which were discovered for sale in Texas. Spectrum has been attempting for over nine months to get URZ to produce basic and complete discovery concerning URZ's sale of *Quick Fix* product, whether genuine or counterfeit. URZ has resisted at every step. It is now clear

2

that URZ has misrepresented the amount and scope of responsive information it possesses. Below is a summary of URZ's discovery violations and efforts to avoid producing discovery. The timeline confirms that, at every turn, URZ resists or ignores discovery until it has no other choice, and then only produces some discovery, hoping that it will get away with failing to comply with its discovery obligations.

On March 3, 2023, Spectrum served a subpoena upon URZ asking for documents concerning its sale of *Quick Fix*. [Dkt. 39.]

On March 23, 2023, URZ served boilerplate objections and refused to produce a single document. [Dkt. 45-2.] After resisting or ignoring Spectrum's repeated meet-and-confer efforts, URZ finally conferred and requested a stipulated protective order for its document production. [Dkt. 45-4.] After obtaining the protective order, URZ still refused to produce any documents.

On May 2, 2023, Spectrum moved to compel URZ to comply with the subpoena, and the Court granted that motion on May 3. [Dkt. 45, 46.] The Court advised Spectrum that it could move to amend its complaint to add URZ as a defendant if it "isn't cooperative." [Dkt. 46.] Despite the Court's Order, URZ refused to produce any documents.

As a result, on June 12, 2023, the Court granted Spectrum leave to add URZ, and Spectrum did so the same day. [Dkt. 49, 50.]

Despite being compelled to respond to the subpoena, after being added as a defendant, URZ served a second set of untimely objections and responses to the Spectrum subpoena and claimed it had no responsive documents. [June 29, 2023

response, **Exhibit 1**] Spectrum questioned why URZ would demand a protective order and resist a subpoena for three months if it had no responsive documents. More importantly, however—and unknown to URZ—Spectrum's private investigator had purchased *Quick Fix* from URZ's retail store in March 2023. Despite these records being responsive, URZ misrepresented that it had no responsive documents.

Thus, Spectrum had to again raise URZ's failure to comply with its discovery obligations with this Court [July 24, 2023 discovery letter, **Exhibit 2**]. On August 29, 2023, the Court had a Discovery Hearing. The Court's Minute Entry and Order held that "the discovery requests were proper and understandable and that URZ hasn't been cooperative or proceeding in accordance with its discovery obligations." [Dkt. 63.] The Court overruled URZ's objections and again ordered URZ to produce all documents:

(i) relating to any product that it identifies for sale or marketing with reference to the words "Quick Fix;

(ii) any external communications related to any product sold or marketed by anyone as "Quick Fix," whether by Spectrum, URZ, or any other party; and

(iii) any internal communications related to any product sold or marketed by anyone as "Quick Fix," whether by Spectrum, URZ, or any other party.

[*Id.*] The Court ordered URZ to do so by September 22, 2023. [*Id.*]

On September 22, 2023, in response to the Court's second order compelling its compliance with the subpoena, URZ produced just six pages of documents and made the unconvincing claim that it has no other responsive documents. [*See* URZ Document Production, **Exhibit 3**] Spectrum followed up several times challenging that claim and

requesting a native version of the spreadsheet pages that URZ produced because they lacked column headers and dates of sale. [*See* Oct. 20, 2023 discovery letter, **Exhibit 4**] When URZ ignored those requests, Spectrum submitted its third discovery letter regarding the Subpoena to this Court. [*Id.*] URZ ignored this letter and the issues raised by Spectrum. Thereafter, on November 29, 2023, this Court entered its third order regarding the subpoena. [Dkt. 80.] The Court allowed Spectrum to:

> bring any appropriate motion for relief regarding discovery abuses and failure by URZ Trendz to abide by Court order. This may include request for necessary, intrusive electronic discovery and/or physical inspection of premises, files, and electronic devices to satisfy completeness of a responsive search. The Court also has under advisement whether the time is yet appropriate to strike defenses in this action or impose other sanctions.

[*Id.*]

Spectrum's deadline to file its motion is December 13, 2023. On December 9, 2023, in an obvious attempt to try and moot Spectrum's forthcoming motion and avoid another reckoning with the Court, URZ produced 47 additional pages of documents, bring URZ's production to 53 pages total. [**Exhibit 3**] URZ has failed to produce any communications concerning the *Quick Fix* product.

There is no basis to believe that URZ's 53-page production is complete. URZ misrepresented it had no documents. It then produced 6 pages, representing there were no more. It now has produced 53 pages, again claiming there are no more.

URZ has not been honest with Spectrum or this Court. Accordingly, Spectrum now brings this motion to *again* compel URZ to comply with its discovery obligations and for sanctions warranted by URZ's discovery abuses.

**Issues Requiring Resolution**

1. Are sanctions against URZ appropriate in light of URZ's refusal to meaningfully engage in basic discovery, URZ's history of claiming no responsive documents exist (when in fact they do), and URZ's repeated disregard for this Court's Orders compelling it to do so?

2. What sanctions are appropriate?

The grant of sanctions is reviewed for an abuse of discretion *CEATS, Inc. v. TicketNetwork, Inc.*, 71 F.4th 314, 323 (5th Cir. 2023). The Court's invocation of its inherent power to levy sanctions is reviewed de novo. *Id.*

**Law and Argument**

I. **Why sanctions are appropriate.**

Under Fed. Civ. R. 37, the Court may "issue further just orders," including a list of available sanctions and "impos[ing] other appropriate sanctions" when a party disobeys a discovery order. Fed. R. Civ. P. 37. The Court also has the inherent power to impose sanctions for "bad faith conduct occurring during litigation." *Tex. v. Thirteen Pallets of Indus. Oilfield Hoses & Five Pallets of Blowout Preventers*, 519 F. Supp. 3d 409, 413 (S.D. Tex. 2021) (Eskridge, J.).

Here, URZ has disobeyed two different Court Orders compelling discovery: the May 3, 2023 Order and the August 29, 2023 Order. [Dkt. 46, 63] Given its prior discovery abuses, it is simply unbelievable that URZ only has fifty-three pages of documents concerning its sales of *Quick Fix* and not a single external or internal email communication concerning *Quick Fix*. Moreover, URZ heavily redacted the invoices that it produced without any legal basis for doing so. The invoices are relevant in their

6

32959539.1

entirety for context, for understanding the total purchases that URZ made, and to use the documents as evidence in the case. *See Doe v. Trump*, 329 F.R.D. 262, 275 (W.D. Wash. 2018) ("Redaction is generally an inappropriate tool for excluding information that a party considers to be irrelevant ... and irrelevant information within an otherwise relevant document may provide context necessary to understand the relevant information.") Moreover, there is a Protective Order in this case, which URZ demanded. So it cannot justify the redactions as blocking confidential information. Otherwise, URZ's response filed with the Court [Dkt. 81] provides poor excuses for violating the Court's orders, and it never explains why it entirely ignored Spectrum's October 20, 2023 discovery letter, and the issues raised therein, for over six weeks until its December 9, 2023 production and response.

URZ's recalcitrance has not only affected Spectrum. The Court's Case Manager had to repeatedly email URZ's counsel for almost a full month, between July 24 and August 15,to simply provide a response discovery letter that he put off for weeks. As this Court predicted at the August 29, 2023 Discovery Hearing: "... we're going to be peeling layers of an onion that are going to be deeper and deeper and deeper into the other materials that [URZ is] going to need to produce, and I suspect that the conversation that we're having right now is going to be proven to be quite disingenuous." [Excerpt of August 29, 2023 hearing, **Exhibit 5.**] While Spectrum has spent considerable time, effort, and legal fees to peel some of the layers, more layers remain.

URZ's pattern of avoiding discovery by falsely stating that it has no responsive documents and violating discovery orders continues. URZ again has violated this Court's

discovery order. URZ should no longer be permitted to avoid discovery with a simplistic and non-credible claim that it has produced all responsive documents. Sanctions of a higher severity are now required to compel URZ to fully comply with discovery and to move this case forward. Thus, the Court should issue a discovery order that allows Spectrum to ensure that it has received complete discovery from URZ.

**II.     What sanctions are appropriate.**

Spectrum respectfully requests the following sanctions and/or discovery orders:

1.  An order that URZ make the following ESI sources available for forensic copying and searching by a third-party neutral ESI vendor (and otherwise assist Spectrum and its ESI vendor in obtaining those copies):

    A.  Each email account that URZ (including its owners or representatives) uses for any business purpose and that can be fully accessed and copied through a web browser (e.g., Gmail, Yahoo, Microsoft 365, etc.). For these email accounts, URZ should produce the name of the email provider, the user name and password, and any other information or assistance needed to access and copy the accounts.

    B.  Each email account that URZ (including its owners or representatives) uses for any business purpose and that operates on a private email server or a server hosted by a third-party that cannot be accessed and copied through a web browser.

    C.  Each hard drive, server, cell phone, laptop or desktop computer, tablet or other electronic device that URZ (including its owners or representatives) uses for any business purpose.

    D.  Any database or software through which URZ transacts or tracks sales, e.g., QuickBooks.

    E.  That this information be searched by the third-party neutral ESI vendor with a list of search terms reasonably likely to identify all documents responsive to the Court's September 5, 2023 Order [Dkt. 63], including but not limited to "Spectrum," "Quick Fix," "QF" and "counterfeit."

      F.      That the third-party neutral ESI vendor produce the search results to Spectrum and URZ.

      G.      That the third-party neutral ESI vendor maintain a copy of Items A – D until otherwise ordered by the Court.

2. An order that URZ identify every bank account through which it transacts any business, including the name of the bank and account numbers, along with an order allowing Spectrum to issue subpoenas to those banks to try and trace payments to others responsible for the counterfeiting or through whom URZ has obtained *Quick Fix*.

3. An order that URZ produce all records of purchases and sales of *Quick Fix*, as it was previously ordered to produce, including all receipts (or other proof of sale records) and all URZ payment records (including ACH/wire confirmations, cancelled checks, and bank records).

4. An order that URZ identify each physical location where it conducts business or stores any business records or information, and that URZ make those locations available for physical inspection by Spectrum, including providing full access to any business records and providing assistance to Spectrum in locating and examining such records.

5. An order that URZ pay the legal fees that Spectrum has incurred to try and obtain URZ's compliance with the subpoena at issue, and allow Spectrum five business days to gather and submit proof of those fees.

6. An order striking URZ's counterclaims and affirmative defenses.

7. An order warning URZ that failure to comply will result in additional monetary sanctions and a default judgment against it in Spectrum's favor.

At this stage, these sanctions are appropriate and reasonable for ensuring that Spectrum obtains the discovery that it needs (and has been seeking since it first served the subpoena upon URZ in March), for compelling URZ's compliance, and for compensating Spectrum for the thousands of dollars in extra legal fees that URZ's discovery violations have cost Spectrum.

**Conclusion and Prayer for Relief**

Spectrum respectfully requests that the Court grant this Motion and order the relief requested in Section II of the Argument, set forth above and in the proposed order accompanying this Motion. Spectrum further seeks all further relief, in law and in equity, to which it may be entitled.

DATED: December 13, 2023  Respectfully submitted,

By: */s/ David B. Cupar*
David B. Cupar (*pro hac vice*)
*Attorney in Charge*
Ohio Bar No. 71622
dcupar@mcdonaldhopkins.com
Matthew J. Cavanagh (*pro hac vice*)
Ohio Bar No. 79522
mcavanagh@mcdonaldhopkins.com
**MCDONALD HOPKINS LLC**
600 Superior Avenue, East
Suite 2100
Cleveland, Ohio 44114
Telephone: 216.348.5400
Facsimile: 216.348.5474

By: */s/ Courtney Ervin*
Courtney Ervin
Texas Bar No. 24050571
SDTX No. 611093
cervin@hicks-thomas.com
**HICKS THOMAS LLP**
700 Louisiana St., Suite 2000
Houston, Texas 77002
Telephone: 713.547.9100
Facsimile: 713.547.9150

**ATTORNEYS FOR PLAINTIFF SPECTRUM LABORATORIES, LLC**

32959539.1

## **CERTIFICATE OF WORD COUNT**

In accordance with Section 18(c) of the Court's procedures, I certify that this document contains 2,443 words, exclusive of the caption, signature block and certificates of service and conference.

*/s/ Courtney Ervin*
Courtney Ervin

## **CERTIFICATE OF SERVICE**

Service of this document on counsel of record was accomplished automatically through the Court's Notice of Electronic Filing on this, the 13th day of December, 2023.

*/s/ Courtney Ervin*
Courtney Ervin

32959539.1