UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SPECTRUM LABORATIRIES, LLC,<br>　　　　　　　Plaintiff,<br><br>v.<br><br>DOES #1-10,<br>　　　　　　　Defendant. | **Case No. 4:22-CV-03705**<br><br>**Hon. Judge Charles Eskridge**<br><br>**JURY TRIAL DEMANDED** |

### URZ TRENDZ, LLC'S RESPONSE TO SUPPLEMENTAL SUBPOENA

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, URZ Trendz, LLC ("URZ") objects to the subpoena from Plaintiff Spectrum Laboratories, LLC. ("Plaintiff") in the above-referenced matter.  Please contact the undersigned to the extent that a meet and confer is necessary regarding any of these objections.

## I.　　GENERAL OBJECTIONS

1.  Failure to Reduce Burden on Nonparty.  URZ objects to the subpoena for failing to take reasonable efforts to reduce the burden and expense on nonparty URZ to the extent the records sought are in the possession, custody, or control of the parties to the litigation.  See *Fed. R. Civ. P. 45(d)(l)*; see e.g., *Rembrandt Patent Innovations v. Apple, Inc.*, 2015 WL 4393581, at *2 (W.D. Tex. July 15, 2015) (holding subpoena issued to non-party is unduly burdensome "until and unless Plaintiffs can establish they are unable to obtain the requested information from the Defendant").  Obtaining records from a party also allows the parties to the litigation to directly address any confidentiality and privacy issues.

1

2.  Privacy.  URZ objects to this subpoena on the grounds of privacy because it seeks sensitive financial and other information without making any showing that appropriate notice or authorization has been obtained to seek such information, or that there is a need for such information that would override state or federal privacy rights.

3.  Overbroad and Unduly Burdensome.  URZ objects to the subpoena as overbroad and unduly burdensome.  See *Fed. R. Civ. P. 26(b)(l)*.  In particular, the subpoena contains 8 document requests, including demands for "all communications since 1/1/2020" with a wide variety of unrelated third-parties; and "ten randomly selected samples" of products, without making any showing that such broad and burdensome demands cannot be reasonably narrowed to the issues in the litigation.

4.  Vague and Ambiguous.  URZ objects to the use of vague and ambiguous terms, phrases and definitions in the subpoena, including, but not limited to, "DOCUMENT," "COMMUNICATION," "QUICK FIX," "ESI," "supplier," "sellers," "customers," and "buyers," without providing clarifying definitions or additional information to explain what exactly is sought or to identify the individuals or entities at issue, such as product numbers, and specific suppliers, sellers, customers, and buyers.

5.  Failure to Limit Time Period.  URZ objects to the failure to reasonably limit the time period covered by the requests as unduly burdensome and overbroad, and seeking documents not kept and maintained in the ordinary course of business.

6.  Improper Request for Confidential, Proprietary or Trade Secret Information.  URZ objects to the subpoena to the extent it seeks the disclosure of information or documents containing confidential, proprietary, or trade secret information.  URZ objects to the production of any such information absent entry of an appropriate protective order. URZ expressly reserves all rights with respect to any protective order entered in the case pertaining to the production of information or documents containing any confidential, proprietary, or trade secret information.

7.  Electronically Stored Information.  URZ objects to the subpoena to the extent it seeks production of electronically stored information from sources not reasonably accessible (e.g., legacy systems, backup media, temporary or ambient data, or data that

2

would require engineering resources to extract), in light of the burdens or costs required to locate, restore, review, and produce whatever responsive information may be found. URZ believes any such data on sources that are not reasonably accessible-would be cumulative or duplicative of data that is more reasonably accessible.  See *Fed. R. Civ. P. 25(b )(2)(B)*.

8.  Privileged Information.  URZ objects to the subpoena to the extent it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege.  To the extent that there is any disclosure of such protected or privileged information, such disclosure is inadvertent and is not intended to waive any privilege or production.  URZ also objects to the subpoena's definition of "SUBPOENAED PARTY," "YOU," and "YOUR" because it includes "attorneys," and "others acting on its behalf."  Thus, the requests seek information that is protected from disclosure by the attorney-client privilege and work product doctrine.

9.  Not within URZ's Possession, Custody or Control.  URZ objects to the subpoena to the extent it purports to require URZ to search for and produce documents not within its possession, custody or control.

10.  No Showing of Relevance.  URZ objects to the subpoena to the extent it seeks confidential information without making a showing of relevance as to any issues at stake in the current stage of the' litigation, or any showing that appropriate notice and authorization has been obtained to access such data.

## II.    <u>SPECIFIC OBJECTIONS</u>

In addition to its general objections above, incorporated into each of the responses below, URZ makes the following specific objections to Plaintiffs document requests.

## <u>REQUEST NO. 1</u>

All Communications since 1/1/2020 with any suppliers or sellers of Quick Fix regarding Quick Fix.

## <u>RESPONSE TO REQUEST NO. 1</u>

URZ objects to the request as overbroad and unduly burdensome because it seeks "[a]ll COMMUNICATIONS since 1/1/2020 with any suppliers or sellers," without making any

showing that such a broad demand cannot be reasonably narrowed to the issues in the litigation.  See *Fed. R. Civ. P. 26(b)(1)*.

URZ also objects to the use of the vague and ambiguous term "QUICK FIX," without providing clarifying definitions or additional information to explain what exactly is sought.

URZ also objects to this request on the ground that it seeks confidential and proprietary information.  In fact, this request seeks to invade the privacy of URZ and of third parties.  URZ has not attained any authorization from third parties to disclose their confidential and proprietary information.

Without waiving the above objections and pursuant to the Protective Order, URZ responds as follows:  The subpoena defines the term "QUICK FIX" as "the synthetic urine product manufactured by Spectrum Laboratories LLC as identified and described in the First Amended Complaint".  However, the First Amended Complaint is not the operative complaint in this action, thus this request is irrelevant.  Nevertheless, assuming Propounding Party inadvertently referenced the First Amended Complaint rather than the Second Amended Complaint, and assuming that the term "QUICK FIX" is defined as "synthetic urine for use in uranalysis", as described in US Trademark Registration No. 4453892, and "manufactured by Spectrum Laboratories LLC", then URZ responds that after a diligent search and inquiry, URZ has been unable to locate or identify any responsive documents within its possession, custody, or control.

**REQUEST NO. 2**

All Communications since 1/1/2020 with any customers or buyers of Quick Fix regarding Quick Fix.

**RESPONSE TO REQUEST NO. 2**

URZ objects to the request as overbroad and unduly burdensome because it seeks "[a]ll COMMUNICATIONS since 1/1/2020 with any suppliers or sellers," without making any showing that such a broad demand cannot be reasonably narrowed to the issues in the litigation.  See *Fed. R. Civ. P. 26(b)(1)*.

URZ also objects to the use of the vague and ambiguous term "QUICK FIX," without

providing clarifying definitions or additional information to explain what exactly is sought.

URZ also objects to this request on the ground that it seeks confidential and proprietary information.  In fact, this request seeks to invade the privacy of URZ and of third parties. URZ has not attained any authorization from third parties to disclose their confidential and proprietary information.

Without waiving the above objections and pursuant to the Protective Order, URZ responds as follows:  The subpoena defines the term "QUICK FIX" as "the synthetic urine product manufactured by Spectrum Laboratories LLC as identified and described in the First Amended Complaint".  However, the First Amended Complaint is not the operative complaint in this action, thus this request is irrelevant.  Nevertheless, assuming Propounding Party inadvertently referenced the First Amended Complaint rather than the Second Amended Complaint, and assuming that the term "QUICK FIX" is defined as "synthetic urine for use in uranalysis", as described in US Trademark Registration No. 4453892, and "manufactured by Spectrum Laboratories LLC", then URZ responds that after a diligent search and inquiry, URZ has been unable to locate or identify any responsive documents within its possession, custody, or control.

## REQUEST NO. 3

All internal Communications since 1/1/2020 regarding Quick Fix.

## RESPONSE TO REQUEST NO. 3

URZ objects to the request as overbroad and unduly burdensome because it seeks "[a]ll COMMUNICATIONS since 1/1/2020 with any suppliers or sellers," without making any showing that such a broad demand cannot be reasonably narrowed to the issues in the litigation.  See *Fed. R. Civ. P. 26(b)(1)*.

URZ also objects to the use of the vague and ambiguous term "QUICK FIX," without providing clarifying definitions or additional information to explain what exactly is sought.

URZ also objects to this request on the ground that it seeks confidential and proprietary information.  In fact, this request seeks to invade the privacy of URZ and of third parties.

URZ has not attained any authorization from third parties to disclose their confidential and proprietary information.

Without waiving the above objections and pursuant to the Protective Order, URZ responds as follows:  The subpoena defines the term "QUICK FIX" as "the synthetic urine product manufactured by Spectrum Laboratories LLC as identified and described in the First Amended Complaint".  However, the First Amended Complaint is not the operative complaint in this action, thus this request is irrelevant.  Nevertheless, assuming Propounding Party inadvertently referenced the First Amended Complaint rather than the Second Amended Complaint, and assuming that the term "QUICK FIX" is defined as "synthetic urine for use in uranalysis", as described in US Trademark Registration No. 4453892, and "manufactured by Spectrum Laboratories LLC", then URZ responds that after a diligent search and inquiry, URZ has been unable to locate or identify any responsive documents within its possession, custody, or control.

## REQUEST NO. 4

All Documents (including Communications) created, modified, sent, or received since 1/1/2020 regarding fake, knock-off, imitation, or counterfeit Quick Fix.

## RESPONSE TO REQUEST NO. 4

URZ objects to the use of the vague and ambiguous term "QUICK FIX," without providing clarifying definitions or additional information to explain what exactly is sought.

URZ also objects to this request on the ground that it seeks confidential and proprietary information.  In fact, this request seeks to invade the privacy of URZ and of third parties. URZ has not attained any authorization from third parties to disclose their confidential and proprietary information.

Without waiving the above objections and pursuant to the Protective Order, URZ responds as follows:  The subpoena defines the term "QUICK FIX" as "the synthetic urine product manufactured by Spectrum Laboratories LLC as identified and described in the First Amended Complaint".  However, the First Amended Complaint is not the operative complaint in this action, thus this request is irrelevant.  Nevertheless, assuming

6

Propounding Party inadvertently referenced the First Amended Complaint rather than the Second Amended Complaint, and assuming that the term "QUICK FIX" is defined as "synthetic urine for use in uranalysis", as described in US Trademark Registration No. 4453892, and "manufactured by Spectrum Laboratories LLC", then URZ responds that after a diligent search and inquiry, URZ has been unable to locate or identify any responsive documents within its possession, custody, or control.

## REQUEST NO. 5

All invoices documenting Your sales of Quick Fix since 1/1/2020.

## RESPONSE TO REQUEST NO. 5

URZ objects to the use of the vague and ambiguous term "QUICK FIX," without providing clarifying definitions or additional information to explain what exactly is sought.

URZ also objects to this request on the ground that it seeks confidential and proprietary information.  In fact, this request seeks to invade the privacy of URZ and of third parties. URZ has not attained any authorization from third parties to disclose their confidential and proprietary information.

Without waiving the above objections and pursuant to the Protective Order, URZ responds as follows:  The subpoena defines the term "QUICK FIX" as "the synthetic urine product manufactured by Spectrum Laboratories LLC as identified and described in the First Amended Complaint".  However, the First Amended Complaint is not the operative complaint in this action, thus this request is irrelevant.  Nevertheless, assuming Propounding Party inadvertently referenced the First Amended Complaint rather than the Second Amended Complaint, and assuming that the term "QUICK FIX" is defined as "synthetic urine for use in uranalysis", as described in US Trademark Registration No. 4453892, and "manufactured by Spectrum Laboratories LLC", then URZ responds that after a diligent search and inquiry, URZ has been unable to locate or identify any responsive documents within its possession, custody, or control.

## REQUEST NO. 6

All invoices documenting Your purchases of Quick Fix since 1/1/2020.

**RESPONSE TO REQUEST NO. 6**

URZ objects to the use of the vague and ambiguous term "QUICK FIX," without providing clarifying definitions or additional information to explain what exactly is sought.

URZ also objects to this request on the ground that it seeks confidential and proprietary information.  In fact, this request seeks to invade the privacy of URZ and of third parties. URZ has not attained any authorization from third parties to disclose their confidential and proprietary information.

Without waiving the above objections and pursuant to the Protective Order, URZ responds as follows:  The subpoena defines the term "QUICK FIX" as "the synthetic urine product manufactured by Spectrum Laboratories LLC as identified and described in the First Amended Complaint".  However, the First Amended Complaint is not the operative complaint in this action, thus this request is irrelevant.  Nevertheless, assuming Propounding Party inadvertently referenced the First Amended Complaint rather than the Second Amended Complaint, and assuming that the term "QUICK FIX" is defined as "synthetic urine for use in uranalysis", as described in US Trademark Registration No. 4453892, and "manufactured by Spectrum Laboratories LLC", then URZ responds that after a diligent search and inquiry, URZ has been unable to locate or identify any responsive documents within its possession, custody, or control.

**REQUEST NO. 7**

Ten randomly selected samples of Quick Fix from Your inventory for inspection.

**RESPONSE TO REQUEST NO. 7**

URZ objects to the use of the vague and ambiguous term "QUICK FIX," without providing clarifying definitions or additional information to explain what exactly is sought.

Without waiving the above objections and pursuant to the Protective Order, URZ responds as follows:  The subpoena defines the term "QUICK FIX" as "the synthetic urine product manufactured by Spectrum Laboratories LLC as identified and described in the First Amended Complaint".  However, the First Amended Complaint is not the

8

operative complaint in this action, thus this request is irrelevant.  Nevertheless, assuming Propounding Party inadvertently referenced the First Amended Complaint rather than the Second Amended Complaint, and assuming that the term "QUICK FIX" is defined as "synthetic urine for use in uranalysis", as described in US Trademark Registration No. 4453892, and "manufactured by Spectrum Laboratories LLC", then URZ responds that after a diligent search and inquiry, URZ has been unable to locate or identify any responsive documents within its possession, custody, or control.

## REQUEST NO. 8

All Communications with Royal Fragrances, City Supply Wholesale, or Saif Ali regarding Quick Fix, imitation Quick Fix, or this lawsuit.

## RESPONSE TO REQUEST NO. 8

URZ objects to the use of the vague and ambiguous term "QUICK FIX," without providing clarifying definitions or additional information to explain what exactly is sought.

URZ also objects to this request on the ground that it seeks confidential and proprietary information.  In fact, this request seeks to invade the privacy of URZ and of third parties.  URZ has not attained any authorization from third parties to disclose their confidential and proprietary information.

Without waiving the above objections and pursuant to the Protective Order, URZ responds as follows:  The subpoena defines the term "QUICK FIX" as "the synthetic urine product manufactured by Spectrum Laboratories LLC as identified and described in the First Amended Complaint".  However, the First Amended Complaint is not the operative complaint in this action, thus this request is irrelevant.  Nevertheless, assuming Propounding Party inadvertently referenced the First Amended Complaint rather than the Second Amended Complaint, and assuming that the term "QUICK FIX" is defined as "synthetic urine for use in uranalysis", as described in US Trademark Registration No. 4453892, and "manufactured by Spectrum Laboratories LLC", then URZ responds that after a diligent search and inquiry, URZ has been unable to locate or identify any responsive documents within its possession, custody, or control.

DATED:  June 29, 2023

By:_____

Louis F. Teran
SLC Law Group
1055 E. Colorado Blvd., Suite 500
Pasadena, CA 91106
Phone:  818-484-3217 x200
Email: lteran@slclg.com


ATTORNEY FOR URZ TRENDZ, LLC.

## <u>PROOF OF SERVICE</u>

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My electronic notification address is lteran@slclg.com.

On June 29, 2023, I served the within document(s) described as:

## <u>URZ TRENDZ, LLC'S RESPONSE TO SUPPLEMENTAL SUBPOENA</u>

on the interested parties in this action as stated below:

SEE ATTACHED SERVICE LIST

_X_   I placed a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above.  I deposited each such envelop for mailing with USPS on that same day.

_X_   I emailed all of the pages of the above-entitled document to the recipients' emails as indicated in the attached service list.

____   I faxed all of the pages of the above-entitled document to the recipients' facsimile number as indicated in the attached service list.

____   I caused all of the pages of the above-entitled document to be delivered by hand to the offices of each recipient as indicated in the attached service list.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

DATED:  June 29, 2023

By:_____

Louis F. Teran

11

## SERVICE LIST

Spectrum Laboratories, LLC v. URZ Trendz, LLC
Case No. 4:22-cv-03705

Kasi Chadwick
HICKS THOMAS, LLP
700 Louisiana St., Suite 2300
Houston, TX 77002
Phone: 713-547-9100
Emal:  kchadwick@hicks-thomas.com

Attorneys for Plaintiff Spectrum Laboratories, LLC


By:_____

Louis F. Teran

Attorney for URZ TRENDZ, LLC

12