| | | |
|---|---|---|
| **SPECTRUM LABORATORIES, LLC,** an Ohio Limited Liability Company. | § § § | |
| *Plaintiff,* | § § | **CIVIL ACTION NO. 4:22-cv-03705** |
| **v.** | § § § | **JUDGE CHARLES ESKRIDGE** |
| **DOES #1-10,** | § § | |
| *Defendants.* | § § § | |

## SPECTRUM'S MOTION TO STRIKE URZ'S UNTIMELY RESPONSE

Spectrum Laboratories, LLC ("Spectrum") moves to strike the untimely "Opposition to Plaintiff's Motion for Sanctions" [Dkt. 84] (the "Response") filed by URZ Trendz, LLC ("URZ").

### Nature and Stage of Proceedings

URZ has repeatedly flaunted the discovery process and violated this Court's orders. As a result, by Court order, Spectrum was permitted to move for relief from URZ's discovery abuses and failure to abide by the Court's prior orders. Dkt. 80 (the "Order"). The Order prescribed the deadlines by which any motion, response, and reply must be filed to allow all issues to be fully briefed prior to a January 22 discovery hearing. *Id*. Spectrum timely filed its Motion for Sanctions on December 13, 2023 (the "Motion"). Dkt. 83. In violation of yet another of the Court's orders, URZ did not timely

file its Response. URZ also has neither sought nor proven it is entitled to an extension of the deadline. Accordingly, URZ's Response should be stricken.

**<u>Statement of Facts</u>**

The Court's Order setting the deadlines for Spectrum's motion for relief from discovery abuses was signed on November 29, 2023. Dkt. 80. The Order provided:

> Spectrum may within <u>14 days</u> bring any appropriate motion for relief regarding discovery abuses and failure by URZ to abide by Court order. This may include request for necessary, intrusive electronic discovery and/or physical inspection of premises, files, and electronic devices to satisfy completeness of a responsive search. The court also has under advisement whether the time is yet appropriate to strike defenses in this action or impose other sanctions.

*Id.* (emphasis added). The order also provided that "URZ must respond within <u>10 days</u> and show cause why any requested relief and sanctions are unwarranted." *Id.* (emphasis added).

Spectrum's Motion was therefore due on **December 13, 2023**. Spectrum timely filed its Motion on that date. Dkt. 83.

After applying Federal Rule of Civil Procedure 6, URZ's Response was due on **December 26, 2023**. URZ filed its Response on January 3, 2024, more than a week after the deadline. Dkt. 84. URZ did not move the Court for an extension prior to the deadline. As of the time of this filing, URZ still has not sought an extension of the deadline for its Response. Instead, on information and belief, URZ decided that the Court's general procedures, not its Order specific to the Motion and Response, applied.

<h2 align="center"><strong><u>Issues Requiring Resolution</u></strong></h2>

1. Should URZ's "Opposition to Plaintiff's Motion for Sanctions" [Dkt. 84] be stricken from the record as untimely and in violation of the Court's order?

The decision to grant a motion to strike is within the court's discretion. *Jacobs v. Tapscott,* 2004 WL 2921806, at *2 (N.D.Tex. Dec.16, 2004), *aff'd on other grounds,* 277 Fed. Appx. 483 (5th Cir.2008).

<h2 align="center"><strong><u>Law and Argument</u></strong></h2>

As shown above, URZ's Response was filed on January 3, 2024, more than a week after the deadline of December 26, 2023. *See* Dkt. 84; *see also* Fed. R. Civ. P. 6(b).

As a result, URZ's Response is untimely and should be stricken. *See, e.g., Hunter v. CitiMortgage, Inc.*, No. CV H-11-2966, 2012 WL 13054486, at *3 (S.D. Tex. Mar. 7, 2012) (Hoyt, J) (striking untimely response to motion to dismiss); *Garcia v. City of Mcallen*, No. 7:19-CV-00068, 2020 WL 4934582, at *5 (S.D. Tex. Aug. 24, 2020), *aff'd sub nom. Garcia v. City of McAllen, Tex.*, 853 Fed. Appx. 918 (5th Cir. 2021) (Alvarez, J.) (striking untimely response to summary judgment).

The Court's Order prescribed the timeline for fully briefing the issues addressed in the Order and Motion prior to the discovery hearing set on Monday, January 22, 2024 ("Hearing"). Dkt. 79. And, in fact, the Order states that "URZ Trendz is advised that the hearing will be cancelled upon adequate showing with its response that it has immediately and fully complied in good faith with the Court's prior order and the Federal Rules of Civil Procedure. *See* Dkt. 63." Dkt. 80.

To the extent that URZ relies upon Court Procedure 17(f) to argue that its Response is timely, that reliance is flawed. The Court's Order [Dkt. 80] overrules 17(f) by specifically requiring that the Response be filed within 10 days of Spectrum's Motion. It is believed that the Court set the Motion and Response deadlines in its Order [Dkt. 80] to provide sufficient time to review the filings and decide whether to proceed with the Hearing. By filing its Response more than a week late, URZ has again shown its disdain for the Court's orders, and shortened the time that the Court has to review and consider the parties' briefing.

Thus, it is appropriate for the Court to strike URZ's Response.

### **Conclusion and Prayer for Relief**

Spectrum respectfully requests that the Court grant this Motion to Strike URZ's "Opposition to Plaintiff's Motion for Sanctions" [Dkt. 84]. Spectrum further seeks all further relief, in law and in equity, to which it may be entitled.

DATED: January 10, 2024

Respectfully submitted,

By: */s/ Matthew J. Cavanagh*
    David B. Cupar (*pro hac vice*)
    *Attorney in Charge*
    Ohio Bar No. 71622
    dcupar@mcdonaldhopkins.com
    Matthew J. Cavanagh (*pro hac vice*)
    Ohio Bar No. 79522
    mcavanagh@mcdonaldhopkins.com
    **MCDONALD HOPKINS LLC**
    600 Superior Avenue, East
    Suite 2100
    Cleveland, Ohio 44114
    Telephone: 216.348.5400
    Facsimile: 216.348.5474

By: */s/ Courtney Ervin*
    Courtney Ervin
    Texas Bar No. 24050571
    SDTX No. 611093
    cervin@hicks-thomas.com
    **HICKS THOMAS LLP**
    700 Louisiana St., Suite 2000
    Houston, Texas 77002
    Telephone: 713.547.9100
    Facsimile: 713.547.9150

**ATTORNEYS FOR PLAINTIFF**
**SPECTRUM LABORATORIES, LLC**

## CERTIFICATE OF WORD COUNT

In accordance with Section 18(c) of the Court's procedures, I certify that this document contains 809 words, exclusive of the caption, signature block and certificates of service and conference.

*/s/ Courtney Ervin*
Courtney Ervin

## CERTIFICATE OF CONFERENCE

Plaintiff's counsel sent email correspondence to Defendant's counsel under Court Procedure 17(a) on January 4, 2024 regarding the basis for this motion. Defendant counsel's response indicates disagreement with the basis for this motion, citing Court Procedure 17(f). Plaintiff's counsel called Defendant's counsel on the telephone at 9:38 a.m. on January 5, 2024, seeking to confirm Defendant's opposition to the Motion, advising that the Motion would be filed by close of business, and advising that the Motion would be presumed opposed if Defendant's counsel did not call back prior to filing. Plaintiff's counsel called again at 4:30 p.m. Defendant's counsel did return either call, and the Motion is therefore opposed.

*/s/ Courtney Ervin*
Courtney Ervin

## CERTIFICATE OF SERVICE

Service of this document on counsel of record was accomplished automatically through the Court's Notice of Electronic Filing on this, the 10th day of January, 2024.

*/s/ Courtney Ervin*
Courtney Ervin