**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SPECTRUM LABORATORIES,** | § | |
| **LLC., an Ohio Limited Liability** | § | |
| **Company.** | § | |
| | § | **CIVIL ACTION NO. 4:22-cv-03705** |
| | § | |
| *Plaintiff,* | § | |
| | § | **JUDGE CHARLES ESKRIDGE** |
| **v.** | § | |
| | § | |
| **DOES #1-10,** | § | |
| | § | |
| *Defendants.* | § | |

**SPECTRUM'S REPLY BRIEF IN SUPPORT OF MOTION FOR SANCTIONS**

Subject to and without waiving its Motion to Strike URZ's Untimely Response (ECF #85), Spectrum Laboratories, LLC files this reply in support of its Motion for Sanctions. (ECF #83.)

**SUMMARY**

URZ's conduct warrants sanctions for the following non-exhaustive reasons. During a Discovery Hearing held on August 29, 2023, URZ represented to the Court that it had no documents responsive to Spectrum's written discovery, a representation then proved to be false when URZ subsequently produced six pages of documents in response to the Court's Discovery order. Now, only after a second Court order issued on November 29, 2023, and on the eve of the Court's deadline for Spectrum to file a motion for sanctions, URZ has produced another 47 pages of documents, when it previously represented to the Court it had none. URZ's misrepresentations and failure to timely

{}33068121.1

produce all responsive documents and information warrants the sanctions sought here, which include but are not limited to, permitting a forensic inspection of URZ's electronic documents to ensure URZ fully complies with its discovery obligations.

**REPLY**

**I.      The record in this case easily rebuts URZ's unsupported argument that it complied with the Court's Orders to produce discoverable information.**

URZ argues that the Court should not sanction URZ because it purportedly complied with the Court's Orders, calling its actions "proportional to the needs of the case." (ECF #84 at 1.)

URZ first argues that the 47 pages of documents it produced on December 9, 2023 should prevent the Court from imposing sanctions because its production was merely "largely duplicative to the information" in the six pages URZ previously produced.  (*Id.* at 2.)  URZ's argument is exactly why the Court should impose sanctions on URZ.  URZ provides no explanation as to why it failed to timely produce those 47 pages of responsive documents.  URZ also does not represent that it has produced all responsive documents in accordance with the Court's prior discovery orders.  Further, it is particularly troubling that URZ identifies its December 9 production as "duplicative" of documents produced months ago, given that URZ's tardy December 9 production is six times greater than what it previously produced in response to the Court's Order entered on September 5, 2023.  URZ's refusal to participate in the discovery process by providing all responsive documents only highlights that URZ's alleged compliance with the Court's

2

Orders is not trustworthy.  Therefore, URZ's December 9 production is further evidence of sanctionable behavior by URZ.

URZ next argues that its failure to produce documents that include any dates for any of its transactions is not odd, questionable or sanctionable, but rather something that Spectrum merely "complains" about.  (ECF #84 at 2-3.)  This is a meritless and disingenuous argument.  First, the Court's Orders required URZ to produce such information.  Second, business owners customarily and in the regular course of business keep records of dates of transactions to, for example, pay taxes, show proof of sale, etc.  URZ's nonchalant attitude, and its delay of production until one day before the deadline to file a motion for sanctions, only highlights the need for sanctions against URZ to deter such conduct in future and emphasize that good faith compliance with its discovery obligations is a requirement, not an option.

URZ next argues that its refusal to produce specific invoices and receipts is not sanctionable either.  (ECF #84 at 3.)  This argument makes no sense in light of the Court's Discovery Orders that ordered the production of these very documents.  Likewise, URZ's argument that Spectrum proposed to produce revenue reports providing all sales information in lieu of the underlying individual invoices and purchase orders is without merit, because Spectrum's revenue reports provide _all_ sales information in a summary format, which is proper.

URZ provides further evidence of sanctionable behavior by incorrectly arguing that its failure to produce any documents showing the sale of 112 Quick Fix products to Spectrum's private investigator is not sanctionable.  (ECF #84 at 3-4.)  Once again, the

Court twice ordered URZ to produce all responsive, discoverable documents regarding its sales of Quick Fix.  The fact that URZ was only caught for not producing such sales documents due to a private investigator purchasing Quick Fix products from URZ further underscores the untrustworthiness of URZ's representations that it has provided complete, responsive discovery.  URZ's behavior supports sanctions.

URZ's unsupported attorney argument that sanctions should not be imposed because this is a $12,000 case is also unavailing.  (ECF #84 at 4.)  URZ provides no foundation for that figure.  Assuming that figure is based on URZ's document production leading to this Motion for Sanctions, then the Court should trust that figure as much as it should trust URZ's accountability in searching for, reviewing and producing all responsive and discoverable documents.

URZ next repeats its earlier argument that its December 9 production is duplicative and is not proportional to the needs of this case, conveniently ignoring the important fact that the Court has already *twice* found that the requested discovery *is* proportional to the needs of the case and ordered URZ to produce documents responsive to same.  (ECF #84 at 4-5.)  URZ's obdurate refusal to comply with its Court-ordered discovery obligations warrants sanctions.

URZ asserts that "internal and external communications do not exist."  (ECF #84 at 5.)  URZ's conduct to date cannot help but create distrust in such an implausible statement..  Given URZ's behavior to date, it would be an appropriate sanction to require URZ to provide evidence to the Court and to Spectrum of its assertion through analysis of URZ's emails and documents by a third-party electronic discovery vendor.

URZ's argument that it complied with both of the Court's discovery orders is demonstrably false.  (ECF #84 at 5-7.)  If URZ had complied with the Court's first discovery order, no second discovery order would have been necessary.  The Court issued its second, November 29, 2023, order because of URZ's continued refusal to comply with its discovery obligations under the law.  URZ's arguments repeat the same arguments that the Court previously rejected.  The Court should again reject these arguments.

Finally, URZ argues that it should not be sanctioned because Spectrum allegedly failed to comply with the Court's meet and confer requirements.  The Court should categorically reject this self-serving excuse, and recognize that URZ's complaint on this topic is, in fact, a self-inflicted wound brought about by failing to comply with its discovery obligations to the point of requiring multiple Court orders.

## III.   Conclusion

Spectrum respectfully requests that the Court grant Spectrum's Motion for Sanctions (ECF #83) and for all further relief to which it is justly entitled.

DATED: January 15, 2024

Respectfully submitted,

By: */s/ David B. Cupar*

David B. Cupar (*pro hac vice*)
*Attorney in Charge*
Ohio Bar No. 71622
dcupar@mcdonaldhopkins.com
Matthew J. Cavanagh (*pro hac vice*)
Ohio Bar No. 79522
mcavanagh@mcdonaldhopkins.com
**MCDONALD HOPKINS LLC**
600 Superior Avenue, East
Suite 2100
Cleveland, Ohio 44114
Telephone: 216.348.5400
Facsimile: 216.348.5474

By: */s/ Courtney Ervin*

Courtney Ervin
Texas Bar No. 24050571
SDTX No. 611093
cervin@hicks-thomas.com
**HICKS THOMAS LLP**
700 Louisiana St., Suite 2000
Houston, Texas 77002
Telephone: 713.547.9100
Facsimile: 713.547.9150

**ATTORNEYS FOR PLAINTIFF
SPECTRUM LABORATORIES, LLC**

## CERTIFICATE OF WORD COUNT

In accordance with Section 18(c) of the Court's procedures, I certify that this document contains 1,088 words, exclusive of the caption, signature block and certificates of service and conference.

*/s/ Courtney Ervin*
Courtney Ervin

## CERTIFICATE OF SERVICE

Service of this document on counsel of record was accomplished automatically through the Court's Notice of Electronic Filing on this, the 15th day of January, 2024.

*/s/ Courtney Ervin*
Courtney Ervin