**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **SPECTRUM LABORATORIES, LLC.**, an Ohio Limited Liability Company, Plaintiff, vs. **DOES #1-10**, Defendants. | CIVIL ACTION NO. **4:22-CV-03705** JUDGE CHARLES ESKRIDGE |

**ORDER GRANTING IN PART MOTION FOR SANCTIONS**

Plaintiff Spectrum Laboratories, LLC filed its Motion for Sanctions (the "Motion") [Dkt. 83]. The Court has considered the Motion and any responsive papers thereto and heard from the parties at the February 13, 2024 Motion Hearing [Dkt. 97].

The Court finds as follows: DENIED to the extent that it requested sanctions for the reasons stated on the record. But it is GRANTED to the extent that it requested further specification and enforcement of prior discovery orders. It is ORDERED that Spectrum Laboratories must pay the cost of the ESI vendor in the first instance. If later production of relevant documents suggests substantial noncompliance to this point by URZ Trendz, Spectrum Laboratories may bring a motion to shift costs;

The Court ORDERS the following:

1. URZ shall make the following ESI sources available for forensic copying and searching by Spectrum's ESI vendor

1

(and otherwise assist Spectrum and its ESI vendor in obtaining those copies):

    A.    Each email account that URZ (including its owners or representatives) use for any business purpose and that can be fully accessed and copied through a web browser (e.g., Gmail, Yahoo, Microsoft 365, etc.).

. . .

**Comment:** URZ disputes this sentence and contends that only email accounts in the "possession, custody, or control" of URZ may be searched. Spectrum believes that any email accounts used by URZ, its owners, employees, or representatives for URZ "business purposes" would be within the possession, custody, or control of URZ, regardless of whether the individual contends that the email account is "personal."

Despite Spectrum's request, URZ has not identified any individuals associated with URZ, nor has it identified what email accounts each such individual uses for URZ business.

. . .

For these email accounts, URZ should produce the name of the email provider, the user name and password, and any other information or assistance needed to access and copy the accounts. With that information, Spectrum's ESI vendor should be able to make a forensic copy of the email accounts through web access and run keyword searches, such as "Spectrum," "Quick Fix," "QF," and "counterfeit."

. . .

        **Comment:** URZ disputes this clause and contends that "Quick Fix" should be the only keyword searched. Spectrum contends that, at the start, the parties should not be limited to just one keyword, but instead should select several keywords likely to yield discoverable emails. Spectrum contends that "Quick Fix" only is too limiting because emails or computer files referencing "Spectrum," "QF" (a common abbreviation for Quick Fix), and "counterfeit" are likely to yield discoverable emails concerning counterfeit Quick Fix, and they are not likely to yield a large percentage of false hits.

. . .

B.    Each email account that URZ (including its owners or representatives) use for any business purpose and that operate on a private email server or a server hosted by a third-party that cannot be accessed and copied through a web browser.

. . .

        **Comment**: Similar to subpart (A) above, URZ disputes this sentence and contends that only email accounts in the "possession, custody, or control" of URZ may be searched. Spectrum believes that any email accounts used by URZ, its owners, employees, or representatives for URZ "business purposes" would be within the possession, custody, or control of URZ, regardless of whether the individual contends that the email account is "personal."

        Despite Spectrum's request, URZ has not identified any individuals associated with URZ,

3

        nor has it identified what email accounts each such individual uses for URZ business.

. . .

C.     Each hard drive, server, cell phone, laptop or desktop computer, and tablet or other electronic device that URZ (including its owners or representatives) use for any business purpose.

. . .

**Comment:** Similar to subparts (A) and (B) above, URZ disputes this sentence and contends that only hard drives, devices, and other ESI sources in the "possession, custody, or control" of URZ may be searched. Spectrum believes that any hard drives, devices, or other ESI sources used by URZ, its owners, employees, or representatives for URZ "business purposes" would be within the possession, custody, or control of URZ, regardless of whether the individual contends that the hard drives, devices, or other ESI sources are "personal."

Despite Spectrum's request, URZ has not identified any individuals associated with URZ, nor has it identified what hard drives, devices, or other ESI sources each such individual uses for URZ business.

. . .

D.     Any database or software through which URZ transacts or tracks sales, e.g., QuickBooks.

2.     URZ shall identify every bank account through which it transacts any business, including the name of the bank

4

        and account numbers. An order allowing Spectrum to issue subpoenas to those banks to try and trace payments to others responsible for the counterfeiting or through whom URZ has obtained *Quick Fix*.

        . . .

        **Comment:** URZ disputes this provision #2 entirely.

        Spectrum contends that the bank names are necessary and relevant at least to trace URZ's payments for counterfeit product to those responsible, and to identify any anomalous payments (which may indicate payments for counterfeits).

        Furthermore, the Court has already granted this request. *See* Dkt. 97 ("The parties were ORDERED to confer as to an exact order, substantially in the form of previously submitted by Spectrum Laboratories. See Dkt. 83-6 at 13, points 1-4, 7)").

        . . .

3.     URZ shall produce all records of purchases and sales of *Quick Fix*, as it was previously ordered to produce, including all receipts (or other proof of sale records) and all URZ payment records (including ACH/wire confirmations, cancelled checks, and bank records).

        . . .

        **Comment:** URZ disputes this provision because it contends it is redundant of what the Court previously ordered URZ to produce.

> Spectrum contends it is necessary to ensure all such responsive records are produced, and there is no harm in ordering URZ a second time to produce a complete set of these important and relevant records.
>
> Furthermore, the Court has already granted this request. *See* Dkt. 97 ("The parties were ORDERED to confer as to an exact order, substantially in the form of previously submitted by Spectrum Laboratories. See Dkt. 83-6 at 13, points 1-4, 7)").

. . .

4. URZ shall identify each physical locations where it conducts business or stores any business records or information, and that URZ make those locations available for physical inspection by Spectrum, including providing full access to any business records and providing assistance to Spectrum in locating and examining such records.

. . .

> **Comment:** URZ disputes that Spectrum or its counsel should be permitted to inspect URZ's physical locations.
>
> Spectrum contends that it should be permitted because, as business people in this industry, they will know what to look for and will know the relevance of what is seen at the inspection. Spectrum's counsel needs to attend the inspection in real-time because they will know what is relevant, and need to observe the inspection first-hand to advocate for their client in this litigation. Having a third-party, unrelated to the litigation, perform the inspection will not be as effective as having Spectrum and its

        counsel conduct the inspection. URZ also has not cited any law supporting the unusual request of barring Spectrum and its attorney from obtaining and viewing discovery.

. . .

5.     URZ's failure to comply will result in additional monetary sanctions and a default judgment against it in Spectrum's favor.

. . .

        **Comment:** URZ disputes this term and urges its removal. Spectrum believes this term is necessary to properly incentivize URZ to fully comply with the Court's order, and Spectrum believes this is term #7, which the Court ordered to be included at Dkt 97.

. . .

So ORDERED.

    Signed on _____, at Houston, Texas.

        _____
        Hon. Charles Eskridge
        United States District Judge