# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SPECTRUM LABORATORIES, LLC., an Ohio Limited Liability Company. | § § § § | |
| *Plaintiff,* | § | CIVIL ACTION NO. 4:22-cv-03705 |
| | § | |
| v. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| DOES #1-10, | § | |
| *Defendants.* | § | |

## SPECTRUM'S OPPOSITION TO URZ'S MOTION FOR RECONSIDERATION

### I. INTRODUCTION

URZ's motion for reconsideration (ECF #99) is without merit as it merely re-raises uncompelling attorney arguments easily belied by the record, the law, and the facts.

The discovery the Court ordered is routine and fair, based on URZ's discovery misconduct. (ECF #97.) This is a counterfeiting case in which every other party served with subpoenas a year ago – other than URZ – complied quickly and fully. URZ's motion begs a larger question: why has URZ fought so hard against producing discovery the past year if it has done nothing wrong? In April 2023, URZ and its counsel Louis Teran stated that URZ had no responsive documents after Mr. Teran asked his client what responsive documents it had regarding Quick Fix. This representation was both false and clearly inadequate because a private investigator purchased more than 100 units of Quick Fix just prior to Spectrum serving its subpoena.

Having been caught with that false representation, URZ then repeatedly argues, without law or evidence, that it does not have to comply with discovery because URZ sold

only $3,000 in Quick Fix. The Court's order went so far as to order Spectrum (not URZ) to pay for the costs of the third-party ESI vendor to alleviate URZ's cost issue. (ECF #97.)

The Court also gave URZ repeated chances to show evidence as to how it complied with the Court's prior discovery. After one year, Mr. Teran appeared before the Court at the February 13, 2024 hearing and admitted he did only one thing: he asked his client whether they produced everything. This is exactly the same procedure Mr. Teran used nearly a year ago when he stated that there are no responsive documents relating to Quick Fix. The Court correctly ordered discovery that would hold URZ and Mr. Teran accountable to the Federal Rules of Civil Procedure and the Court's prior orders.

Having no excuse whatsoever for its continued non-compliance, URZ now files its 23-page motion blaming the Court and Spectrum while using the same arguments the Court already rejected. URZ's motion has again delayed lawful discovery and unduly prejudiced Spectrum. The Court should deny URZ's motion in its entirety.

II. **FACTUAL SUMMARY**

The relevant facts and procedural history up to December 13, 2023 are laid out in Spectrum's prior motion for sanctions. (ECF # 83.) The Court ordered URZ to explain how it complied with the Court's previous orders compelling discovery. (ECF #80.) URZ's brief (ECF #82) did not provide any evidence (*e.g.*, declarations, use of forensic expert, etc.) showing that any work URZ or its counsel performed complied with the Court's orders.

Spectrum simultaneously moved for sanctions based on URZ's non-compliance with the Court's Orders. (ECF #83.) Spectrum proposed an order to obtain discovery from URZ in a manner that ensured compliance with the Court's Order, including imaging by a

third party forensic along with keyword searches, an inspection of URZ's facility, and the bank names and account numbers for each of URZ's bank accounts. (*Id.*)

URZ filed its tardy opposition brief on January 3, 2024. (ECF # 84.) URZ's opposition did <u>*not*</u> address any of the terms of Spectrum's proposed order.

Because URZ failed to present any evidence on what steps it took to comply with the Court's Order, the Court held a hearing on Spectrum's motion for sanctions on February 13, 2024. (ECF # 97.) At the hearing, URZ's counsel confirmed that neither he nor anyone else in his law office performed any of the document searches at URZ despite the Court's two Orders requiring compliance. Instead, URZ's counsel stated that the only proof of compliance was that his client said so. (**Exhibit 1**, Excerpts from Transcript of 02/13/24 hearing at 42:21-43:22.)

The Court ordered further discovery and for the parties to work together "as to an exact order" regarding such discovery. (ECF #97.) The Court advised Mr. Teran to admonish his client that any misrepresentations made to the Court about discovery would be taken seriously. (*Id.*)

The Court's February 13, 2024 Order further granted enforcement of Spectrum's prior discovery requests and provided Spectrum with the right to inspect, via a third-party ESI vendor, URZ's records for responsive documents with Spectrum initially paying costs. (ECF #97 (citing ECF #83-6).)

Instead of complying with the Court's Order (ECF #97), URZ has filed a Motion for Reconsideration. (ECF #99.) As set forth below, URZ's motion reiterates the same tired

and uncompelling arguments the Court already rejected. The Court should deny URZ's motion in its entirety.

## III. LAW AND ARGUMENT

### A. URZ's motion ignores its refusal to comply with prior discovery orders, which is the basis for the Court's order for more invasive discovery.

The Court's basis for its Order (ECF # 97) is URZ's nearly year-long refusal to comply with the Federal Rules of Civil Procedure or the Court's prior discovery orders and the undue prejudice caused to Spectrum based on URZ's recalcitrance. URZ's refusal to comply with discovery is demonstrated by URZ's shifting representations to Spectrum and the Court in the past year, moving from (1) no responsive documents exist, to (2) six pages of responsive documents exist, and then to (3) 46 pages of responsive documents exist. Because URZ's motion does not address its wrongful conduct that serves as the basis for the Court's Order, the Court should deny URZ's motion.

Ignoring its long list of wrongdoing that served as the basis for the Court's Order, URZ's argues that its non-compliance means Spectrum did not "present any evidence to justify forensic discovery" so that the Court should grant URZ's motion. (ECF #99 at 6-8; URZ repeating same argument at 20-21.) That argument is not only a basis to _deny_ URZ's motion, but is deserving of a Chutzpah Award. *See Dainippon Screen Mfg. Co. v. CMFT, Inc.*, 142 F.3d 1266, 1271 (Fed. Cir. 1998) (rewarding litigant with "chutzpah award" and noting that "chutzpah" describes "the behavior of a person who kills his parents and pleads for the court's mercy on the ground of being an orphan").

URZ's wrongdoing (its refusal to comply with discovery) is the very cause for its lack of evidence argument in its motion. Much like a non-compliant student failing to submit his homework but then arguing that his lack of homework means he did not technically get any of the answers wrong, the Court should reject the URZ's bold and meritless "no evidence" argument based on URZ's refusal to comply with the law.

Also, the case law URZ approvingly cites, *Simon Property Group* and *Playboy Enterprises*, supports the Court's Order that URZ's behavior demonstrates the need for and justification of forensic discovery. (ECF #99 at 7.) Because the law URZ cites contradicts its position and supports the Court's Order, the Court should deny URZ's motion.

**B. The Court's prior Orders belie URZ's incorrect burden argument.**

URZ ignores the language in the Court's show cause order (ECF #80) to incorrectly argue that Spectrum, not URZ, has the burden on whether URZ complied with the Court's prior discovery orders. (ECF #99 at 8-12 ("Plaintiff fails to present any evidence that Defendant is withholding anything.").)

URZ has it backwards. The Court specifically ordered "<u>URZ Trendz must respond within 10 days and show cause why any requested relief and sanctions are unwarranted</u>." (ECF #80 at 2 (emphasis added).) The Court also stated that "URZ Trendz is advised that the hearing will be cancelled upon adequate showing with its response that it has immediately and fully complied in good faith with this Court's prior order [ECF #63] and the Federal Rules of Civil Procedure." (*Id.*)

Neither URZ's memorandum (ECF #81) nor its arguments at the February 13, 2024 hearing (ECF #97) provided any evidence showing what steps URZ took to comply with

the Court's prior Orders. In fact, URZ's counsel admitted that he did absolutely nothing to ensure URZ's compliance other than to ask URZ whether it produced all documents. As the Court will recall, the first time URZ's counsel asked URZ this question nearly a year ago, URZ wrongly answered it had no responsive documents. The second time URZ's counsel asked that question to his client, URZ incorrectly responded with only six pages. The third time URZ's counsel asked this question, URZ produced 46 pages. URZ's actions support the Court's Order of forensic discovery.

The Court laid out its reasoning that warranted such compliance from URZ – which URZ's motion did not address:

> THE COURT: I would -- there's my prior orders here indicate that there have been -- I had prior hearings on discovery in this matter. They indicate that I've had concerns about the fullness and completeness of compliance. And that's still not allayed here.
> And what I'm hearing is that there is an unsophisticated client here in Houston who has been left to its own devices to do a record search for production that complies with Federal discovery rules.
> And I think that Plaintiff shows reasons why there's at least some doubt as to whether that has been fully stated. I have it pending in front of me as a motion for sanctions. I am thinking what I'm going to do here is a further order that is not an order of sanctions, but that is in line with some of the requests that Spectrum Laboratories is asking for, specifically, how discovery will proceed now in the future, which I would enter not as a sanction, but as an order to comply with discovery obligations.

(**Ex. 1**, Excerpts of Transcript of 02/13/24 hearing at 32:5-22.) Because URZ's motion does not address, let alone find fault with, the Court's reasoning for its Order, the Court should deny URZ's motion.

### C. The Court should reject URZ's red herring arguments blaming Spectrum for URZ's repeated refusal to comply with the Court's Orders.

URZ next attempts to deflect its unlawful conduct onto Spectrum, arguing that Spectrum's counsel "misrepresented" the fact that URZ did not produce any "supplier" information. (ECF #99 at 8-9.) URZ's red herring argument is neither relevant nor accurate. It is irrelevant because URZ has not shown compliance with discovery; whether URZ produced none or just some supplier information does not answer whether URZ's production is complete, which is the basis for the Court's Order.

It also is inaccurate because Spectrum's counsel specifically stated, "I just don't know" as to whether URZ produced any or all supplier information, which is not a misrepresentation of fact. (ECF #96 at 13:6.) It is also inaccurate because it is based on counsel for URZ's unsupported attorney statement without evidence that because he says URZ produced all supplier information it must be true. (ECF #99 at 9 (counsel citing to his own statement in "prior letter to this Court" that URZ produced all supplier evidence).) Counsel for URZ's citation to his own prior argument from a letter he wrote does not make it evidence or fact. Because URZ relies on its counsel's attorney argument to argue compliance, the Court's Order is proper and URZ's motion should be denied.

URZ argues that Spectrum misrepresented that URZ did not produce all of the facts surrounding the purchase of 112 Quick Fix-labeled items by its private investigator. (ECF

#99 at 9.) A simple comparison of the private investigator's receipt from URZ and the minimal production from URZ shows that ESI exists that URZ hasn't produced. For example, the receipt identifies a specific receipt number, a specific SKU number for the Quick Fix product, the URZ employee who sold it, the date, the type of transaction (cash or credit card), etc., that URZ's production did not include. (ECF #83-4 at 2.) Again, the Court provided URZ with the opportunity to show evidence as to how its production was complete but, other than attorney argument, URZ failed to do so. The Court's Order is proper.

URZ next argues that "the Court lacks the authority to compel the production of documents that *Defendant asserts* do not exist." (ECF #99 at 9 (emphasis added).) First, that argument is based on representations by URZ's counsel, which the Court already determined was insufficient. (ECF #97.) Second, URZ mischaracterizes the *Payne* case. In *Payne*, the Court stated that it would not compel production of documents that it had *reasonable belief* no longer existed based on the facts of the case, and went on to compel production because defendant produced some documents that it previously argued didn't exist. *Payne v. Forest River, Inc.*, No. CIV.A. 13-679-JJB, 2015 WL 1912851, at *4 (M.D. La. Apr. 22, 2015). The *Payne* case does *not* stand for URZ's argument that representations by URZ's counsel based on asking his client whether it produced all documents are sufficient.

URZ next argues that "[p]laintiff fails to present any evidence whatsoever, direct or circumstantial, that Defendant is withholding any communication." (ECF #99 at 10.) In support of this argument URZ's counsel mischaracterizes the holding of its cited case law

in *NOLA Spice Designs*. (ECF #99 at 10.) In *NOLA Spice Designs,* the Court states that courts have permitted "orderly computer forensic examinations where the moving party has demonstrated that its opponent has defaulted in its discovery obligations by unwillingness or failure to produce relevant information by more conventional means." *Nola Spice Designs, LLC v. Haydel Enters.*, No. 12-2515, 2013 U.S. Dist. LEXIS 108872, at *7 (E.D. La. Aug. 2, 2013). This case undermines URZ's own motion.

URZ argues that Spectrum's counsel "blatantly and audaciously lied to this Court" about how Spectrum figured out URZ was selling Quick Fix. (ECF #99 at 10-11.) First, this argument is irrelevant because the Court did not base its Order on it. (ECF #99.) Second, URZ uses quotations of Spectrum's counsel, such as how counsel prefaced his statement with "don't hold me too much to it," "pointed the finger," "generally speaking," and "I believe" (*Id.* at 10.) to make a classic strawman argument, asserting something Spectrum's counsel did *not* state, namely, that there is: "no evidence URZ has ever *sold* any counterfeit or infringing product to Royal Fragrances…" (*Id.* at 11, emphasis added.) The Court did *not* ask Spectrum whether URZ sold to Royal Fragrances, and Spectrum's counsel did *not* answer in the manner URZ incorrectly states. The Court should reject this red herring.

Because none of URZ's blame-shifting arguments bear any relevance to the Court's basis for its Order, the Court should deny URZ's Motion.

**D. URZ's arguments do not support its assertions of a lack of proportionality.**

URZ next incorrectly argues that any forensic discovery, even after it repeatedly refused to comply with prior Orders, is not "proportional to the case." (ECF #99 at 12-13.) URZ's argument fails for a number of reasons.

URZ waived this proportionality argument by not raising it in its opposition to Spectrum's motion for sanctions. (ECF #84.) *See Templet v. HydroChem Inc.*, 367 F.3d 473 479 (5th Cir. 2004) (denying motion for reconsideration based on unexcused failure to present evidence available at time of summary judgment motion); *Ramon v. WHC, LLC*, No. MO:18-CV-00178-DC, 2019 U.S. Dist. LEXIS 242813, at *4 (W.D. Tex. Sep. 27, 2019) (denying motion for reconsideration based on argument defendant failed to present in its response to motion for remand). The Court should reject this waived argument.

The Court also ordered Spectrum—not URZ—to shoulder the cost of forensic discovery and that costs would only revert back to URZ if the documents and ESI produced shows information different than what Mr. Teran represented. (ECF #97 at 2.)

> The Court addressed oral request by Spectrum Laboratories that URZ Trendz shoulder the cost of the ESI vendor in the first instance.
> It was ORDERED that Spectrum Laboratories must pay the cost of the ESI vendor in the first instance. If later production of relevant documents suggests substantial noncompliance to this point by URZ Trendz, Spectrum Laboratories may bring a motion to shift costs.

(ECF #97, Minute Entry and Order at 2.) The fact that the Court ordered Spectrum to pay for the cost of the ESI vendor strongly supports proportionality. URZ provided no argument to the contrary.

The Court determined that Spectrum's discovery requests were proper in its August 29, 2023 Order. (ECF #63.) URZ did <u>*not*</u> move for reconsideration after the Court issued that Order or argue that responding to those discovery requests would not be proportional. Indeed, URZ produced 46 more pages of documents it previously represented did not exist.

URZ again makes the fox-guarding-the-chicken-house argument that, based on its non-compliant discovery produced, the amount in controversy is $3,000, which is too low to warrant forensic discovery. (ECF #99 at 12.) This argument is not relevant because the Court determined discovery production from URZ is not complete based on the record. (ECF #97.) URZ spending thousands of dollars fighting discovery for the past year, as opposed to complying with the Court's Orders or the Federal Rules of Civil Procedure, a fact that strongly implicates this is not a $3,000 issue as URZ contends. URZ also already briefed this $3,000 argument and the Court rejected it. (ECF #84 at 4.)

Finally, URZ argues that "assuming *arguendo*, a forensic discovery reveals more sales or purchases, then such would only relate to Defendant's profits made from such transactions." (ECF #99 at 13.) URZ's anticipatory argument that any additional discovery that might be revealed if URZ has to comply with the Court's Order would be worthless merely underscores why the Court should deny URZ's motion. Even if URZ's anticipatory argument were true (it is not), liability and damages extend beyond lost profits: discovery of URZ's additional sales would establish counterfeiting, willful infringement, statutory damages, monetary and other sanctions for false representations to the Court, and a permanent injunction.

### E.  The Court should reject URZ's arguments that shift blame to the Court.

URZ next attempts to blame the Court, arguing that the Court's prior discovery orders are now improper. (ECF #99 at 13-15; 16-17.) Far from erring, the Court exercised remarkable patience with URZ, despite URZ's repeated misrepresentations and refusal to comply with the Court's Discovery Orders.

URZ now, for example, argues that it should not be a party in this suit. (*Id.*) If URZ believes that it should not have been a named party, URZ could have filed a Rule 12(b)(6) motion to dismiss Spectrum's third amended complaint. (ECF #62.) The fact that URZ answered the third amended complaint (ECF #64) without moving to dismiss constitutes waiver. Fed. R. Civ. P. 12(b)(6). Further URZ's answer also obligates it fully to the requirements of the Federal Rules of Civil Procedure, including those in Rules 26-37.

URZ also conveniently ignores the fact that each and every non-party other than URZ at that time completely and quickly complied with its Rule 45 obligations.

The instant matter is not a due process issue. URZ and its counsel, Louis Teran, lied to Spectrum and the Court when it stated in response to Spectrum's subpoena that it did not possess responsive documents or information relating to Quick Fix. Spectrum then produced evidence that Spectrum's private investigator purchased 112 units of Quick Fix from URZ prior to serving the subpoena. Despite having notice, URZ then failed to appear for the hearing. (ECF #63.) URZ and its counsel's misrepresentations, refusal to comply with the law and refusal to appear at a hearing after receiving notice from the Court are not violations of due process; they are sanctionable acts.

### F. The Court did not violate the Fourth Amendment.

URZ next incorrectly argues that the Court violated URZ's Fourth Amendment rights. (ECF #99 at 15.) Not surprisingly, URZ does not cite any case law supporting its Fourth Amendment violation. That is because no such law exists.

URZ conveniently ignores that the Federal Rules of Civil Procedure *allow* forensic discovery through an ESI protocol. *See, e.g.,* Rule 34 (allowing requesting party to "inspect, copy, test or sample… (A) any designated documents or electronically stored information…"). URZ's own motion also approvingly cites the Supreme Court of California where the court ordered forensic discovery based on a party's refusal to comply with the FRCP and court discovery orders. *Greyhound Corp. v. Super. Ct. In and For Merced Cnty.*, 364 P.2d 266 (Cal. 1961). The Court should deny URZ's motion on this basis.

### G. URZ took months to produce any discoverable records.

URZ argues that it was given three days to respond to discovery after URZ was added as a party. (ECF #99 at 16.) This argument is baseless. The Court's June 16, 2023 Order provided URZ with seven days after service to comply with discovery obligations. (ECF #53.)

URZ, however, ignored that order and did not produce any discovery until September 22, 2023 when it sent Spectrum six (6) pages. Thus, URZ's argument that the Court afforded it only three days to comply with discovery is baseless. URZ's argument that it had 21 days to produce discovery under the Federal Rules is irrelevant because URZ failed to produce anything until three months after being served on June 22, 2023.

Respectfully, this Court has been patient with URZ, and it should dismiss URZ's arguments to the contrary.

**H. URZ is a properly named defendant.**

URZ re-argues that it should not have been named as a defendant, and this should justify all of its non-compliance with prior Court Orders. (ECF #99 at 17-20.) Once again, URZ does not cite to any case law in support of its argument. URZ conveniently ignores that the Court ordered that Spectrum could name URZ as a party only after URZ and its counsel misrepresented that no responsive documents or ESI related to Quick Fix existed. (ECF #46.) Spectrum filed its motion for leave to amend to add URZ, which URZ did *not* oppose. (ECF #48-52.) URZ also answered Spectrum's third amended complaint without moving to dismiss. (ECF #64.) URZ is a properly named defendant.

**I. The Court should overrule URZ's objections.**

The Court ordered the parties to meet and confer and to submit a proposed order substantially similar to the one Spectrum proposed:

> The parties were ORDERED to confer as to an exact order, substantially in the form of previously submitted by Spectrum Laboratories. See Dkt 83-6 at 1–3, points 1–4, 7. Spectrum Laboratories must submit such proposal for entry by February 28, 2024, noting any disagreements.

(ECF #97 at 2.)

URZ, however, argues against nearly every aspect of Spectrum's proposed order. (ECF #99 at 21-22.) URZ first argues that it should not have to produce email accounts and electronic devices if they are not in its possession, custody, or control. (*Id.*) URZ's counsel presented no evidence of what URZ did to locate responsive information, and represented

that he only asked URZ whether production was complete. The Court correctly determined this to be insufficient. There is no reason to modify the order in this manner.

Further, the holding in *Kamatani v. BenQ Corp.* correctly rebuts URZ's argument to limit the proposed order:

> It is well-settled that a party is obligated to produce documents within its control, and its obligations are not limited to those documents within the party's physical possession. *Rosie D. v. Romney*, 256 F. Supp.2d 115 (D. Mass. 2003); *Triple Five of Minnesota, Inc. v. Simon*, 212 F.R.D. 523 (D. Minn. 2002); *Comeau v. Rupp*, 810 F.Supp. 1172 (D. Kansas 1992). <u>"Control" does not require that a party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control for discovery purposes when that party has the right, authority, or practical ability to obtain the documents from a nonparty to the suit.</u> *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135 (S.D.N.Y. 1997).

*Kamatani v. BenQ Corp.*, No. 2:03-CV-437, 2005 U.S. Dist. LEXIS 42763, at *18-19 (E.D. Tex. Aug. 5, 2005) (emphasis added). URZ's argument complies neither with the Court's Order nor the legal standard that governs its discovery obligations.

Next, URZ argues that searching its ESI for the terms "Spectrum," "Quick Fix," "counterfeit," and "QF" is overly broad. URZ argues that the search should be limited to the word marks themselves. This argument is illogical, and URZ does not (and cannot) cite any law to support such a statement. In fact, the law supports a reasonableness standard for search terms in ESI. "In evaluating whether search terms . . . were appropriate; Courts will apply a 'reasonableness test' to determine the adequacy of search methodology. An adequate search is one expected to produce the information requested." *Treppel v. Biovail Corp.,* 233 F.R.D. 363, 373–374 (S.D.N.Y. 2006)*; Javeler Marine Servs. LLC v. Cross*,

175 F. Supp. 3d 756 (S.D. Tex. 2016). The proposed search terms "Spectrum," "Quick Fix," "QF", and "counterfeit" are reasonable.

URZ argues that it is improper to disclose its banking information. Spectrum's request and the Court's Order are not improper. Entities that deal in counterfeit items are often best identified using financial records. In addition, URZ agreed to a Protective Order (ECF #42) and, thus, cannot now argue that it is not safe to turn over confidential information.

URZ argues that is improper that it should make its physical locations and business operations available for inspection by Spectrum. That is incorrect. Specifically, Rule 34(a)(2) specifically allows a party "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." URZ bears no unreasonable burden from complying with the Court's Order.

Finally, Spectrum concedes to URZ that its proposed order does not contain a number or point seven. (ECF #97 at 2.) It is simply the last paragraph of the proposed order, and that should remain.

**J. The Court should deny a stay pending appellate review.**

URZ argues for a stay in discovery pending appellate review. URZ's request lacks merit and the Court should deny such relief. District courts apply the standard under 28 U.S.C. § 1292(b) for interlocutory appeals. This standard contains three elements that URZ must meet: "(1) a controlling issue of law must be involved; (2) the question must be one

where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *Gallinghouse v. Black*, No. 16-4261, 2016 U.S. Dist. LEXIS 70214, at *8-9 (E.D. La. May 27, 2016).

URZ ignored this law and did not apply it in its motion. This is because none of these three elements are met here in order to support an interlocutory appeal. It is prejudicial to Spectrum to spend tens of thousands of dollars on an interlocutory appeal based on URZ's refusal to comply with discovery repeatedly ordered by the Court that would cost a fraction of the appeal. The Court should deny URZ's stay request.

## IV. CONCLUSION

The Court should deny URZ's motion for reconsideration (ECF #99).

DATED: March 12, 2024          Respectfully submitted,

By: */s/ David B. Cupar*
    David B. Cupar (*pro hac vice*)
    *Attorney in Charge*
    Ohio Bar No. 71622
    dcupar@mcdonaldhopkins.com
    Matthew J. Cavanagh (*pro hac vice*)
    Ohio Bar No. 79522
    mcavanagh@mcdonaldhopkins.com
    **MCDONALD HOPKINS LLC**
    600 Superior Avenue, East
    Suite 2100
    Cleveland, Ohio 44114
    Telephone: 216.348.5400
    Facsimile: 216.348.5474

By: */s/ Courtney Ervin*
    Courtney Ervin
    Texas Bar No. 24050571
    SDTX No. 611093
    cervin@hicks-thomas.com
    Kasi Chadwick
    Texas Bar No. 24087278
    SDTX No. 2421911
    kchadwick@hicks-thomas.com
    **HICKS THOMAS LLP**
    700 Louisiana St., Suite 2000
    Houston, Texas 77002
    Telephone: 713.547.9100
    Facsimile: 713.547.9150

**ATTORNEYS FOR PLAINTIFF SPECTRUM LABORATORIES, LLC**

## CERTIFICATE OF WORD COUNT

In accordance with Section 18(c) of the Court's procedures, I certify that this document contains 4,177 words, exclusive of the caption, signature block and certificates of service and conference.

*/s/ Courtney Ervin*
Courtney Ervin

## CERTIFICATE OF SERVICE

Service of this document on counsel of record was accomplished automatically through the Court's Notice of Electronic Filing on March 12, 2024.

*/s/ Courtney Ervin*
Courtney Ervin