IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SPECTRUM LABORATORIES, LLC, an Ohio Limited Liability Company, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:22-cv-03705 |
| v. | § § | JUDGE CHARLES ESKRIDGE |
| URZ TRENDZ, LLC A/K/A FLY FRESH SMOKE; and DOES #1-10, | § § § § | |
| Defendants. | § § | |

**Plaintiff's Motion to Preserve ESI Subject to Motion for Sanctions**

Spectrum Laboratories, LLC ("Spectrum") respectfully requests that the Court order URZ Trendz, LLC ("URZ") to produce information regarding its sources of electronically stored information ("ESI") and to permit the forensic copying and preservation of that ESI to prevent spoliation while URZ's mandamus proceeding challenging the Court's prior ESI discovery order is pending.

**I.**
**Nature and Stage of the Proceedings**

This is a Lanham Act case in which URZ is a suspected counterfeiter and infringer of Spectrum's *Quick Fix* product and trademarks. Spectrum has diligently pursued discovery from URZ, but URZ has repeatedly obstructed these efforts. As a result, on May 3, 2024, the Court entered an Order Granting in Part Motion for Sanctions ("ESI Order"), which required, among other things, that URZ make several categories of ESI available for forensic copying and searching by a third-party ESI vendor. Doc. 111. On

May 21, 2024, URZ filed a Petition for Writ of Mandamus seeking to overturn that provision of the ESI Order ("Mandamus Proceeding"), in addition to other provisions. While that Mandamus Proceeding is pending, Spectrum seeks to have the ESI identified by URZ, copied, preserved and stored by a third-party ESI vendor to prevent spoliation and loss of evidence.

URZ has not moved this Court or the U.S. Court of Appeals for the Fifth Circuit for a stay of the Court's ESI Order. Nor has URZ produced any of the information or discovery required by that Order. Therefore, Spectrum could seek to hold URZ in contempt and to seek immediate enforcement of the ESI Order in its entirety. Spectrum, however, is not seeking such relief at this time, but is merely asking for the ESI subject to that order to be preserved so no further evidence is lost during any delay caused by the Mandamus Proceeding. To be clear, Spectrum does not seek access to the ESI, or for the ESI to be searched, until after the Mandamus Proceeding concludes. Spectrum merely seeks to have the ESI vendor preserve the ESI subject to the Court's ESI Order.

## II.
## Issue Requiring Resolution

Should the Court order URZ to allow a third-party ESI vendor to forensically copy, preserve and store URZ's ESI that was the subject of the ESI Order pending the conclusion of the Mandamus Proceeding and/or any stay of the ESI Order?

A district court's enforcement of discovery orders is reviewed under a deferential abuse of discretion standard. *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 603 (5th Cir. 2018). Considering the broad discretion given to trial courts on discovery issues,

it is "unusual [for an appellate court] to find abuse of discretion in these matters." *Swanner v. United States,* 406 F.2d 716, 719 (5th Cir. 1969). The trial court's decision should be reversed only in an "unusual and exceptional case." *Brown v. Thompson,* 430 F.2d 1214, 1216 (5th Cir. 1970).

## III.
## Statement of the Facts

This case was filed in October 2022 and involves Spectrum's search for the parties responsible for manufacturing and distributing counterfeit versions of Spectrum's *Quick Fix* product, which were discovered for sale in Texas. Spectrum identified URZ as a suspect in the counterfeiting scheme and diligently pursued discovery as to URZ. URZ has obstructed discovery at every turn. Spectrum's efforts to obtain discovery have been exhaustively recounted in prior briefs, and Spectrum will spare the Court another recitation. *See, e.g.* Docs. 83, 107.

The parties were recently before the Court on Spectrum's Motion for Sanctions against URZ. Doc. 83. In that Motion, Spectrum sought discovery of URZ's relevant ESI through a neutral third-party vendor. *Id.* At the hearing on Spectrum's Motion, the Court and parties discussed this relief. *See* **Exhibit 1**, February 13, 2024 Hearing Transcript, at 40:12-41:10. Before the Court, URZ repeatedly represented that it would comply with the proposed ESI discovery:

```
 1          Mr. Teran, do you have that in front of you?  Do
 2  you want to argue anything about that?
 3          MR. TERAN:  Your Honor is looking at Document 83?
 4          THE COURT:  It is -- it is intrusive.  But I had
 5  previously said by my prior order they could bring a motion
 6  for intrusive discovery, which they've done.
 7          MR. TERAN:  Yeah, I mean, we'll do that, Your
 8  Honor, I mean.
 9          THE COURT:  What's that?
10          MR. TERAN:  We're fine with that.  We'll do that.
```

*Id.* at 41:1-10. URZ represented it was "okay" with the proposed relief, and even that it had "nothing to hide":

```
12          MR. TERAN:  I mean, you know, if we don't have to
13  pay for it, obviously, if they're going to, you know, guide
14  us through the process, send their team over and look at our
15  other records, you know, we're we're okay with that.
16          THE COURT:  All right.
17          MR. TERAN:  We have nothing to hide.
```

*Id.* at 41:12-17.

On May 3, 2024, the Court granted in part Spectrum's Motion for Sanctions and permitted forensic copying and searching of URZ's ESI. Doc. 111. Specifically, the Court ordered URZ to make the sources of ESI identified in the ESI Order "available for

forensic copying and searching by Spectrum's ESI vendor (and otherwise assist Spectrum and its ESI vendor in obtaining those copies)." Doc. 111. The Court further warned URZ that failure to comply might result in monetary sanctions or a default judgment. *Id.*

Despite URZ's express representations to the Court during the hearing, and despite being ordered to do so, URZ has continued to fail to comply or provide assistance to Spectrum. In order to obtain URZ's compliance with the ESI Order, on May 9, 2024, Spectrum requested that URZ provide an inventory of its applicable ESI-bearing devices and accounts within ten (10) days. **Exhibit 2**. URZ did not respond, and instead, URZ sought mandamus to overturn the ESI Order (which it initially failed to serve upon this Court). **Exhibit 3**.

## IV.
## Argument

The Court should order the immediate collection of URZ's ESI by the third-party ESI vendor to prevent any loss or spoliation of the ESI during the Mandamus Proceedings. Specifically, it should first order URZ to provide an inventory of the relevant devices and accounts, then order URZ to allow the forensic copying, preservation and storage of the ESI by the third-party ESI vendor.

While this Court could enforce the ESI Order without limitation, Spectrum is requesting only that the Court order the preservation of the ESI that is the subject of the order. The ESI data may be copied and preserved without any disclosure of URZ's purportedly private information to Spectrum or its attorneys. In its Petition for Writ of Mandamus, URZ complains of "forensic imaging of personal devices and unrestricted

access to [URZ's] property" and that there is no "provision to protect [URZ's] privacy." **Exhibit 2**, at 3. As an initial matter, there is a Protective Order (which was entered into at URZ's request) to protect any private information. Doc. 42. The protective order may be applied to the third-party ESI vendor. *Id.* Furthermore, URZ's concern is easily alleviated by the relief Spectrum seeks in this Motion. Specifically, Spectrum asks the Court to order the third-party ESI vendor to obtain a forensic copy of the relevant ESI at this time, *but not to* provide any of the ESI to Spectrum until further order of the Court and/or resolution of the Mandamus Proceeding. *See* Doc. 111.

The Court and the parties have already discussed this two-step approach. As originally contemplated, a third-party ESI vendor was to first collect the data, then search for relevant terms within the data:

```
 6           THE COURT:  Now, to be clear, Mr. Cupar, as I
 7   understand the requested order, there's a third-party
 8   neutral ESI vendor who gathers all this electronic
 9   information and then does a search for relevancy terms.  And
10   that's the only thing that's turned over.  Spectrum is not
11   otherwise seeing anything else in what's being gathered in
12   the electronic search initially, right?
13           MR. CUPAR:  That's right.
14           THE COURT:  It has to have a relevant search
15   terms hit.
16           MR. CUPAR:  Yes, sir.
```

*Id.* at 48:6-16. At the time, URZ did not object to this method of data collection. Now, given URZ's mandamus petition and the potential for a stay, Spectrum only requests that URZ now be ordered to perform the <u>first</u> step to prevent ESI spoliation.

Under the ESI Order, Spectrum, not URZ, bears the expense of the ESI collection and copying. Doc. 111. Costs may be shifted to URZ only if the discovery eventually reveals that URZ has substantially failed to comply with previous discovery. *Id.*

Finally, if URZ prevails in the Mandamus Proceeding, the ESI information may simply be deleted by the third-party vendor without Spectrum ever having seen it. Thus, there is no reason *not* to collect and preserve the ESI at this juncture. Nor can URZ point to any purported prejudice by being ordered to allow the forensic copying of the ESI.

## V.
## Conclusion

For all the reasons discussed above, Plaintiff Spectrum Laboratories, LLC requests that the Court order URZ to provide an inventory of all information requested in Spectrum's May 9, 2024 letter within **three (3) days**, and further order URZ to submit to forensic copying of that evidence by a third-party neutral ESI vendor of Spectrum's choosing within **fifteen (15) days**.

DATED: June 10, 2024					Respectfully submitted,

By: */s/ David B. Cupar*
    David B. Cupar (*pro hac vice*)
    *Attorney in Charge*
    Ohio Bar No. 71622
    dcupar@mcdonaldhopkins.com
    Matthew J. Cavanagh (*pro hac vice*)
    Ohio Bar No. 79522
    mcavanagh@mcdonaldhopkins.com
    **MCDONALD HOPKINS LLC**
    600 Superior Avenue, East
    Suite 2100
    Cleveland, Ohio 44114
    Telephone: 216.348.5400
    Facsimile: 216.348.5474

By: */s/ Courtney Ervin*
    Courtney Ervin
    Texas Bar No. 24050571
    SDTX No. 611093
    cervin@hicks-thomas.com
    D. Ryan Cordell, Jr.
    Texas Bar No. 24109754
    SDTX No. 3455818
    rcordell@hicks-thomas.com
    **HICKS THOMAS LLP**
    700 Louisiana St., Suite 2300
    Houston, Texas 77002
    Telephone: 713.547.9100
    Facsimile: 713.547.9150

**ATTORNEYS FOR PLAINTIFF
SPECTRUM LABORATORIES, LLC**

## CERTIFICATE OF CONFERENCE

Counsel for Spectrum conferred with counsel for URZ by letter dated May 9, 2024, asking for basic information to permit a third-party neutral ESI vendor to perform the forensic copying and searching ordered by the Court. Despite first promising to speak to his client and to keep Spectrum "posted," counsel for URZ then filed a Petition for Writ of Mandamus seeking to overturn the Court's ESI Order – a clear indication that URZ currently refuses to comply with any part of the ESI Order or agree to the relief requested herein.

*/s/ D. Ryan Cordell, Jr.*
D. Ryan Cordell, Jr.

## CERTIFICATE OF WORD COUNT

In accordance with Section 18(c) of the Court's procedures, I certify that this document contains 1,309 words, exclusive of the caption, signature block and certificates of service and conference.

*/s/ D. Ryan Cordell, Jr.*
D. Ryan Cordell, Jr.

## CERTIFICATE OF SERVICE

Service of this document on all counsel was accomplished automatically through the Court's Notice of Electronic Filing on June 10, 2024.

*/s/ D. Ryan Cordell, Jr.*
D. Ryan Cordell, Jr.