IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SPECTRUM LABORATORIES, LLC, an Ohio Limited Liability Company, | § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 4:22-cv-03705 |
| v. | § § | JUDGE CHARLES ESKRIDGE |
| URZ TRENDZ, LLC A/K/A FLY FRESH SMOKE; and DOES #1-10, | § § § § | |
| *Defendants.* | § | |

**Plaintiff's Emergency Motion to Compel and for Sanctions**

Spectrum Laboratories, LLC ("Spectrum") respectfully requests that the Court order URZ Trendz, LLC ("URZ") to immediately produce information regarding its sources of electronically stored information ("ESI") and to thereafter immediately permit collection of that ESI. Spectrum further requests sanctions.

**I.
Nature and Stage of the Proceedings**

On May 3, 2024, the Court entered an Order Granting in Part Motion for Sanctions ("ESI Order"), which required, among other things, that URZ make several categories of ESI available for forensic copying and searching by a third-party ESI vendor. Doc. 111. On May 9, 2024, Spectrum sent a letter to URZ asking for information regarding its ESI-bearing devices so it could arrange for the collection, copying, and review of the information subject to the ESI Order, and so it could minimize any potential business interruption to URZ. Doc. 112-2 (May 9 Letter). In response, URZ has filed a Petition for

{00362105.DOCX}

Writ of Mandamus in the Fifth Circuit, which was denied. URZ also asked this Court to stay enforcement of the ESI Order, which was also denied. Doc. 118.

On June 21, 2024, the Court ordered URZ to produce specific information regarding its ESI-bearing devices by June 24, 2024. *See* Docs. 112, 118. Having already missed this deadline, URZ now refuses to commit to providing that information by any certain date. Without the information (including for example, PIN codes and passwords), any attempt to collect ESI from URZ's devices is useless. Spectrum has made multiple attempts to explain this and to facilitate the efficient collection of the information, including letters to URZ, seeking relief from the court, and offering to connect Spectrum's ESI vendor with URZ to plan the collection. URZ's stubborn refusal to comply with the Court's Orders has prejudiced Spectrum and Spectrum's ESI vendor.

As a result, Spectrum seeks emergency relief to immediately compel URZ to produce the information about its ESI-bearing devices, to thereafter immediately permit the collection of the ESI, and for the attorneys' fees and vendor costs associated with Spectrum's efforts.

## II.
## Issue Requiring Resolution

1. Should the Court again order URZ to immediately produce information regarding its ESI-bearing devices?

2. Should the Court again order URZ to immediately submit to ESI collection following provision of the information?

3. Should the Court sanction URZ for repeatedly disobeying the Court's Orders by requiring it to pay for Spectrum's attorneys' fees and vendor costs associated with its efforts to gain URZ's compliance?

A district court's enforcement of discovery orders is reviewed under a deferential abuse of discretion standard. *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 603 (5th Cir. 2018). Considering the broad discretion given to trial courts on discovery issues, it is "unusual [for an appellate court] to find abuse of discretion in these matters." *Swanner v. United States,* 406 F.2d 716, 719 (5th Cir. 1969). The trial court's decision should be reversed only in an "unusual and exceptional case." *Brown v. Thompson,* 430 F.2d 1214, 1216 (5th Cir. 1970).

### III.
### Statement of the Facts

On June 21, 2024, the Court granted Spectrum's Motion to Preserve. Doc. 118. Thus, URZ was ordered to produce the information requested in the May 9 Letter within three (3) days, by June 24, 2024, and to permit forensic copying of that evidence within fifteen (15) days of that Order. *See* Doc. 112; *see also* Doc. 118. URZ failed to produce the information ordered by the Court by June 24, 2024.

On June 25, 2024, URZ's offered dates (July 3, July 5, and July 8) on which Spectrum could conduct a physical inspection of its premises, advised that it had 2 computers, 1 server, and 3 cell phones containing ESI information, and asked how to coordinate with Spectrum's ESI vendor. URZ further advised that its representatives and/or counsel had planned vacations collectively from July 10, 2024 until August 15, 2024. **Exhibit 1.**

On June 26, 2024, Spectrum responded that URZ must first provide the information requested in the May 9 Letter before it could begin the ESI collection. *Id.*

On June 28, 2024, URZ advised that it "disagreed" that responding to the letter was required, but that URZ would "cooperate in good faith" to obtain as much of the information as it could. URZ advised that the ESI devices were available for inspection on July 3, July 5, and July 8, and urged that the collection should take place on one of those dates. URZ again advised that, absent the collection taking place on the offered dates, any rescheduled inspection would have to take place in late August or September, given its representative's and counsel's vacation plans. *Id.*

On July 1, 2024, Spectrum responded, copying its ESI vendor, and asking for a call with counsel and the appropriate person at URZ to go over the May 9 Letter to talk through the requested information and complete the collection within URZ's suggested timeframe. Spectrum reminded URZ that it was already in violation of the Court's Order. *Id.*

On July 2, 2024, Spectrum sent another email, asking again for a meet-and-confer between Spectrum's counsel, Spectrum's ESI vendor, URZ's counsel, and URZ's representative to hopefully enable the parties to collect the ESI information within URZ's timeframe. *Id.*

In response, URZ indicated that it would "likely" have the information requested in the May 9 letter by the end of the week (July 5). URZ offered to send its ESI-bearing devices to Spectrum's vendor on one of the proffered dates for a collection that it "presumed" would take no longer than 1 hour. *Id.*

In reply, Spectrum's counsel stated that it could not agree to URZ's proposal because the information requested in the May 9 Letter was required prior to any attempt

to collect the ESI data. Spectrum requested the May 9 Letter information by July 3, 2024, and advised that it would seek emergency relief, including sanctions, if it did not receive the information. *Id.*

## IV.
## Argument

1. <u>The Court should compel immediate production of the information requested in the May 9 Letter.</u>

URZ has refused to provide the information requested in Spectrum's May 9 Letter by any certain date. The Court should order that URZ immediately provide that information, then immediately submit to collection of the information, for the following reasons.

*First*, the Court ordered that URZ provide this information by June 24, 2024, which URZ has failed to do. Doc. 118. URZ responds only that it is "likely" to have the information by the end of this week (July 5), which is nearly two weeks after it was ordered to produce it. Furthermore, July 5 is on or after two of the days URZ has volunteered to produce its ESI devices, which, as explained further below, is unworkable.

*Second*, URZ has offered July 3, July 5, and July 8 for collection of the ESI information. While this is facially helpful, it is ultimately unworkable. Spectrum's ESI vendor <u>first</u> needs the information requested in its May 9 Letter to plan and perform the ESI collection. For example, physical possession of the devices is useless without the passwords and PIN codes required to access those devices. Similarly, information such as the brands and models of the devices is necessary to determine the hardware and software required to collect the ESI information on the devices. For analogy, an automotive

mechanic cannot work on or diagnose an automobile without knowing the make, model, or engine of the automobile, and without the keys to turn the automobile on. Spectrum's ESI vendor requires this information so that it can perform the collection efficiently, professionally, and without damage to URZ's devices.

The Proposed Order accompanying this Motion specifies a procedure by which Spectrum's ESI vendor may properly perform the ESI collection prior to URZ's vacations.

2. Request for Sanctions

URZ is in willful violation of the Court's Order. Despite Spectrum's numerous attempts to conference with URZ, to gather the information requested in its May 9 Letter, and to work with URZ's vacation schedules, URZ still insists on its own unilateral plan for ESI collection. Spectrum's counsel and ESI vendor have incurred attorneys' fees and expenses in an attempt to accommodate URZ and to facilitate the orderly and efficient collection of the ESI information.

Pursuant to Federal Rule of Civil Procedure 37(b)(2), Spectrum seeks recovery of the expenses incurred by its counsel and ESI vendor as a result of URZ's failure to comply with the Court's Order(s), in an amount to be determined by later motion and proper proof. A separate Proposed Order is attached.

## V.
## Conclusion

For all the reasons discussed above, Plaintiff Spectrum Laboratories, LLC requests that the Court order URZ to immediately provide all information requested in Spectrum's

May 9, 2024 letter, and further order URZ to then immediately submit to collection of its ESI. Spectrum further requests sanctions in the form of attorneys' fees and expenses incurred in seeking URZ's compliance with the Court's Orders.

DATED: July 3, 2024　　　　　　　　Respectfully submitted,

By: */s/ David B. Cupar*
 David B. Cupar (*pro hac vice*)
 *Attorney in Charge*
 Ohio Bar No. 71622
 dcupar@mcdonaldhopkins.com
 Matthew J. Cavanagh (*pro hac vice*)
 Ohio Bar No. 79522
 mcavanagh@mcdonaldhopkins.com
 **MCDONALD HOPKINS LLC**
 600 Superior Avenue, East
 Suite 2100
 Cleveland, Ohio 44114
 Telephone: 216.348.5400
 Facsimile: 216.348.5474

By: */s/ Courtney Ervin*
 Courtney Ervin
 Texas Bar No. 24050571
 SDTX No. 611093
 cervin@hicks-thomas.com
 D. Ryan Cordell, Jr.
 Texas Bar No. 24109754
 SDTX No. 3455818
 rcordell@hicks-thomas.com
 **HICKS THOMAS LLP**
 700 Louisiana St., Suite 2300
 Houston, Texas 77002
 Telephone: 713.547.9100
 Facsimile: 713.547.9150

**ATTORNEYS FOR PLAINTIFF SPECTRUM LABORATORIES, LLC**

## CERTIFICATE OF CONFERENCE

Counsel for Spectrum conferred with counsel for URZ by letter dated May 9, 2024, asking for basic information to permit a third-party neutral ESI vendor to perform the forensic copying and searching ordered by the Court. Counsel for Spectrum and URZ have engaged in numerous correspondences since that time, during which URZ's counsel has indicated that it disagrees with the need to respond to the May 9 Letter, and has refused to provide a date certain for response.

*/s/ D. Ryan Cordell, Jr.*
D. Ryan Cordell, Jr.

## CERTIFICATE OF WORD COUNT

In accordance with Section 18(c) of the Court's procedures, I certify that this document contains 1,484 words, exclusive of the caption, signature block and certificates of service and conference.

*/s/ D. Ryan Cordell, Jr.*
D. Ryan Cordell, Jr.

## CERTIFICATE OF SERVICE

Service of this document on all counsel was accomplished automatically through the Court's Notice of Electronic Filing on July 3, 2024.

*/s/ D. Ryan Cordell, Jr.*
D. Ryan Cordell, Jr.