UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SPECTRUM LABORATORIES, LLC,
  Plaintiff,

v.

URZ TRENDZ, LLC,
  Defendant.

Case No. 4:22-CV-03705

**Hon. Judge Charles Eskridge**

**JURY TRIAL DEMANDED**

## DECLARATION OF LOUIS F. TERAN

I, Louis F. Teran, declare as follows:

1.   I submit this declaration in support of Defendant URZ Trendz, LLC.'s ("Defendant") Opposition to the Motion for Sanctions filed by Plaintiff Spectrum Laboratories, LLC ("Spectrum"). I am counsel of record for Defendant. I have personal knowledge of the matters set forth below, and if called as a witness, I would and could competently testify thereto.

2.   Attached hereto as **Exhibit A** is a true and correct copy of an affidavit of Defendant Royal Fragrances, Inc.

3.   Attached hereto as **Exhibit B** is a true and correct copy of a website that explains information on the "Wannacry Ransomware". I downloaded and printed this website on September 20, 2024 from the URL listed on the exhibit.

4.   Attached hereto as **Exhibit C** is a true and correct copy of relevant sections of the Motion Hearing that took place on February 13, 2024.

5.   Attached hereto as **Exhibits D to R** are true and correct copies of emails that I corresponded with Spectrum's counsel in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 20th day of September, 2024, at Pasadena, California.

_____

Louis F. Teran

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Spectrum Laboratories, LLC | ) | Case No. 4:22-cv-03705 |
| | ) | |
| Plaintiff, | ) | Judge Charles Eskridge |
| | ) | |
| vs. | ) | |
| | ) | |
| Royal Fragrances LLC, dba City Supply | ) | |
| Wholesale et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Declaration of Saif Ali**

I, Saif Ali, declare as follows:

1.      I own and operate Royal Fragrances LLC, which does business as "City Supply Wholesale." I will refer to Royal Fragrances as "RF" in this declaration. RF is a named defendant in the above-captioned case (the "Action").

2.      I also own and operate the following companies that are named defendants in the Action: SA & AP Investments LLC and Legacy Ecom LLC (collectively, the "Other Ali Businesses"). The Other Ali businesses are both retail jewelry businesses that do not sell *Quick Fix* or any similar products.

3.      I understand that Spectrum Laboratories LLC filed a Complaint in the Action in which Spectrum alleges that RF and the other defendants sold counterfeit versions of Spectrum's *Quick Fix* synthetic urine product.

4.      Prior to receiving notice of this lawsuit by Spectrum, neither myself nor any of my businesses had any knowledge or reason to believe that the *Quick Fix* products sold

{10843121: }

SA.

ROYAL0009L-000222

by RF were counterfeits. Both I and RF believed that the *Quick Fix* that RF purchased and sold were genuine *Quick Fix*.

5.      None of the Other Ali Businesses sell or market *Quick Fix*, and none of the Other Ali Businesses had any involvement whatsoever with the purchase and sale of *Quick Fix* at issue in this case.

6.      The only business that I own or operate that has ever bought or sold *Quick Fix* is RF.

7.      As to the other defendants in the case: (a) I do not know the individual Mohd Lodi, I have never heard of him before, and he has no connection to me or my businesses; (b) I do not know the businesses Trek the World LLC, Precision Technology Consulting, or Nagaria Usman Ghani LLC, I have never heard of those businesses before, and they have no connection to me or my businesses; and (c) Afee Parpia is a partner in SA & AP LLC and Legacy Ecom LLC, and he has no connection to RF.

8.      Attached as Exhibit A are true and accurate copies of invoices documenting RF's lifetime purchases of *Quick Fix* product. Those invoices account for all of RF's purchases of *Quick Fix*.

9.      As the invoices attached as Exhibit A show, the only business from which RF has purchased *Quick Fix* are: Supreme Imports LLC, Elite Wholesale, and MWI Wholesale. There are no other businesses or individuals from whom RF has purchased or received *Quick Fix*.

SA.

ROYAL00092-000223

10. Attached as Exhibit B are true and accurate copies of invoices documenting RF's sales and returns of *Quick Fix* products. Those invoices, minus returns shown, account for all of RF's lifetime sales of *Quick Fix*.

11. RF has a current inventory of *Quick Fix* of 112 unit, which RF has quarantined and will provide to Spectrum.

12. The names and contact information for the companies that supplied *Quick Fix* to RF that I provided to Spectrum are complete and accurate.

I declare under penalty of perjury that the foregoing is true and accurate.

Executed on December 16, 2022.

Saif Ali

S.A.

ROYAL00091-000224

# EXHIBIT B



## WannaCry Ransomware Explained

networks around the world in May 2017. The attack targeted a vulnerability in old Windows versions, for which a patch had been released by Windows more than two months before WannaCry spread across the world.

The WannaCry attack was formed of several components, which included:

### 1. An application that encrypts and decrypts data

The initial WannaCry dropper contains an application that enables an attacker to encrypt and decrypt data. The **encryption** component is known as Wana Decrypt0r 2.0, and within it was a password-protected ZIP file.

### 2. Files containing encryption keys

Within that ZIP file were several individual files containing configuration information that helped the hacker launch their attack. It also included encryption keys that enabled them to unlock data.

### 3. A copy of Tor

The ZIP file also contained a copy of the Tor network, which is an open-source web browser that aims to protect and hide users' data, locations, and online activity through anonymous browsing.

**Global Threat Landscape Report 2H 2023**

FortiGuard Labs Global Threat Landscape Report 2H 2023 shows Cybercriminals Exploiting New Industry Vulnerabilities 43% Faster than 1H 2023.

**Download Now**

## Origin Of WannaCry Ransomware Attack

WannaCry, also known as WCry, was a ransomware attack that first emerged in May 2017. The attack was highly effective because it spread across devices by exploiting the Windows Server Message Block (SMB) protocol, which enables Windows machines to communicate with each other on a network.

The attack was spread using EternalBlue, a **zero-day vulnerability** in devices that use an old version of SMB. It was first discovered by the U.S. National Security Agency (NSA) before being obtained by hacking group Shadow Brokers, which published the exploit within a post on blogging site Medium in April 2017.

**Ransomware Resources**

Ransomware Hub

## How Does The WannaCry Attack Work?

The WannaCry attack works by infecting PCs and spreading between machines by itself without requiring user intervention or social engineering. It uses the EternalBlue exploit to attack any device that was not patched against the vulnerability.

The WannaCry ransomware attack works by using a dropper known as DoublePulsar, a software program that extracts embedded application components, to attack an infected computer. WannaCry attempts to access a Uniform Resource Locator (URL) that is hard-coded into the attack, and when accessed, shuts WannaCry down, which became known as its "kill switch." WannaCry then searches for important files on the device, which are typically Microsoft Office documents, MPEG Audio Layer 3 (MP3) files, or Matroska Multimedia Container (MKV) files. It encrypts the files, making them unavailable to the user, and displays a ransom demand for the user to pay to decrypt the files.

This method ensures the WannaCry malware is not written to the device's disk in an unencrypted form, which hides it from traditional antivirus programs. In addition to encrypting the victim's files, the attack also scans for visible file shares and infects any systems connected to them, which enables it to rapidly spread across networks.

## What Happens If The WannaCry Ransom Is Not Paid?

WannaCry attackers typically issued a demand for victims to pay either $300 or $600 in bitcoin within a week of their device being attacked. However, victims were advised not to settle the ransom. In most cases, attackers did not decrypt data, and it was suspected they were not technically capable of doing so.

# What Impact Did The WannaCry Attack Have?

WannaCry had a major impact on organizations across the world, infecting over 230,000 computers and causing billions of dollars worth of damages. It had a particularly devastating effect on healthcare organizations, including the U.K.'s National Health Service (NHS), due to their extensive use of outdated and unpatched Windows devices. The attack resulted in critical equipment and systems becoming inoperable or unavailable, which led to the closure of emergency rooms and lifesaving devices like magnetic resonance imaging (MRI) becoming ineffective.

WannaCry also had a major impact on large manufacturers that used vulnerable versions of Windows. Many suffered production outages that were hugely costly.

## How Can WannaCry Be Stopped?

WannaCry could have been stopped by downloading a Microsoft patch released more than two months before the attack began. Microsoft flagged the Microsoft Security Bulletin MS17-013 patch, released in March 2017, as critical, but many systems remained unpatched, leaving them open to WannaCry.

An automatic feature built into Windows 10 systems ensured users were protected against WannaCry. However, the patch was initially only available for supported Windows versions, which did not include the millions of Windows XP systems that were connected to the internet. Microsoft later released a patch for older, non-supported Windows systems. Unpatched systems that were infected could only be restored by reverting to a safe backup.

## How To Protect Against WannaCry Ransomware Attack?

Businesses can protect themselves from ransomware attacks like WannaCry by ensuring they only update the latest software versions and following security best practices.

### Update your software and operating system regularly

Updating software is crucial to avoiding the threat of ransomware attacks like WannaCry. Organizations and individual users must ensure automatic updates are turned on and any new updates or patches to the software are downloaded immediately.

### Do not click on suspicious links

Ransomware attacks are typically spread through phishing methods that encourage victims to click on links within an email. These links either lead to spoofed websites that attackers use to harvest sensitive personal information or trigger the download of malicious software that infects their computer. It is therefore best practice not to click on any link within any email.

### Never open untrusted email attachments

Similar to the spread of ransomware through malicious links, phishing emails also spread malware through email attachments. These attachments can result in malicious code or software being installed, which gives the attacker control of the user's device or enables them to encrypt files on it.

### Do not download from untrusted websites

It is also important to only download applications or software from trusted providers. Suspicious websites that claim to offer free versions of trusted software are likely to include malicious code or programs that can infect a user's device.

### Avoid unknown USBs

Universal Serial Bus (USB) devices are commonly used by attackers to spread malware or malicious code. Avoid using any unknown USBs, even if it is a device found around the office, because it could be infected with malware.

### Use a VPN when using public Wi-Fi

A virtual private network (VPN) helps users access the internet securely on any network. Public Wi-Fi networks should be avoided, but doing so through a VPN can ensure that the user's device, location, and browsing activity remain private and cannot be intercepted by a hacker.

### Install internet security software

Internet security software is crucial to keeping organizations and individuals safe from existing and new security threats. Security software ensures that users' devices and data are protected at all times from serious cyber attacks and prevents hackers from infiltrating their systems.

### Update your internet security software

In addition to installing internet security software, it is also vital to keep the software updated at all times. Enabling automatic updates and ensuring all new patches are installed immediately will keep the software up to date and keep users protected from the latest security threats.

### Back-up Your Data

Backing up data is crucial should an organization fall victim to a ransomware attack. Threats like WannaCry encrypt data, which makes it unavailable to users. Often, the only way to retrieve the data is to revert to a previous backup.

## Is WannaCry Ransomware Still A Threat?

The WannaCry attack and new variants of it remain a threat to computers that have not patched for the SMB vulnerability. For example, in March 2018, aircraft maker Boeing suffered a suspected WannaCry attack but was able to quickly stop it and minimize the damage caused to its systems.

## Fortinet Products and Services

Fortinet security solutions provide a five-pronged approach to help customers avoid and block a WannaCry attack. The FortiGate intrusion prevention system (IPS) plugs the exploit, and FortiSandbox provides sandbox environments that detect malicious behavior.

The Fortinet antivirus engine detects the WannaCry malware and its variants. Its web filter identifies targeted sites, then blocks or allows them, while the FortiGate internal segmentation firewall (ISFW) stops the malware's spread. For organizations that have been infected by the attack, the Fortinet Security Fabric can help them track down the malware and understand where and how it infected them.

## Fortinet Ransomware Hub

Ransomware is a leading cyberthreat to corporate, government, and personal cybersecurity. Learn how Fortinet protects your organization against ransomware and related cyber threats.

Fortinet's ransomware hub introduces you to the world of protection that Fortinet products and services bring to your organization.

Fortinet Ransomware Hub

# WannaCry Ransomware FAQs

| What is the WannaCry ransomware attack? | ▸ |
| What is the impact of the WannaCry attack? | ▸ |
| What happened if the WannaCry ransom was not paid? | ▸ |
| How was WannaCry stopped? | ▸ |
| Is WannaCry still a threat? | ▸ |

# Related Topics



What is Ransomware?

How to Prevent Ransomware

What is Malware?

# More Ransomware Resources



### eBooks

Use an AI-based Virtual Security Analyst to Modernize Your SOC »

### Case Studies

Blackpool Council »

### Reports

The 2021 Ransomware Survey Report »

# Speak with an Expert

Please fill out the form and a knowledgeable representative will get in touch with you soon.

| First Name * | Last Name * |
| Job Function * | Job Level * |
| Company * | Email Address * |
| Phone: (201) 555-0123 * | Country/Region * |
| State/Province | Zip Code/Postal Code |

Any specific products, services or solutions? (Optional)

I consent to receive promotional communications (which may include phone, email, and social) from Fortinet. I understand I may proactively opt out of communications with Fortinet at anytime.

By clicking submit you agree to the Fortinet Terms and Conditions & Privacy Policy.

**SUBMIT**



**PRODUCTS**

**Enterprise**

Secure Networking
Secure Networking

User and Device Security

Security Operations

Application Security

FortiGuard Labs Threat Intelligence

**Small Mid-Sized Businesses**

Overview

**Service Providers**

Overview

**PARTNERS**

Overview

Alliances Ecosystem

Find a Partner

Become a Partner

Partner Login

**TRUST CENTER**

Trusted Products

Trusted Company

Trusted Process

Trusted Partners

Product Certifications

**MORE**

About Us

Training

Resources

Ransomware Hub

Support

Downloads

CyberGlossary

Careers

Early Talent Program

Investor Relations

Social Responsibility

Sitemap

Enter Email Address

I want to receive news and product emails. Read our privacy policy.
policy.

**CONNECT WITH US**

Blogs

Fortinet Community

Email Preference Center

Contact Us

in  X  ▶  ⊙  f  🔊

Copyright © 2024 Fortinet, Inc. All Rights Reserved.

Terms of Service | Privacy Policy | Notice for California Residents | Do Not Sell Or Share My Personal Information | GDPR | Canadian Accessibility | Cookie Settings

Also of Interest:   Petya Ransomware multi-vector attacks   Man-in-the-Middle-Attack: Types and Examples   Recent Cyber Attacks

# EXHIBIT C

<pre>
 1                 IN THE UNITED STATES DISTRICT COURT

 2                FOR THE SOUTHERN DISTRICT OF TEXAS

 3                          HOUSTON DIVISION

 4   SPECTRUM LABORATORIES, LLC      §     CASE NO. 4:22-CV-03705
                                     §     HOUSTON, TEXAS
 5   VERSUS                          §     TUESDAY,
                                     §     FEBRUARY 13, 2024
 6   ROYAL FRAGRANCES, LLC, ET AL    §     2:39 P.M. TO 3:43 P.M.

 7             MOTION DISCOVERY HEARING (VIA ZOOM)

 8          BEFORE THE HONORABLE CHARLES ESKRIDGE
                 UNITED STATES DISTRICT JUDGE
 9

10

11

12   APPEARANCES:                        SEE NEXT PAGE

13   ELECTRONIC RECORDING OFFICER:       KIMBERLY PICOTA

14   CASE MANAGER:                       JENNELLE GONZALEZ

15

16

17

18

19

20             TRANSCRIPTION SERVICE BY:

21        JUDICIAL TRANSCRIBERS OF TEXAS, LLC
                935 Eldridge Road, #144
22               Sugar Land, TX 77478
                    281-277-5325
23          mary@judicialtranscribers.com

24
     Proceedings recorded by electronic sound recording;
25      transcript produced by transcription service.
</pre>

 1                        **APPEARANCES**:

 2

 3   FOR THE PLAINTIFF:          MCDONALD HOPKINS, LLC
                                 David B. Cupar, Esq.
 4                               600 Superior Avenue East
                                 Suite 2100
 5                               Cleveland, OH  44114
                                 216-348-5400
 6

 7                               HICKS THOMAS, LLP
                                 Ryan Cordell, Esq.
 8                               700 Louisiana Street
                                 Suite 2300
 9                               Houston, TX  77002
                                 713-547-9100
10

11   FOR THE DEFENDANT:          SLC LAW GROUP
                                 Louis F. Teran, Esq.
12                               1055 East Colorado Ave.
                                 Suite 500
13                               Pasadena, CA  91106
                                 818-484-3217
14

15

16

17

18

19

20

21

22

23

24

25

1  was that with Royal Fragrances is the first named Defendant?

2  It had gotten to the point of you wanting discovery from URZ

3  and then they were then added?

4          MR. CUPAR:  Yeah.  And I'm, I --

5          THE COURT:  I'm trying -- I don't --

6          MR. CUPAR:  -- don't hold me too much to it.  But

7  generally speaking what happened was Royal Fragrances -- in

8  short, what I think I can represent here correctly is that

9  they they pointed the finger at URZ and said that they

10  received, either directly or indirectly, their orders

11  from --

12          THE COURT:  That URZ had sold to Royal

13  Fragrances.

14          MR. CUPAR:  -- URZ and that included counterfeit,

15  I believe.  Yeah, that's right.

16          MR. TERAN:  Your Honor, may I speak to that

17  briefly?

18          THE COURT:  And then he's simply relating what a

19  Defendant had said.

20          MR. TERAN:  That's inaccurate, Your Honor.

21          THE COURT:  And then you're saying that like

22  that's not --

23          MR. TERAN:  It is inaccurate because --

24          THE COURT:  -- what was Royal Fragrance.

25          MR. TERAN:  Yeah.

1  you want it, I'll award it.  But as in Order it.

2            But Spectrum is going to have to front the cost

3  on it.  But if, when it's done, it shows that there's what

4  could be argued as substantial non-compliance with

5  production to-date, you can ask to shift costs at that

6  point.  Okay?

7            MR. CUPAR:  hank you, Your Honor.

8            THE COURT:  I think that that's -- I think that's

9  a fair and relevant way to proceed on this, because

10  Mr. Teran is trying to say, hey, they've at least told me

11  they've done everything, and if it turns out that they did

12  or it's closely approximate to everything, then they

13  shouldn't have had to pay for this, shouldn't have gone

14  around in circles so much to get to this point.  But if you

15  want to pursue that discovery, you'll front the cost and

16  then you can try to shift it later if it is believed

17  appropriate based on what's then turned over.  All right?

18            MR. CUPAR:  Thank you, Your Honor.

19            THE COURT:  All right.

20            MR. TERAN:  I'm okay with that, Your Honor.

21            THE COURT:  Okay.

22            MR. TERAN:  If you can lay out the parameters of

23  what the search is going to be.

24            THE COURT:  I am intending -- there is a specific

25  order.  I try not to on some orders.  When things are being

1   specifically asked for by parties, and this is certainly

2   true like when parties want default judgments or anything

3   having to do with like a mortgage dispute.  When I've got

4   it, I'm always sort of like, make sure you've asked for the

5   order that you want to live with, that it's clear enough.

6   They've asked for a specific order.

7             And so and when I read it, it seems clear enough

8   to be followed if the parties are cooperating in good faith.

9             Is there anything that appears unclear right now,

10  Mr. Teran, that you think would require a little further

11  specification?

12            MR. TERAN:  For example, we're looking at

13  Document 83, correct?

14            THE COURT:  Docket -- yeah, Document 83.  And

15  it's 00 there's Roman II, what sanctions are appropriate?

16  And then there's a list of one through seven.

17            MR. TERAN:  On page eight.

18            THE COURT:  Yeah.

19            MR. TERAN:  Okay.  Oh.

20            THE COURT:  Starting on page eight and it goes

21  over to page nine.

22            MR. TERAN:  Okay.  Your Honor, for example,

23  number one, it includes owners or representatives.  You

24  know, that that presumably would include every employee that

25  they have.  I'm not necessarily sure that that's -- that

1              I certify that the foregoing is a correct

2    transcript to the best of my ability produced from the

3    electronic sound recording of the proceedings in the above-

4    entitled matter.

5    /S/ MARY D. HENRY

6    CERTIFIED BY THE AMERICAN ASSOCIATION OF

7    ELECTRONIC REPORTERS AND TRANSCRIBERS, CET**337

8    JUDICIAL TRANSCRIBERS OF TEXAS, LLC

9    JTT TRANSCRIPT #68241

10   DATE FILED:  FEBRUARY 19, 2024

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT D

| | |
|---|---|
| **From:** | Louis F. Teran |
| **To:** | "dcupar_mcdonaldhopkins.com" |
| **Subject:** | Spectrum v. URZ |
| **Date:** | Tuesday, June 25, 2024 10:51:00 AM |
| **Attachments:** | image001.png |

Mr. Cupar,

Pursuant to the Fifth Circuit's Order denying URZ's Petition for Writ of Mandamus, URZ is ready to proceed with the District Court's discovery order as soon as possible so we can get this out of the way and proceed expeditiously with the other aspects of the case, including trial. Please note that I will be out of the country on vacation from July 12 to August 15. In addition, the main representative of URZ will be out of the country on vacation from July 10 to August 4. Therefore, we would like to complete as much of the discovery order as possible, if not all of it, between now and July 9.

For that reason, we would like to proceed as follows: (1) URZ is preparing its bank account information; (2) URZ is available for the physical inspection to take place after business hours on July 3, July 5, or July 8. Let me know which of the proposed dates works best for you; and (3) let me know how to coordinate your ESI vendor to get the data it requires. Preliminarily, we have 2 computers, 1 server, and 3 cell phones at issue.

I look forward to your prompt response.

Thank you

**Louis F. Teran**
Attorney at Law
**SLC Law Group**
1055 E. Colorado Blvd., Suite #500
Pasadena, CA 91106
Phone: (818) 484-3217 x200
Fax: (866) 665-8877
http://www.slclg.com



**\*\*\* WARNING: CONFIDENTIAL COMMUNICATION \*\*\***
This electronic message and any accompanying pages or attachments contain information from SLC Law Group. The information may be a confidential attorney-client communication containing information that is privileged or confidential. The information is intended to be for the use of the individual or entity named. Any dissemination, distribution or copying of this communication is strictly prohibited without our express permission. If you have received this communication in error, please notify us immediately by return e-mail or by calling us at (800) 752-8470. We will arrange the retrieval of the original documents at no cost to you. Thank you.

# EXHIBIT E

| | |
|---|---|
| **From:** | Cupar, David B. |
| **To:** | "Louis F. Teran" |
| **Cc:** | Courtney Ervin; Cavanagh, Matthew J.; "Ryan Cordell" |
| **Subject:** | RE: Spectrum v. URZ |
| **Date:** | Wednesday, June 26, 2024 12:03:30 PM |
| **Attachments:** | image002.png |
| | Ltr to L. Teran (5.9.24)(33566490.2).pdf |

Mr. Teran,

As the first step in complying with the district court's Order, URZ must provide all of the information requested in my May 9, 2024 letter (attached). Please provide the requested information by no later than this Friday, June 28, to comply with the Order and allow us begin the discovery work.

Also, please keep Courtney, Matt, and Ryan on all emails so that we can respond to you as timely as possible.

Regards,
Dave

**David B. Cupar**
Member

**T: 216.430.2036**
**F: 216.348.5474**
**dcupar@mcdonaldhopkins.com**
**www.mcdonaldhopkins.com**

**600 Superior Avenue East**
**Suite 2100**
**Cleveland, OH 44114**



A business advisory and advocacy law firm®

**From:** Louis F. Teran <lteran@slclg.com>
**Sent:** Tuesday, June 25, 2024 1:51 PM
**To:** Cupar, David B. <dcupar@mcdonaldhopkins.com>
**Subject:** [External] Spectrum v. URZ

Mr. Cupar,

Pursuant to the Fifth Circuit's Order denying URZ's Petition for Writ of Mandamus, URZ is ready to proceed with the District Court's discovery order as soon as possible so we can get this out of the way and proceed expeditiously with the other aspects of the case, including trial. Please note that I will be out of the country on vacation from July 12 to August 15. In addition, the main representative of URZ will be out of the country on vacation from July 10 to August 4. Therefore, we would like to complete as much of the discovery order as possible, if not all of it, between now and July 9.

For that reason, we would like to proceed as follows: (1) URZ is preparing its bank account information; (2) URZ is available for the physical inspection to take place after business hours on July 3, July 5, or July 8. Let me know which of the proposed dates works best for you; and (3) let me know how to coordinate your ESI vendor to get the data it requires. Preliminarily, we have 2 computers, 1 server, and 3 cell phones at issue.

I look forward to your prompt response.

Thank you

**Louis F. Teran**
Attorney at Law
**SLC Law Group**
1055 E. Colorado Blvd., Suite #500
Pasadena, CA 91106
Phone: (818) 484-3217 x200
Fax: (866) 665-8877
http://www.slclg.com



**\*\*\* WARNING: CONFIDENTIAL COMMUNICATION \*\*\***
This electronic message and any accompanying pages or attachments contain information from SLC Law Group. The information may be a confidential attorney-client communication containing information that is privileged or confidential. The information is intended to be for the use of the individual or entity named. Any dissemination, distribution or copying of this communication is strictly prohibited without our express permission. If you have received this communication in error, please notify us immediately by return e-mail or by calling us at (800) 752-8470. We will arrange the retrieval of the original documents at no cost to you. Thank you.

**EXHIBIT F**

| From: | Louis F. Teran |
|---|---|
| To: | "Cupar, David B." |
| Cc: | "Courtney Ervin"; "Cavanagh, Matthew J."; "Ryan Cordell" |
| Subject: | RE: Spectrum v. URZ |
| Date: | Friday, June 28, 2024 4:43:00 PM |
| Attachments: | image003.png |
|  | image005.png |

I am in receipt of your email below. I disagree that "the first step in complying with the Court's order" is responding to your letter. The order expressly requires URZ to make its ESI information and devices available for imaging by your ESI vendor and to make its facilities available for physical inspection. There is nothing in the Order requiring URZ to respond to your letter.

Nevertheless, in an effort to cooperate in good faith, I have reviewed your letter and, per your request, we will gather as much of the information you request as we can. However, as I indicated in my email below, URZ is making its facilities available for physical inspection and its ESI devices for imaging by your ESI vendor on July 3, July 5, or July 8. I suggest that we schedule one of those dates so that we can complete this process and move on with the rest of the case including the MSJ and trial.

If Spectrum is unable to accommodate one of the dates proposed, then we are willing to reschedule to a more suitable date. However, it is important to note, per my email below, that I am scheduled to be out of the country and on vacation from July 12 to August 15. In addition, URZ's main representative is scheduled to be out of the country and on vacation from July 10 to August 4. Thus, any rescheduling will have to be for the second half of August or September. Please confirm that this is acceptable.

We should have the information requested in your letter by the end of next week. Feel free to contact me with any comments or questions.

Thank you

**Louis F. Teran**
Attorney at Law
**SLC Law Group**
1055 E. Colorado Blvd., Suite #500
Pasadena, CA 91106
Phone: (818) 484-3217 x200
Fax: (866) 665-8877
http://www.slclg.com



**\*\*\* WARNING: CONFIDENTIAL COMMUNICATION \*\*\***

This electronic message and any accompanying pages or attachments contain information from SLC Law Group. The information may be a confidential attorney-client communication containing information that is privileged or confidential. The information is intended to be for the use of the individual or entity named. Any dissemination, distribution or copying of this communication is strictly prohibited without our express permission. If you have received this communication in error, please notify us immediately by return e-mail or by calling us at (800) 752-8470. We will arrange the retrieval of the original documents at no cost to you. Thank you.

---

**From:** Cupar, David B. <dcupar@mcdonaldhopkins.com>
**Sent:** Wednesday, June 26, 2024 12:03 PM
**To:** 'Louis F. Teran' <lteran@slclg.com>
**Cc:** Courtney Ervin <cervin@hicks-thomas.com>; Cavanagh, Matthew J. <mcavanagh@mcdonaldhopkins.com>; 'Ryan Cordell' <rcordell@hicks-thomas.com>
**Subject:** RE: Spectrum v. URZ

Mr. Teran,

As the first step in complying with the district court's Order, URZ must provide all of the information requested in my May 9, 2024 letter (attached). Please provide the requested information by no later than this Friday, June 28, to comply with the Order and allow us begin the discovery work.

Also, please keep Courtney, Matt, and Ryan on all emails so that we can respond to you as timely as possible.

Regards,
Dave


**David B. Cupar**
Member

T: 216.430.2036                 600 Superior Avenue East
F: 216.348.5474                 Suite 2100
dcupar@mcdonaldhopkins.com      Cleveland, OH 44114
www.mcdonaldhopkins.com



A business advisory and advocacy law firm®

---

**From:** Louis F. Teran <lteran@slclg.com>
**Sent:** Tuesday, June 25, 2024 1:51 PM
**To:** Cupar, David B. <dcupar@mcdonaldhopkins.com>
**Subject:** [External] Spectrum v. URZ

Mr. Cupar,

Pursuant to the Fifth Circuit's Order denying URZ's Petition for Writ of Mandamus, URZ is ready to proceed with the District Court's discovery order as soon as possible so we can get this out of the way and proceed expeditiously with the other aspects of the case, including trial. Please note that I will be out of the country on vacation from July 12 to August 15. In addition, the main representative of URZ will be out of the country on vacation from July 10 to August 4. Therefore, we would like to complete as much of the discovery order as possible, if not all of it, between now and July 9.

For that reason, we would like to proceed as follows: (1) URZ is preparing its bank account information; (2) URZ is available for the physical inspection to take place after business hours on July 3, July 5, or July 8. Let me know which of the proposed dates works best for you; and (3) let me know how to coordinate your ESI vendor to get the data it requires. Preliminarily, we have 2 computers, 1 server, and 3 cell phones at issue.

I look forward to your prompt response.


Thank you

**Louis F. Teran**
Attorney at Law
**SLC Law Group**
1055 E. Colorado Blvd., Suite #500
Pasadena, CA 91106
Phone: (818) 484-3217 x200
Fax: (866) 665-8877
http://www.slclg.com



**\*\*\* WARNING: CONFIDENTIAL COMMUNICATION \*\*\***
This electronic message and any accompanying pages or attachments contain information from SLC Law Group. The information may be a confidential attorney-client communication containing information that is privileged or confidential. The information is intended to be for the use of the individual or entity named. Any dissemination, distribution or copying of this communication is strictly prohibited without our express permission. If you have received this communication in error, please notify us immediately by return e-mail or by calling us at (800) 752-8470. We will arrange the retrieval of the original documents at no cost to you. Thank you.

# EXHIBIT G

| | |
|---|---|
| **From:** | Cupar, David B. |
| **To:** | "Louis F. Teran" |
| **Cc:** | "Courtney Ervin"; Cavanagh, Matthew J.; "Ryan Cordell"; Aaron Hughes |
| **Subject:** | RE: Spectrum v. URZ |
| **Date:** | Monday, July 1, 2024 8:57:18 AM |
| **Attachments:** | image004.png |
| | image003.png |
| | Ltr to L. Teran (5.9.24)(33566490.2).pdf |

Louis,

I copy our ESI vendor Aaron Hughes on this email to minimize business interruption and to make this as efficient as possible. To make this work for the July 3, 5, and 8 dates you propose, let me know if you and the right person(s) from URZ are available for a call at 3p CT this afternoon with us to go over our May 9 letter (attached) so we can work with you to have all of this completed.

As a reminder to you, the Court granted Spectrum's motion to preserve the ESI on June 21, and the Court ordered URZ to respond to the attached letter within three days, i.e., June 24, which URZ has not done.

We appreciate the fact that you and your client will be heading on vacations for more than a month each soon, but we expect you and your client will fully cooperate with us to make sure URZ fully complies with the Court's preservation and discovery orders before you head out on vacation.

Best,
Dave

**David B. Cupar**
Member

T: 216.430.2036
F: 216.348.5474
dcupar@mcdonaldhopkins.com
www.mcdonaldhopkins.com

600 Superior Avenue East
Suite 2100
Cleveland, OH 44114



A business advisory and advocacy law firm®

---

**From:** Louis F. Teran <lteran@slclg.com>
**Sent:** Friday, June 28, 2024 7:44 PM
**To:** Cupar, David B. <dcupar@mcdonaldhopkins.com>
**Cc:** 'Courtney Ervin' <cervin@hicks-thomas.com>; Cavanagh, Matthew J. <mcavanagh@mcdonaldhopkins.com>; 'Ryan Cordell' <rcordell@hicks-thomas.com>
**Subject:** [External] RE: Spectrum v. URZ

I am in receipt of your email below. I disagree that "the first step in complying with the Court's order" is responding to your letter. The order expressly requires URZ to make its ESI

information and devices available for imaging by your ESI vendor and to make its facilities available for physical inspection. There is nothing in the Order requiring URZ to respond to your letter.

Nevertheless, in an effort to cooperate in good faith, I have reviewed your letter and, per your request, we will gather as much of the information you request as we can. However, as I indicated in my email below, URZ is making its facilities available for physical inspection and its ESI devices for imaging by your ESI vendor on July 3, July 5, or July 8. I suggest that we schedule one of those dates so that we can complete this process and move on with the rest of the case including the MSJ and trial.

If Spectrum is unable to accommodate one of the dates proposed, then we are willing to reschedule to a more suitable date. However, it is important to note, per my email below, that I am scheduled to be out of the country and on vacation from July 12 to August 15. In addition, URZ's main representative is scheduled to be out of the country and on vacation from July 10 to August 4. Thus, any rescheduling will have to be for the second half of August or September. Please confirm that this is acceptable.

We should have the information requested in your letter by the end of next week. Feel free to contact me with any comments or questions.

Thank you

**Louis F. Teran**
Attorney at Law
**SLC Law Group**
1055 E. Colorado Blvd., Suite #500
Pasadena, CA 91106
Phone: (818) 484-3217 x200
Fax: (866) 665-8877
http://www.slclg.com



**\*\*\* WARNING: CONFIDENTIAL COMMUNICATION \*\*\***
This electronic message and any accompanying pages or attachments contain information from SLC Law Group. The information may be a confidential attorney-client communication containing information that is privileged or confidential. The information is intended to be for the use of the individual or entity named. Any dissemination, distribution or copying of this communication is strictly prohibited without our express permission. If you have received this communication in error, please notify us immediately by return e-mail or by calling us at (800) 752-8470. We will arrange the retrieval of the original documents at no cost to you. Thank you.

**From:** Cupar, David B. <dcupar@mcdonaldhopkins.com>

# EXHIBIT H

| From: | Louis F. Teran |
| To: | "Ryan Cordell" |
| Cc: | "Cupar, David B."; "Courtney Ervin"; "Cavanagh, Matthew J." |
| Subject: | RE: Spectrum v. URZ |
| Date: | Monday, July 8, 2024 10:14:00 AM |
| Attachments: | image001.png |
| | image002.png |

Mr. Cupar and Mr. Cordell,

I have just received confirmation from URZ that everything is set for today at 6pm (Houston Time). Pursuant to the Court's Order and the emails below, URZ will make its facility and ESI sources available for physical inspection and imaging. Please send me the Exhibit A of the Protective Order signed by all persons that will participate in this process. Feel free to contact me with any comments or questions.


Thank you

**Louis F. Teran**
Attorney at Law
**SLC Law Group**
1055 E. Colorado Blvd., Suite #500
Pasadena, CA 91106
Phone: (818) 484-3217 x200
Fax: (866) 665-8877
http://www.slclg.com




**\*\*\* WARNING: CONFIDENTIAL COMMUNICATION \*\*\***
This electronic message and any accompanying pages or attachments contain information from SLC Law Group. The information may be a confidential attorney-client communication containing information that is privileged or confidential. The information is intended to be for the use of the individual or entity named. Any dissemination, distribution or copying of this communication is strictly prohibited without our express permission. If you have received this communication in error, please notify us immediately by return e-mail or by calling us at (800) 752-8470. We will arrange the retrieval of the original documents at no cost to you. Thank you.

**From:** Louis F. Teran <lteran@slclg.com>
**Sent:** Friday, July 5, 2024 1:31 PM
**To:** 'Ryan Cordell' <rcordell@hicks-thomas.com>
**Cc:** 'Cupar, David B.' <dcupar@mcdonaldhopkins.com>; 'Courtney Ervin' <cervin@hicks-thomas.com>; 'Cavanagh, Matthew J.' <mcavanagh@mcdonaldhopkins.com>
**Subject:** RE: Spectrum v. URZ


I am in receipt of your email below and your voicemail. URZ has just confirmed that it is ready for the inspection and ESI imaging to take place pursuant to the Court's Order on Monday, July 8, 2024 at 6 pm, as I indicated in my prior email. All the devices will made available at that time along with all passwords, pins, or anything thing else needed for full access. As was previously discussed, the ESI imaging or collection must be done on-site. The devices cannot be removed from the site. Your ESI

vendor will be able to stay there for as long as it takes to complete the imaging process. Since this will take place after business hours, there is no preference on which device to image first. Your ESI vendor can choose how to proceed with imaging. In addition, as required by the Court order, the facility will be available for physical inspection as well.

It is important to note that this entire process must be treated as HIGHLY CONFIDENTIAL pursuant to the Protective Order. I will need the signed Exhibit A from all the individuals that will be present or participate in this process.

Specific information regarding the devices will be provided on-site to the best of URZ's ability. Note that URZ is not an expert on these devices and may not know details of Operating System or size of hard drives. However, the devices will be made available and accessible for your ESI vendor to do its job.

I hope this addresses all the pending issues. Feel free to contact me with any comments or questions.


Thank you

**Louis F. Teran**
Attorney at Law
**SLC Law Group**
1055 E. Colorado Blvd., Suite #500
Pasadena, CA 91106
Phone: (818) 484-3217 x200
Fax: (866) 665-8877
http://www.slclg.com



**\*\*\* WARNING: CONFIDENTIAL COMMUNICATION \*\*\***
This electronic message and any accompanying pages or attachments contain information from SLC Law Group. The information may be a confidential attorney-client communication containing information that is privileged or confidential. The information is intended to be for the use of the individual or entity named. Any dissemination, distribution or copying of this communication is strictly prohibited without our express permission. If you have received this communication in error, please notify us immediately by return e-mail or by calling us at (800) 752-8470. We will arrange the retrieval of the original documents at no cost to you. Thank you.

---

**From:** Ryan Cordell <rcordell@hicks-thomas.com>
**Sent:** Friday, July 5, 2024 7:16 AM
**To:** Louis F. Teran <lteran@slclg.com>
**Cc:** Cupar, David B. <dcupar@mcdonaldhopkins.com>; Courtney Ervin <cervin@hicks-thomas.com>; Cavanagh, Matthew J. <mcavanagh@mcdonaldhopkins.com>
**Subject:** Spectrum v. URZ

Mr. Teran,

# EXHIBIT I

| From: | Courtney Ervin |
|---|---|
| To: | Louis F. Teran |
| Cc: | Ryan Cordell; Cupar, David B.; Cavanagh, Matthew J. |
| Subject: | Re: Spectrum v. URZ |
| Date: | Monday, July 8, 2024 10:23:25 AM |

Louis,

Due to Hurricane Beryl, which is still battering Houston, the forensic imaging scheduled for tonight will have to be rescheduled. Our forensic vendor suffered property damage, as have I. The streets are not passable because of flooding and downed trees. Further, power and internet is out or unreliable across the city. Reliable power and internet are a requirement to a successful imaging.

I'm hopeful we can get back in our tomorrow and we can discuss an alternative date.

Best regards,

Courtney

Sent from my iPhone

On Jul 8, 2024, at 12:14 PM, Louis F. Teran <lteran@slclg.com> wrote:

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mr. Cupar and Mr. Cordell,

I have just received confirmation from URZ that everything is set for today at 6pm (Houston Time).  Pursuant to the Court's Order and the emails below, URZ will make its facility and ESI sources available for physical inspection and imaging.  Please send me the Exhibit A of the Protective Order signed by all persons that will participate in this process.  Feel free to contact me with any comments or questions.

Thank you

**Louis F. Teran**
Attorney at Law
**SLC Law Group**
1055 E. Colorado Blvd., Suite #500
Pasadena, CA 91106
Phone: (818) 484-3217 x200
Fax: (866) 665-8877
http://www.slclg.com

<image001.png>

**\*\*\* WARNING: CONFIDENTIAL COMMUNICATION \*\*\***
This electronic message and any accompanying pages or attachments contain information from SLC Law Group.  The information may be a confidential attorney-client communication containing information that

**EXHIBIT J**

We should have the information requested in your letter by the end of next week. Feel free to contact me with any comments or questions.

Thank you

Louis F. Teran
Attorney at Law
SLC Law Group
1055 E. Colorado Blvd., Suite 400
Pasadena, CA 91106
Phone: (818) 484-3217 x200
Fax: (866) 665-8877
http://www.slclg.com/<http://www.slclg.com/>

[cid:image008.jpg@01DACC87.3143F7B0]<https://nam02.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.slclg.com%2F&data=[illegible]>

*** WARNING: CONFIDENTIAL COMMUNICATION *** This electronic message and any accompanying pages or attachments contain information from SLC Law Group. The information may be a confidential attorney-client communication containing information that is privileged or confidential. The information is intended to be for the use of the individual or entity named. Any dissemination, distribution or copying of this communication is strictly prohibited without our express permission. If you have received this communication in error, please notify us immediately by return e-mail or by calling us at (800) 712-8470. We will arrange the retrieval of the original documents at no cost to you. Thank you.

From: Cupar, David B. <dcupar@mcdonaldhopkins.com<mailto:dcupar@mcdonaldhopkins.com>>
Sent: Wednesday, June 26, 2024 12:03 PM
To: 'Louis F. Teran' <lteran@slclg.com<mailto:lteran@slclg.com>>
Cc: Courtney Ervin <cervin@hicks-thomas.com<mailto:cervin@hicks-thomas.com>>; Cavanagh, Matthew J. <mcavanagh@mcdonaldhopkins.com<mailto:mcavanagh@mcdonaldhopkins.com>>; 'Ryan Cordell' <rcordell@hicks-thomas.com<mailto:rcordell@hicks-thomas.com>>
Subject: RE: Spectrum v. URZ

Mr. Teran,

As the first step in complying with the district court's Order, URZ must provide all of the information requested in my May 9, 2024 letter (attached). Please provide the requested information by no later than this Friday, June 28, to comply with the Order and allow us to begin the discovery work.

Also, please keep Courtney, Matt, and Ryan on all emails so that we can respond to you as timely as possible.

Regards,
Dave

David B. Cupar
Member

T: 216.430.2008
F: 216.348.5474
dcupar@mcdonaldhopkins.com<mailto:dcupar@mcdonaldhopkins.com>
www.mcdonaldhopkins.com<http://www.mcdonaldhopkins.com/>

600 Superior Avenue East
Suite 2100
Cleveland, OH 44114

[cid:image007.jpg@01DACC87.3143F7B0]<http://mcdonaldhopkins.com/>

From: Louis F. Teran <lteran@slclg.com<mailto:lteran@slclg.com>>
Sent: Tuesday, June 25, 2024 1:53 PM
To: Cupar, David B. <dcupar@mcdonaldhopkins.com<mailto:dcupar@mcdonaldhopkins.com>>
Subject: [External] Spectrum v. URZ

Mr. Cupar,

Pursuant to the Fifth Circuit's Order denying URZ's Petition for Writ of Mandamus, URZ is ready to proceed with the District Court's discovery order as soon as possible so we can get this out of the way and proceed expeditiously with the other aspects of the case, including trial. Please note that I will be out of the country on vacation from July 12 to August 15. In addition, the main representative of URZ will be out of the country on vacation from July 10 to August 4. Therefore, we would like to complete as much of the discovery order as possible, if not all of it, between now and July 9.
For that reason, we would like to proceed as follows: (1) URZ is preparing its bank account information; (2) URZ is available for the physical inspection to take place after business hours on July 3, July 5, or July 8. Let me know which of the proposed dates works best for you; and (3) let me know how to coordinate your ESI vendor to get the data it requires. Preliminarily, we have 2 computers, 1 server, and 5 cell phones at issue.

I look forward to your prompt response.

Thank you

Louis F. Teran
Attorney at Law
SLC Law Group
1055 E. Colorado Blvd., Suite #400
Pasadena, CA 91106
Phone: (818) 484-3217 x200
Fax: (866) 665-8877
http://www.slclg.com/<http://www.slclg.com/>

[cid:image007.jpg@01DACC87.3143F7B0]<https://nam02.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.slclg.com%2F&data=[illegible]>

*** WARNING: CONFIDENTIAL COMMUNICATION *** This electronic message and any accompanying pages or attachments contain information from SLC Law Group. The information may be a confidential attorney-client communication containing information that is privileged or confidential. The information is intended to be for the use of the individual or entity named. Any dissemination, distribution or copying of this communication is strictly prohibited without our express permission. If you have received this communication in error, please notify us immediately by return e-mail or by calling us at (800) 712-8470. We will arrange the retrieval of the original documents at no cost to you. Thank you.

# EXHIBIT K

| | |
|---|---|
| **From:** | Louis F. Teran |
| **To:** | "Ryan Cordell" |
| **Cc:** | "Cupar, David B."; "Courtney Ervin"; "Cavanagh, Matthew J." |
| **Subject:** | RE: Spectrum v. URZ |
| **Date:** | Friday, July 5, 2024 1:30:00 PM |
| **Attachments:** | image002.png |
| | image003.png |

I am in receipt of your email below and your voicemail. URZ has just confirmed that it is ready for the inspection and ESI imaging to take place pursuant to the Court's Order on Monday, July 8, 2024 at 6 pm, as I indicated in my prior email. All the devices will made available at that time along with all passwords, pins, or anything thing else needed for full access. As was previously discussed, the ESI imaging or collection must be done on-site. The devices cannot be removed from the site. Your ESI vendor will be able to stay there for as long as it takes to complete the imaging process. Since this will take place after business hours, there is no preference on which device to image first. Your ESI vendor can choose how to proceed with imaging. In addition, as required by the Court order, the facility will be available for physical inspection as well.

It is important to note that this entire process must be treated as HIGHLY CONFIDENTIAL pursuant to the Protective Order. I will need the signed Exhibit A from all the individuals that will be present or participate in this process.

Specific information regarding the devices will be provided on-site to the best of URZ's ability. Note that URZ is not an expert on these devices and may not know details of Operating System or size of hard drives. However, the devices will be made available and accessible for your ESI vendor to do its job.

I hope this addresses all the pending issues. Feel free to contact me with any comments or questions.

Thank you

**Louis F. Teran**
Attorney at Law
**SLC Law Group**
1055 E. Colorado Blvd., Suite #500
Pasadena, CA 91106
Phone: (818) 484-3217 x200
Fax: (866) 665-8877
http://www.slclg.com



**\*\*\* WARNING: CONFIDENTIAL COMMUNICATION \*\*\***
This electronic message and any accompanying pages or attachments contain information from SLC Law Group. The information may be a confidential attorney-client communication containing information that is privileged or confidential. The information is intended to be for the use of the individual or entity named. Any dissemination, distribution or copying of this communication is strictly prohibited without our express permission.

# EXHIBIT L

| | |
|---|---|
| **From:** | Ryan Cordell |
| **To:** | "Louis F. Teran"; Courtney Ervin |
| **Cc:** | "Cupar, David B."; "Cavanagh, Matthew J." |
| **Subject:** | RE: Spectrum v. URZ URGENT |
| **Date:** | Friday, August 2, 2024 11:27:49 AM |
| **Attachments:** | image001.png |
| | image007.png |
| | image008.png |

Thank you, Louis. We will conduct the inspection and ESI collection on that date.

For the avoidance of doubt, I presume the time and terms for the ESI collection the same as in your prior correspondence? (except the difference in date):

"I am in receipt of your email below and your voicemail.  URZ has just confirmed that it is ready for the inspection and ESI imaging to take place pursuant to the Court's Order on Monday, July 8, 2024 at 6 pm, as I indicated in my prior email.  All the devices will made available at that time along with all passwords, pins, or anything else needed for full access.  As was previously discussed, the ESI imaging or collection must be done on-site.  The devices cannot be removed from the site.  Your ESI vendor will be able to stay there for as long as it takes to complete the imaging process.  Since this will take place after business hours, there is no preference on which device to image first.  Your ESI vendor can choose how to proceed with imaging.  In addition, as required by the Court order, the facility will be available for physical inspection as well."

Thanks



**D. Ryan Cordell, Jr.**
Associate
713-547-9130      | Phone
713-547-9150      | Fax
700 Louisiana Street, Suite 2300
Houston, TX 77002
rcordell@hicks-thomas.com
www.hicks-thomas.com

Notice: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. Nothing in this message or in any attachment shall constitute a contract or electronic signature under any statute governing electronic transactions unless specifically stated above.

**From:** Louis F. Teran <lteran@slclg.com>
**Sent:** Wednesday, July 31, 2024 4:01 PM
**To:** Courtney Ervin <cervin@hicks-thomas.com>; Ryan Cordell <rcordell@hicks-thomas.com>
**Cc:** 'Cupar, David B.' <dcupar@mcdonaldhopkins.com>; 'Cavanagh, Matthew J.'
<mcavanagh@mcdonaldhopkins.com>
**Subject:** Re: Spectrum v. URZ URGENT

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

I have confirmed with URZ that August 8 is agreeable for ESI collection.

# EXHIBIT M

| | |
|---|---|
| **From:** | Louis F. Teran |
| **To:** | "Ryan Cordell" |
| **Cc:** | "Cupar, David B."; "Cavanagh, Matthew J."; "Courtney Ervin" |
| **Subject:** | RE: Spectrum v. URZ |
| **Date:** | Friday, July 12, 2024 4:03:00 PM |
| **Attachments:** | image001.png |
| | image002.png |

I am in receipt of your email below. Just to clarify your comment regarding email passwords, our response to your May 9 letter indicates that the passwords would be provided by URZ's representative directly to your ESI expert on July 8, the day that the imaging was scheduled to take place. This is so because I refused to accept possession or knowledge of URZ's email passwords to pass on to you. I do not want to be responsible for securing said passwords. I wish to prevent said confidential information from being disclosed inadvertently by me or someone in my office. I do not wish to receive said passwords or any passwords so I decided that it would be best for URZ's representative to provide it directly to your ESI vendor in-person, as indicated in my response to your May 9 letter. There is no valid reason for me to be responsible for securing said highly confidential passwords from inadvertent disclosure.

In regard to your July 5 email, the reasons above apply to the passwords you requested. All passwords to devices will be provided directly by the corresponding owners of said devices to your ESI representative in-person. Note that URZ does not own some of these devices so it could not provide the passwords. The passwords will be provided by the corresponding owners of the devices directly to your ESI vendor in person upon imaging. In regard to the technical specifications, as I explained previously, neither URZ nor its representative are computer experts by any stretch of the imagination. URZ would not know where to look to attain the specific technical information you request. Nevertheless, the devices will be made available to your ESI vendor who, I'm sure will be able to attain such information easily from the devices themselves or through other means

In regard to the state of URZ's electricity, I am not certain whether the electricity and internet at URZ's facility is currently operable and reliable. As I indicated in various prior emails, the main representative of URZ was scheduled to leave on vacation out of the country on July 10 or 11. Thus, I have not yet been able to reach him since yesterday. As I stated in prior emails, he is scheduled to return on August 4 (I believe, please refer to my prior email with exact dates). I will continue to reach him to learn about the reliability of the electricity and internet at URZ's facility. I will let you know as soon as I hear anything.

In regard to your comment that the hurricane prevented the collection on Monday, July 8, it is my understanding from prior emails that it was not just the hurricane. I believe your ESI vendor suffered damage that prevented him from imaging URZ's devices for the entire week of July 8, not just Monday. Please confirm that such was the case.

Regardless, URZ has no desire in failing to comply with or disobeying the Court's Discovery Order. URZ will allow your ESI vendor to image its ESI devices and emails as required by the Court's Order. The only problem at this point is scheduling which has been complicated by the storm, the damages suffered by your ESI vendor due to the storm, and the pre-planned vacation schedules of URZ's main representative and myself. Despite these complications, URZ will make its ESI assets available for imaging as soon as practicable.

To that extent, as I indicated in various prior emails, I will be on vacation out of the country starting this weekend. However, I am scheduled to return to the country at the end of July. But I am not scheduled to be back in the office until August 18, if possible. Thus, if necessary, I will continue my efforts to connect

with URZ's main representative while I am out of the country to get more information. However, he is scheduled to be back on August 4. So, I will likely be able to connect with him and coordinate the ESI imaging better within him upon his return. Besides, by all indications based on the limited information that I have here in Los Angeles, the electricity and internet reliability in Houston will not be fully available for another couple of weeks.

Nevertheless, I will continue to work on this with URZ until the last remaining section of the Court's Discovery Order is completed.

Feel free to contact me with any comments or questions.


Thank you

**Louis F. Teran**
Attorney at Law
**SLC Law Group**
1055 E. Colorado Blvd., Suite #500
Pasadena, CA 91106
Phone: (818) 484-3217 x200
Fax: (866) 665-8877
http://www.slclg.com



**\*\*\* WARNING: CONFIDENTIAL COMMUNICATION \*\*\***
This electronic message and any accompanying pages or attachments contain information from SLC Law Group. The information may be a confidential attorney-client communication containing information that is privileged or confidential. The information is intended to be for the use of the individual or entity named. Any dissemination, distribution or copying of this communication is strictly prohibited without our express permission. If you have received this communication in error, please notify us immediately by return e-mail or by calling us at (800) 752-8470. We will arrange the retrieval of the original documents at no cost to you. Thank you.

**From:** Ryan Cordell <rcordell@hicks-thomas.com>
**Sent:** Thursday, July 11, 2024 11:45 AM
**To:** Louis F. Teran <lteran@slclg.com>
**Cc:** 'Cupar, David B.' <dcupar@mcdonaldhopkins.com>; 'Cavanagh, Matthew J.' <mcavanagh@mcdonaldhopkins.com>; Courtney Ervin <cervin@hicks-thomas.com>
**Subject:** RE: Spectrum v. URZ

Louis,

Based on URZ's response to Spectrum's May 9 letter, dated July 3, 2024, URZ still has not provided the passwords for each email account. These accounts may be accessed and imaged remotely, provided Spectrum's vendor has the passwords.

URZ has also failed to provide the information requested by Spectrum's July 5 email, including (1) the hard drive sizes for each computer, (2) the operating systems of each computer, (3) PIN codes, passwords, encryption keys, (4) administrator usernames and (5) passwords for each computer and phone to be imaged. The hard drive sizes and operating systems are requested to that Spectrum's vendor knows what equipment to bring to perform the collection and to properly estimate the time for imaging. Please provide this information at least 24 hours prior to the onsite inspection. Spectrum is more than willing (as we have

# EXHIBIT N

| From: | Louis F. Teran |
|---|---|
| To: | "Ryan Cordell"; "Courtney Ervin" |
| Cc: | "Cupar, David B."; "Cavanagh, Matthew J." |
| Subject: | RE: URGENT - RE: Spectrum v. URZ URGENT |
| Date: | Tuesday, August 6, 2024 3:26:00 PM |
| Attachments: | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| Importance: | High |

Mr Cordell,

I was just informed of a development which may help with the collection of ESI information. It seems that URZ's two computers stopped working late last week. It is not clear why the computers stopped working. As a result, URZ just acquired two new computers that it got installed and started using as of yesterday and today. So the two prior computers are no longer being used by URZ. These have been set aside and will be untouched until your imaging is completed.

Since the two computers are no longer of any use to URZ, we can have them delivered to your ESI vendor for imaging at his/her office. Although the computers are not working for URZ's purposes, I would hope that your ESI vendor can still pull the data from the drives. Besides, it seems that electricity and internet is still not fully reliable at URZ's facility. Also, since the computers are not working, your ESI vendor may need special equipment in his/her shop. In addition, this allows the imaging to take place during business hours without having anybody to work after 5pm.

If this is agreeable, I can coordinate with URZ to deliver the two computers and the cell phones to your ESI vendor first thing in the morning of Thursday, August 8. The courier would wait until the cell phones are completely imaged first and then return the cell phones to URZ. But your ESI vendor can keep the two computers for the full day for complete imaging. We can then arrange URZ to pick the computers up at the end of the day or the day after.

Let me know if this is agreeable.


Thank you

**Louis F. Teran**
Attorney at Law
**SLC Law Group**
1055 E. Colorado Blvd., Suite #500
Pasadena, CA 91106
Phone: (818) 484-3217 x200
Fax: (866) 665-8877
http://www.slclg.com



*** WARNING: CONFIDENTIAL COMMUNICATION ***

# EXHIBIT O

| | |
|---|---|
| **From:** | Louis F. Teran |
| **To:** | "Courtney Ervin"; "Cupar, David B." |
| **Cc:** | "Cavanagh, Matthew J."; "Ryan Cordell"; "Felicia M. O"Loughlin" |
| **Subject:** | RE: Spectrum v. URZ - forensic collection |
| **Date:** | Sunday, August 18, 2024 11:47:00 PM |
| **Attachments:** | image001.png |
| | image003.png |
| | image004.png |

Per my email below, please find below URZ's response to your request regarding the remaining computer and it emails.

First, regarding the computers. Your ESI vendor took two of URZ's computers to his lab for a full day of analysis. The two computers were a Dell Optiflex and a Dell Inspiron. You have represented that your ESI vendor was able to successfully retrieve data from the Dell Inspiron which served as URZ's server in which URZ's sales data was stored. You also represented that your ESI vendor was unable to retrieve any data from the Dell Optiflex and now needs the computer for an additional 7 days for further analysis. When these computers were given to your ESI vendor, the computers were not working but they were certainly NOT "fried" as you now indicate. As I indicated in my prior emails, the computers were not working but we were confident that the data could be retrieved with extra time and use of special tools. For this reason, we allowed your ESI vendor to take the computers for one full day. However, the computers were returned in what appears to be a much different condition than when it was given to your ESI vendor. It appears that the computers were taken apart by your ESI vendor as some of the screws appear to be loose. Even more, as you indicate in your email below, the computers are now "fried". More important, none of the data from the Dell Inspiron appear to be recoverable now as the computer appears to be fried. It seems that your ESI vendor retrieved the data from the Dell Inspiron and then fried the computer. URZ has not touched the Dell Optiflex because, per your email below, it is still at issue. But some of the screws appear to be loose, and the computer appears to have been taken apart. Therefore, before the Optiflex can be turned over to your ESI vendor again, we need to understand exactly what he has done to the computers and what he anticipates doing to the Optiflex computer for 7 days. By taking the computers apart, your ESI vendor has exceeded his authorization to merely image the data. It seems that his priority was to retrieve the data without regard for the preservation of the computer itself. This was not authorized. He was only allowed to image the files, not take the computer apart and fry it in the process. Please provide me with the requested information so that we can evaluate it and set limitations, if needed. More important, given that your ESI vendor was able to retrieve URZ's sales data from the Inspiron computer, please provide us with a copy thereof. As you can imagine, URZ is in dire need of said data and now your ESI vendor is the only one that has possession of this data. Please confirm that you will provide us with a copy of said data promptly.

Second, regarding the emails. I have been informed by URZ that its representatives provided your ESI vendor all passwords, codes, and any other credentials for the emails on August 8, 2024, while your ESI vendor was at URZ's facility. Even more, URZ has confirmed that its

representatives ensured that your ESI vendor had access to URZ's emails while he was present at URZ's facilities on August 8, 2024. Therefore, by all indication, your ESI vendor had full unrestricted access to URZ's emails on August 8, 2024. Even more, per our emails prior to August 8, we had agreed and planned for all of the imaging of URZ's ESI assets to be completed on August 8, 2024. I had repeatedly indicated to you that your ESI vendor was welcome to stay at URZ's facility on August 8 as long as it needed to complete all of the imaging. There were never any time restrictions or other restrictions of any kind imposed on your ESI vendor. URZ has also confirmed that when your ESI vendor left, he indicated that he had imaged everything he needed to image and that his job was complete. URZ's representative indicates that before your ESI vendor left URZ's facility, he asked your ESI vendor if he had finished everything and your ESI vendor responded in the affirmative. Therefore, by all indication, your ESI vendor imaged all of URZ's assets, including its emails, on August 8, 2024 as he was supposed to do. Now, I am confused as to why your ESI vendor needs to image URZ's emails for a second time at his office. Please provide the justification for a second imaging of URZ's emails outside the presence of URZ representatives.

In summary, before URZ can make a final decision on your requests, it needs the information requested above. Feel free to contact me with any comments or questions.


Thank you

**Louis F. Teran**
Attorney at Law
**SLC Law Group**
1055 E. Colorado Blvd., Suite #500
Pasadena, CA 91106
Phone: (818) 484-3217 x200
Fax: (866) 665-8877
http://www.slclg.com




**\*\*\* WARNING: CONFIDENTIAL COMMUNICATION \*\*\***
This electronic message and any accompanying pages or attachments contain information from SLC Law Group. The information may be a confidential attorney-client communication containing information that is privileged or confidential. The information is intended to be for the use of the individual or entity named. Any dissemination, distribution or copying of this communication is strictly prohibited without our express permission. If you have received this communication in error, please notify us immediately by return e-mail or by calling us at (800) 752-8470. We will arrange the retrieval of the original documents at no cost to you. Thank you.


**From:** Louis F. Teran <lteran@slclg.com>
**Sent:** Wednesday, August 14, 2024 1:15 PM

# EXHIBIT P

| | |
|---|---|
| **From:** | Courtney Ervin |
| **To:** | Louis F. Teran; "Cupar, David B." |
| **Cc:** | "Cavanagh, Matthew J."; Ryan Cordell; Felicia M. O"Loughlin |
| **Subject:** | RE: Spectrum v. URZ - forensic collection |
| **Date:** | Saturday, September 7, 2024 8:07:15 AM |
| **Attachments:** | image001.png |
| | image003.png |
| | image004.png |

Louis,

Spectrum has been working in good faith with URZ to obtain its compliance with the Court's numerous orders.  It is clear that further email communications will not productive, which is why Spectrum filed its motion for sanctions.

Best regards,

Courtney

**From:** Louis F. Teran <lteran@slclg.com>
**Sent:** Friday, September 6, 2024 3:32 PM
**To:** Courtney Ervin <cervin@hicks-thomas.com>; 'Cupar, David B.' <dcupar@mcdonaldhopkins.com>
**Cc:** 'Cavanagh, Matthew J.' <mcavanagh@mcdonaldhopkins.com>; Ryan Cordell <rcordell@hicks-thomas.com>; Felicia M. O'Loughlin <foloughlin@hicks-thomas.com>
**Subject:** RE: Spectrum v. URZ - forensic collection

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ms. Ervin,

I have not received a response to my email below.  My email was sent over 2 weeks ago and I have not received a response.  Please provide me with a response promptly.

Thank you

**Louis F. Teran**
Attorney at Law
**SLC Law Group**
1055 E. Colorado Blvd., Suite #500
Pasadena, CA 91106
Phone: (818) 484-3217 x200
Fax: (866) 665-8877
http://www.slclg.com



**\*\*\* WARNING: CONFIDENTIAL COMMUNICATION \*\*\***
This electronic message and any accompanying pages or attachments contain information from SLC Law Group.  The information may be a confidential attorney-client communication containing information that is privileged or confidential.  The information is intended to be for the use of the individual or entity named.  Any dissemination, distribution or copying of this communication is strictly prohibited without our express permission.  If you have received this communication in error, please notify us immediately by return e-mail or by calling us at (800) 752-8470.  We will arrange the retrieval of the original documents at no cost to you. Thank you.

**From:** Louis F. Teran <lteran@slclg.com>
**Sent:** Sunday, August 18, 2024 11:48 PM
**To:** 'Courtney Ervin' <cervin@hicks-thomas.com>; 'Cupar, David B.'
<dcupar@mcdonaldhopkins.com>
**Cc:** 'Cavanagh, Matthew J.' <mcavanagh@mcdonaldhopkins.com>; 'Ryan Cordell' <rcordell@hicks-thomas.com>; 'Felicia M. O'Loughlin' <foloughlin@hicks-thomas.com>
**Subject:** RE: Spectrum v. URZ – forensic collection

Per my email below, please find below URZ's response to your request regarding the remaining computer and it emails.

First, regarding the computers. Your ESI vendor took two of URZ's computers to his lab for a full day of analysis. The two computers were a Dell Optiflex and a Dell Inspiron. You have represented that your ESI vendor was able to successfully retrieve data from the Dell Inspiron which served as URZ's server in which URZ's sales data was stored. You also represented that your ESI vendor was unable to retrieve any data from the Dell Optiflex and now needs the computer for an additional 7 days for further analysis. When these computers were given to your ESI vendor, the computers were not working but they were certainly NOT "fried" as you now indicate. As I indicated in my prior emails, the computers were not working but we were confident that the data could be retrieved with extra time and use of special tools. For this reason, we allowed your ESI vendor to take the computers for one full day. However, the computers were returned in what appears to be a much different condition than when it was given to your ESI vendor. It appears that the computers were taken apart by your ESI vendor as some of the screws appear to be loose. Even more, as you indicate in your email below, the computers are now "fried". More important, none of the data from the Dell Inspiron appear to be recoverable now as the computer appears to be fried. It seems that your ESI vendor retrieved the data from the Dell Inspiron and then fried the computer. URZ has not touched the Dell Optiflex because, per your email below, it is still at issue. But some of the screws appear to be loose, and the computer appears to have been taken apart. Therefore, before the Optiflex can be turned over to your ESI vendor again, we need to understand exactly what he has done to the computers and what he anticipates doing to the Optiflex computer for 7 days. By taking the computers apart, your ESI vendor has exceeded his authorization to merely image the data. It seems that his priority was to retrieve the data without regard for the preservation of the computer itself. This was not authorized. He was only allowed to image the files, not take the computer apart and fry it in the process. Please provide me with the

requested information so that we can evaluate it and set limitations, if needed. More important, given that your ESI vendor was able to retrieve URZ's sales data from the Inspiron computer, please provide us with a copy thereof. As you can imagine, URZ is in dire need of said data and now your ESI vendor is the only one that has possession of this data. Please confirm that you will provide us with a copy of said data promptly.

Second, regarding the emails. I have been informed by URZ that its representatives provided your ESI vendor all passwords, codes, and any other credentials for the emails on August 8, 2024, while your ESI vendor was at URZ's facility. Even more, URZ has confirmed that its representatives ensured that your ESI vendor had access to URZ's emails while he was present at URZ's facilities on August 8, 2024. Therefore, by all indication, your ESI vendor had full unrestricted access to URZ's emails on August 8, 2024. Even more, per our emails prior to August 8, we had agreed and planned for all of the imaging of URZ's ESI assets to be completed on August 8, 2024. I had repeatedly indicated to you that your ESI vendor was welcome to stay at URZ's facility on August 8 as long as it needed to complete all of the imaging. There were never any time restrictions or other restrictions of any kind imposed on your ESI vendor. URZ has also confirmed that when your ESI vendor left, he indicated that he had imaged everything he needed to image and that his job was complete. URZ's representative indicates that before your ESI vendor left URZ's facility, he asked your ESI vendor if he had finished everything and your ESI vendor responded in the affirmative. Therefore, by all indication, your ESI vendor imaged all of URZ's assets, including its emails, on August 8, 2024 as he was supposed to do. Now, I am confused as to why your ESI vendor needs to image URZ's emails for a second time at his office. Please provide the justification for a second imaging of URZ's emails outside the presence of URZ representatives.

In summary, before URZ can make a final decision on your requests, it needs the information requested above. Feel free to contact me with any comments or questions.

Thank you

**Louis F. Teran**
Attorney at Law
**SLC Law Group**
1055 E. Colorado Blvd., Suite #500
Pasadena, CA 91106
Phone: (818) 484-3217 x200
Fax: (866) 665-8877
http://www.slclg.com



**EXHIBIT Q**

| | |
|---|---|
| **From:** | Courtney Ervin |
| **To:** | Louis F. Teran; "Cupar, David B." |
| **Cc:** | "Cavanagh, Matthew J."; Ryan Cordell; Felicia M. O"Loughlin |
| **Subject:** | RE: Spectrum v. URZ - forensic collection |
| **Date:** | Wednesday, August 14, 2024 10:49:47 AM |
| **Attachments:** | image001.png |
| | image003.png |
| | image004.png |

Mr. Hughes is doing the email collection at his office with his equipment, not at URZ's office. All that has ever been required for this collection is a brief phone call with the owner of the email account and Mr. Hughes. Spectrum first requested this phone call to take place six weeks ago. There is no excuse for this collection (and analysis) not to have already been completed. As for why it has not happened yet, as stated below (and as URZ would know), access to the email accounts requires 2-step verification—i.e. the password and the verification code. Thus, the URZ person receiving the verification code must provide it to Mr. Hughes for him to conduct the collection. Mr. Hughes has therefore still been denied access to the email accounts for the collection—a violation of the Court's order.

The computer at issue is Dell Optiplex 3010. I'm not a forensic expert and cannot explain the ins and outs of why the analysis of the damaged computer will take approximately 7 days except as I already explained below. In short, the computer is fried and it will take days for Mr. Hughes to run the processes he can to see if he can get the computer to power up and then, if the computer will power up, to see what, if any, information can be retrieved. There is no reason for why URZ denied Mr. Hughes the ability to keep the computer – which does not work and thus is not being used by URZ – at the time of the initial collection. That was the evening of August 8. This process would have been completed around tomorrow but for URZ's refusal to allow Mr. Hughes to keep the computer until he could complete his efforts. This too is a violation of the Court's order. Please provide a time on August 19 for Mr. Hughes to send a courier to retrieve the computer.

Mr. Hughes requires at least 24 hours' notice to schedule any collection – this applies to the emails and retrieving the Dell Optiplex computer. Accordingly, I need your prompt response regarding collection of one of the email accounts tomorrow.

**From:** Louis F. Teran <lteran@slclg.com>

**Sent:** Wednesday, August 14, 2024 11:23 AM

**To:** 'Cupar, David B.' <dcupar@mcdonaldhopkins.com>; Courtney Ervin <cervin@hicks-thomas.com>

**Cc:** 'Cavanagh, Matthew J.' <mcavanagh@mcdonaldhopkins.com>; Ryan Cordell <rcordell@hicks-thomas.com>; Felicia M. O'Loughlin <foloughlin@hicks-thomas.com>

**Subject:** RE: Spectrum v. URZ - forensic collection

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

I first need a response to my email below before this can be considered.

Thank you

**Louis F. Teran**
Attorney at Law
**SLC Law Group**
1055 E. Colorado Blvd., Suite #500