**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SPECTRUM LABORATORIES, LLC,** an Ohio Limited Liability Company**,** | § § § | |
| *Plaintiff,* | § § | **CIVIL ACTION NO. 4:22-cv-03705** |
| **v.** | § § | **JUDGE CHARLES ESKRIDGE** |
| **URZ TRENDZ, LLC A/K/A FLY FRESH SMOKE; and DOES #1-10,** | § § § § | |
| *Defendants.* | § § | |

**PLAINTIFF'S REPLY TO URZ'S OPPOSITION**
**TO PLAINTIFF'S MOTION FOR SANCTIONS**

Plaintiff Spectrum Laboratories, LLC ("Spectrum") files this Reply to Defendant URZ Trendz, LLC's ("URZ") Opposition to Plaintiff's Motion for Sanctions and respectfully shows as follows:

**A.      URZ's response was filed late and should be struck.**

Spectrum filed its Motion for Sanctions [Dkt. 122] on August 30, 2024.  URZ's response was due twenty-one calendar days thereafter, on September 20, 2024.  *See* Judge Eskridge's Procedures Rule 17(f).  Consistent with URZ's pattern of ignoring this Court's procedures and orders, URZ filed its response late on September 21, 2024. [Dkt. 126].  Accordingly, URZ's response is untimely, and it should be struck.

Even if the Court considers URZ's response, URZ fails to address its persistent recalcitrant and obstructionist behavior in the discovery process by failing to abide by the Court's orders and URZ's most basic discovery obligations.  Instead, URZ attempts to shift the blame for its misconduct by making wild allegations of conspiracy in an effort to evade the just and proper

{00364307.DOCX}

sanctions that Spectrum seeks in its motion for sanctions.  For the reasons set forth herein and in the motion for sanctions, the Court should grant Spectrum's motion for sanctions.

**B.      It is now apparent that, yet again, URZ has failed to produce all responsive materials pursuant to the Court's prior orders and its obligations under the Federal Rules of Civil Procedure.**

The limited ESI discovery Spectrum was able to collect shows that URZ failed to produce responsive, relevant documents that have been the subject of numerous discovery hearings and orders of this Court.  The data retrieved from the cell phones included responsive documents, communications, and photographs evidencing URZ's sale of QuickFix dating as far back as 2022, none of which were produced.  Dkt. 122 at 13–14; Dkt. 122-1 at ¶ 16.  All of these new-found documents and communications are responsive to discovery requests that the parties have been litigating for over a year.  Clearly, URZ did not conduct a thorough search of its records and devices for responsive materials that it has been repeatedly ordered to produce.

Yet in response, URZ claims that, because Spectrum did not "produce a single piece of supporting evidence," Spectrum's allegations regarding the information URZ failed to produce are "unfounded."  Dkt. 126 at pg. 16.  URZ completely disregards the sworn affidavit of Spectrum's ESI vendor testifying to his findings, namely the documents he recovered from the devices subject to the Court's ESI Order.  Dkt. 122-1 at ¶ 16.  Regardless, the limited information Spectrum was able to glean from URZ's cell phones shows that, without a shadow of a doubt, URZ failed to produce responsive documents and communications despite multiple orders and admonishments from the Court to do so.  The fact that these documents (and potentially many more documents that have not yet been uncovered that currently reside on the inoperable computers) were never produced makes plain that less severe sanctions have not sufficiently deterred URZ's willful refusal to comply with the Court's orders.  The Court should grant Spectrum's motion for sanctions in its entirety.

**C.**     **URZ's obstinate refusal to provide the two-factor authentication is further proof of URZ's willful failure to comply with the Court's Order.**

URZ was ordered to provide Spectrum's ESI vendor with access to its email accounts. These email accounts are protected by two-step verification.  URZ does not deny it is refusing to provide the "second step" in the two-step verification process.  Instead, URZ contends that, by providing the ***one-time code*** in the second step of the two-factor authentication process, "Spectrum would have unrestricted access to URZ's emails at any time and in perpetuity" and "can add tracking mechanisms to track future emails."  This is both preposterous and incorrect.

First, if this is truly URZ's concern, it should temporarily disable the two-step verification process, thereby allowing Spectrum's ESI vendor to access the email accounts with only the provided passwords.

Second, Spectrum is not gaining direct access to the email accounts; only Spectrum's third-party ESI vendor would have access to the email accounts (if URZ ever actually complies in good faith with the Court's orders).

Third, any access would not be "in perpetuity," but rather only until the ESI vendor has had sufficient time to image the email account.  The two-factor authentication code is a *one-time* use code—*ergo* it changes every time a login attempt is made.  URZ's allegations to the contrary are nonsensical.

Finally, URZ's (completely unfounded) accusation that Spectrum would use the Court's discovery order *to commit a crime* by having its ESI vendor install tracking software to monitor URZ's email accounts after the ESI collection is completed is ludicrous.  It is also reminiscent of URZ's equally ludicrous accusation that this Court "seems to be protecting [Spectrum's] criminal empire through extraordinary means." [Dkt. 56 at pg. 5].

URZ's response is just further proof that URZ has no intention of complying with the Court's numerous discovery orders. The only way URZ's noncompliance will be stopped is if the Court fully grants Spectrum's motion for sanctions.

**D.      Spectrum's ESI vendor followed standard operating procedure with respect to the imaging of the admittedly inoperable computers.**

URZ further contends that it complied with the Court's order by making its (suddenly and inexplicably) inoperable computers available for imaging for one business day, and then demanding that they be returned before a full analysis could be completed. As explained in the ESI vendor's affidavit, the hard drive of the computers had to be removed to be imaged as the computers would not turn on. *See* Dkt. 122-1, ¶¶ 4–13. This technique is the standard procedure for inoperable computer systems, like the computer systems at issue. *Id.* The ESI vendor did not exceed the scope of the Court's order. Further, the ESI vendor was not able to complete his analysis due to the unreasonable time constraints imposed by URZ, who demanded that the computers be returned within twenty-four hours—despite the fact that they were not operable. Dkt. 122-1 at ¶¶ 4–13.

Additionally, URZ seizes on an adjective used by Spectrum's counsel to describe the undisputedly inoperable computers as "fried" to imply that Spectrum's ESI vendor somehow made the computers even more inoperable. This is yet another bold-faced lie by URZ. Spectrum hired a respected and experienced ESI vendor who is trying to do his job in the face of URZ's ongoing efforts to stymie his attempts to do so. URZ's already "inoperable" computers did not sustain additional damage from the ESI vendor.

URZ's arguments are its attempt to deflect attention from the fact that the ESI collection is not complete because URZ will not allow Spectrum's ESI vendor adequate time with the computers to attempt to collect the data the Court has ordered URZ to produce. URZ's bad faith

accusations are part and parcel of its bad faith actions and are further proof that URZ has no intention of cooperating with Spectrum on the ESI discovery ordered by the Court.

For these reasons and for all the reasons stated in its motion, the Court should grant Spectrum's motion for sanctions.

DATED: September 27, 2024      Respectfully submitted,

By: */s/ David B. Cupar*
    David B. Cupar (*pro hac vice*)
    *Attorney in Charge*
    Ohio Bar No. 71622
    dcupar@mcdonaldhopkins.com
    Matthew J. Cavanagh (*pro hac vice*)
    Ohio Bar No. 79522
    mcavanagh@mcdonaldhopkins.com
    **MCDONALD HOPKINS LLC**
    600 Superior Avenue, East
    Suite 2100
    Cleveland, Ohio 44114
    Telephone: 216.348.5400
    Facsimile: 216.348.5474

By: */s/ Courtney Ervin*
    Courtney Ervin
    Texas Bar No. 24050571
    SDTX No. 611093
    cervin@hicks-thomas.com
    **HICKS THOMAS LLP**
    700 Louisiana St., Suite 2000
    Houston, Texas 77002
    Telephone: 713.547.9100
    Facsimile: 713.547.9150

    **ATTORNEYS FOR PLAINTIFF SPECTRUM LABORATORIES, LLC**

## CERTIFICATE OF WORD COUNT

In accordance with Section 18(c) of the Court's procedures, I certify that this document contains 1,164 words, exclusive of the caption, signature block and certificates of service and conference.

/s/ Courtney Ervin
Courtney Ervin

## CERTIFICATE OF SERVICE

Service of this document on counsel of record was accomplished automatically through the Court's Notice of Electronic Filing on this, the 27th day of September, 2024.

/s/ Courtney Ervin
Courtney Ervin