**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **SPECTRUM LABORATORIES, LLC,** § | | |
| an Ohio Limited Liability Company**,** § | | |
| § | | |
| Plaintiff, § | | |
| § | **CIVIL ACTION NO. 4:22-cv-03705** |
| **v.** § | | |
| § | **JUDGE CHARLES ESKRIDGE** |
| **URZ TRENDZ, LLC A/K/A FLY** § | | |
| **FRESH SMOKE,** § | | |
| § | | |
| Defendants. § | | |

**SPECTRUM'S OPPOSITION TO DEFENDANT'S
MOTION FOR CLARIFICATION (DKT. NO. 152)**

Plaintiff Spectrum Laboratories, LLC ("Spectrum" or "Plaintiff") respectfully submits this Opposition to Defendant URZ Trendz, LLC's ("URZ") Motion for Clarification, Reconsideration, and Extension of Time (Dkt. No. 152). Defendant's motion represents another baseless attempt to delay compliance with its discovery obligations under the Federal Rules of Civil Procedure and multiple Court Orders.

## I. INTRODUCTION

URZ Trendz, LLC and its counsel, Louis F. Teran, have **repeatedly and willfully refused to comply** with six prior Court Orders. The December 17, 2024 Order was clear and unambiguous, and URZ's counsel did not raise any confusion regarding its contents at that time. **No clarification is necessary.** Instead, Defendant seeks to create confusion where none exists and further delay its long-overdue compliance. This motion should be denied, and sanctions should be imposed.

## II. RELEVANT BACKGROUND

URZ and Teran have violated six Court Orders (Dkt. Nos. 63, 80, 97, 111, 118, and 142) requiring the production and preservation of electronically stored information (ESI).

The Court's December 17, 2024 Order explicitly required URZ to provide access to 14 email accounts and the HP Flash 256 external drive.

Despite these directives, URZ:

o   Failed to provide proper access credentials and refused to identify the custodians of the email accounts.

o   Unilaterally limited access to the accounts to only 24 hours, effectively blocking the ESI vendor from obtaining the data.

o   Threatened legal action against the ESI vendor.

o   Refused to turn over the HP Flash 256 drive, later falsely claiming it did not exist.

Plaintiff's ESI vendor was unable to access a single email account due to URZ's failure to provide the required contact information and access codes, directly violating the Court's Order.

The Court's February 6, 2025 Order:

o   Terminated the scheduling order in this case based on URZ and Teran's non-compliance.

o   Authorized Spectrum to file a motion for attorney fees based on URZ and Teran's non-compliance in producing ESI discovery in accordance with the Federal Rules of Civil Procedure and the Court's prior five Orders to do so.

o   Ordered URZ and Teran to comply with Section 1 of the December 17, 2024 Order and produce the "external drive" or else face a motion for default judgment and termination of URZ's defenses and claims.

Dkt. 151.

### III. <u>ARGUMENT</u>

**A.** **URZ and Teran Understood the Court's Orders but Are Deliberately Refusing to Comply.**

URZ's claim that it requires "clarification" is blatantly false. At the December 13, 2024, hearing, the Court made it explicitly clear that URZ had until December 20, 2024, to provide full access to the ESI vendor. Teran did not claim confusion at that time. Instead, URZ deliberately obstructed compliance and is now attempting to manufacture ambiguity to justify further delays. On the one hand, URZ claims it is "undisputed" that it complied with the Court's Order; on the other, URZ claims it cannot understand the Order.

**B.** **Defendant's Email Access Excuse Is a Pretext.**

URZ's assertion that Google's security measures prevent compliance is a misrepresentation. The Court's Order required URZ to provide full access credentials and contact information for custodians to coordinate with the ESI vendor. URZ deliberately withheld this information, ensuring the vendor could not complete its task. The issue is not Google's security—it is URZ's obstruction.

**C.** **URZ's Refusal to Produce the HP Flash 256 Drive Warrants Sanctions.**

URZ's claim that the HP Flash 256 drive "does not exist" is demonstrably false. Forensic analysis confirms that this device was connected to URZ's Dell Inspiron computer on July 29, 2024, and contained highly relevant financial and sales data. URZ's refusal to produce it constitutes spoliation of evidence that the Court explicitly ordered URZ to preserve. (Dkt. 118).

**D.** **URZ has shown no good cause for more time or reconsideration based on their refusal to produce a single email despite six Court Orders compelling them to do so.**

Since March 2023, both Spectrum and the Court have done everything possible to work with URZ and Teran to have them do both the right and simple thing: produce discoverable

documents and information. This should have occurred in in March 2023 with minimal cost or disruption – even if those documents and information showed facts hurtful to URZ, such as its involvement in counterfeiting activities. It is the right thing to do under the law.

Instead, Teran led URZ to refuse to obey its obligations under the Federal Rules of Civil Procedure and six of the discovery orders. Teran and URZ went on a mission to do everything possible not to produce discoverable ESI including: seek to disqualify this Court; threaten Spectrum's counsel and ESI vendor; permit (or arrange for) computers with relevant ESI to be infected with malware viruses just prior to inspection so that the ESI vendor could not obtain that ESI; refuse to produce a single email in this entire litigation; refuse to provide two-factor authentication to access email accounts; file two writs of mandamus to avoid producing discovery, both of which the Fifth Circuit quickly denied; and refuse to produce an HP flash drive that one of the malware computers still identifies was inserted into it immediately prior to the time malware appeared on the computer, and that received "point of sale" information from the computer. (Dkt. 146-7, ¶¶ 10-16, Attachments 1-2).

Teran and URZ forced the Court to expend significant judicial resources and taxpayer money to have multiple hearings on producing discovery – only to continue down the same path of completely refusing to comply with the law. Teran and URZ's wrongful tactics in hiding discoverable ESI also forced Spectrum to spend over $150,000 in litigation to have them follow the law.

The Court has been incredibly fair to Teran and URZ the past two years, but Teran and URZ have not reciprocated. It would have taken them less time to comply with the Court's February 6, 2025 Order than to file the present 13-page motion. It is time for Teran and URZ to comply by February 21, 2025 or face default judgment sanctions.

## IV.   CONCLUSION

URZ's motion is meritless and should be denied. The Court should enforce its prior Orders and impose sanctions for Defendant's blatant obstruction of discovery.

DATED: February 14, 2025                    Respectfully submitted,

By: */s/ David B. Cupar*
    David B. Cupar (*pro hac vice*)
    *Attorney in Charge*
    Ohio Bar No. 71622
    dcupar@mcdonaldhopkins.com
    Matthew J. Cavanagh (*pro hac vice*)
    Ohio Bar No. 79522
    mcavanagh@mcdonaldhopkins.com
    **MCDONALD HOPKINS LLC**
    600 Superior Avenue, East
    Suite 2100
    Cleveland, Ohio 44114
    Telephone: 216.348.5400
    Facsimile: 216.348.5474

By: */s/ D. Ryan Cordell, Jr.*
    Courtney Ervin
    Texas Bar No. 24050571
    SDTX No. 611093
    cervin@hicks-thomas.com
    D. Ryan Cordell, Jr.
    Texas Bar No. 24109754
    SDTX No. 3455818
    **HICKS THOMAS LLP**
    700 Louisiana St., Suite 2000
    Houston, Texas 77002
    Telephone: 713.547.9100
    Facsimile: 713.547.9150

    **ATTORNEYS FOR PLAINTIFF SPECTRUM LABORATORIES, LLC**

<h2 style="text-align:center"><u>CERTIFICATE OF SERVICE</u></h2>

I hereby certify that on February 14, 2025, a true and correct copy of this Response was served on all counsel of record via the Court's ECF Noticing System.

*/s/ D. Ryan Cordell, Jr.*
D. Ryan Cordell, Jr.