SPECTRUM LABORATORIES, LLC,
                Plaintiff,

v.

URZ TRENDZ, LLC,
                   Defendant.

**Case No. 4:22-CV-03705**

**Hon. Judge Charles Eskridge**

## DECLARATION OF LOUIS F. TERAN RE: CONTINUANCE OF HEARING SCHEDULED FOR FEBRUARY 24, 2026

I, Louis F. Teran, declare as follows:

1. I submit this declaration in support of Defendant URZ Trendz, LLC.'s ("URZ") request for a continuance of the hearing scheduled for February 24, 2026. I am counsel of record for URZ. I have personal knowledge of the matters set forth below, and if called as a witness, I would and could competently testify thereto.

2. On February 20, 2026, the Court issued an order scheduling a hearing on February 24, 2026 regarding "motion by Plaintiff for entry of monetary judgment" and "any other matters necessary." See *ECF No. 187.*

3. Unfortunately, my schedule is full for February 24, 2026, and a mere two (2) business day notice does not provide me sufficient time to reorganize my schedule and prepare for a hearing on the merits regarding Plaintiff's Motion for Monetary Judgment.

4. As such, I respectfully request a continuance of the hearing until a later day that would provide reasonable notice and be convenient for the Court.

5. More important, it is URZ's position that this Court lacks jurisdiction to address Plaintiff's Motion for Monetary Judgment because this Court's jurisdiction was divested on December 16, 2025, when URZ filed a Notice of Appeal to the Fifth Circuit Court of Appeals. See *ECF No. 178.*

6. In fact, this Court issued a Default Judgment striking all of URZ's pleadings and awarding all relief sought by Plaintiff, including injunctive relief and attorneys' fees and costs. See *ECF No. 176.*

7. The Default Judgment has been appealed to the Fifth Circuit. Therefore, this Court lacks jurisdiction to hold any hearing or issue any order related to Plaintiff's Motion for Monetary Judgment.

8. In fact, it is of utmost importance for this Court to recognize that Plaintiff has already filed a Motion to Dismiss the Appeal with the Fifth Circuit arguing that the Default Judgment is not a final appealable order and requesting jurisdiction to be returned to this Court to address Plaintiff's Motion for Monetary Judgment. Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's Motion to Dismiss the Appeal.

9. On February 3, 2026, the Fifth Circuit did NOT grant Plaintiff's Motion to Dismiss the Appeal. Instead, the Fifth Circuit retained jurisdiction over this case and ordered this case proceed in the Fifth Circuit. Attached hereto as **Exhibit B** is a true and correct copy of the Order issued by the Fifth Circuit Court of Appeals.

10. In fact, the full record for this case has already been filed with the Fifth Circuit and URZ has already filed its Opening Brief with the Fifth Circuit.

11. Even more, the deadline for Plaintiff to file its response brief with the Fifth Circuit is March 2, 2026, which is one week away.

12. As such, the Fifth Circuit has retained jurisdiction over this case despite Plaintiff's Motion to Dismiss the Appeal and despite Plaintiff's Motion for Monetary Judgment.

13. Therefore, URZ respectfully requests this Court NOT to hold any hearings or issue any orders related to Plaintiff's Motion for Monetary Judgment without a mandate from the Fifth Circuit. More specifically, URZ asserts that this Court's jurisdiction has been divested until a mandate is issued by the Fifth Circuit, especially since the Fifth Circuit has retained jurisdiction despite Plaintiff's Motion to Dismiss the Appeal and despite Plaintiff's Motion for Monetary Judgement.

14. However, if this Court decides to proceed with such a hearing and subsequent order, then URZ respectfully requests this Court to continue such hearing to a date that would allow URZ sufficient time to raise this issue with the Fifth Circuit Court of Appeals.

15. After all, the U.S. Supreme Court has clearly established that the effective filing of a notice of appeal transfers jurisdiction from the district court to the court of appeals with respect to all matters involved in the appeal. See *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56 (1982). See also *Marrese v. American Academy of Othropaedic Surgeons,* 470 U.S. 373, 378-79 (1985).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 23rd day of February, 2026, at Pasadena, California.

_____
Louis F. Teran

3



**EXHIBIT A**

No. 25-20572

# United States Court of Appeals for the Fifth Circuit

———————

*Spectrum Laboratories, LLC,*

*Plaintiff-Appellee*

*v.*

*URZ Trendz, L.L.C., aka Fly Fresh Smoke*
*Defendant-Appellant*

———————

**SPECTRUM'S MOTION TO DISMISS APPEAL**

———————

On Appeal from
United States District Court for the S.D. of Texas
Case No. 4:22-cv-3705, Honorable Charles R. Eskridge, III, U.S. District Judge

———————

David B. Cupar
Matthew J. Cavanagh
MCDONALD HOPKINS LLC
600 Superior Ave., East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

Courtney E. Ervin
D. Ryan Cordell, Jr.
Hicks Thomas L.L.P.
700 Louisiana St., Suite 2300
Houston, Texas 77002
t 713.547.9100 | f 713.547.9150
cervin@hicks-thomas.com
rcordell@hicks-thomas.com

*Counsel for Plaintiff-Appellee*
*Spectrum Laboratories, LLC*

## **Certificate of Interested Persons**

Counsel for plaintiff-appellee Spectrum Laboratories, LLC identifies the following listed persons and entities as described in Fifth Circuit Rule 28.2.1 that are financially interested in the outcome of the litigation or are counsel for a party.

1.    Spectrum Laboratories, LLC, respondent-plaintiff.

2.    URZ Trendz, LLC, petitioner-defendant.

3.    David B. Cupar and Matthew J. Cavanagh (MCDONALD HOPKINS LLC), counsel for Spectrum.

4.    Courtney E. Ervin and D. Ryan Cordell, Jr. (HICKS THOMAS L.L.P.), counsel for Spectrum.

5.    Louis F. Teran (SLC LAW GROUP), counsel for URZ.


Dated:  January 13, 2026          s/ Matthew J. Cavanagh
                    *Counsel for Spectrum Laboratories, LLC*

i

## **Fifth Circuit Rule 27.4 Certification**

In accordance with Fifth Circuit Rule 27.4, counsel for plaintiff-appellee Spectrum Laboratories, LLC certifies that it wrote to counsel for defendant-appellant URZ Trendz, L.L.C., on December 17, 2025, advised that URZ's appeal was premature due to lack of final judgment, requested that URZ dismiss its appeal, and warned that Spectrum would move to dismiss if URZ did not withdraw its appeal. A true copy of Spectrum's letter is attached as Exhibit B. URZ never responded to Spectrum's letter. Thus, this motion is opposed, and Spectrum anticipates that URZ will file an opposition.

<u>Dated</u>:  January 13, 2026            s/ Matthew J. Cavanagh         
                              *Counsel for Spectrum Laboratories, LLC*

ii

# **Table of Contents**

Certificate of Interested Persons ................................................................. i

Fifth Circuit Rule 27.4 Certification ............................................................ ii

Table of Authorities ....................................................................................iv

Issue Presented ............................................................................................ 1

Statement of the Case ...................................................................................2

Summary of Argument ................................................................................. 4

Argument .......................................................................................................5

Conclusion......................................................................................................7

Certificate of Compliance ............................................................................. 9

Certificate of Service ................................................................................... 10

iii

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armstrong v. Trico Marine, Inc*, 923 F.2d 55 (5th Cir. 1991) .............................. 6

*GeoSouthern Energy Corp. v. Chesapeake Operating, Inc.*,
   241 F.3d 388 (5th Cir. 2001).......................................................... 1, 6

*Goodman v. Lee*,
   988 F.2d 619 (5th Cir. 1993) ........................................................... 6

**Statutes**

28 U.S.C. § 1291................................................................................ 6

37386354.1

In accordance with Fed. R. App. P. 27, Plaintiff-Appellee Spectrum Laboratories, LLC ("Spectrum") hereby moves this Court to dismiss this appeal because, due to lack of final judgment by the district court, appellate jurisdiction is lacking.

## Issue Presented

It is black-letter law that a party may not appeal until final judgment is entered by the district court. A judgment that declares liability but does not set damages is not final, unless the computation of damages is "purely ministerial and/or mechanical." *GeoSouthern Energy Corp. v. Chesapeake Operating, Inc.*, 241 F.3d 388, 391 (5th Cir. 2001).

Here, the district court entered default judgment of liability against Defendant-Appellant URZ Trendz, L.L.C., aka Fly Fresh Smoke, ("URZ") but did not set the amount of damages. A motion by Spectrum to award money damages remains pending before the district court. The damages Spectrum seeks are not purely ministerial or mechanical: they depend upon economic analysis of Spectrum's sales, revenues, prices, costs, and profits, as well as the expert opinions of Spectrum's damages expert, David Haas.

1

37386354.1

Because the district court has not yet resolved the non-ministerial damages issue, no final judgment exists. URZ's appeal is premature, and this Court lacks jurisdiction. The appeal should therefore be dismissed.

### Statement of the Case

Spectrum filed the underlying trademark action when it discovered counterfeit of its popular *Quick Fix* synthetic urine product being sold in Texas. (*See generally* Compl., ECF No. 1.) Spectrum owns federal registrations to the QUICK FIX and Q-Clock trademarks that appear on *Quick Fix* packaging, and thus it sued for trademark infringement and other causes of action. (*See id.* ¶ 14-16, 21.)

Spectrum first sued the individuals and entities associated with the retailer at which the counterfeit *Quick Fix* was found. (*Id.* ¶ 2-10.) The retailer cooperated with Spectrum, convinced Spectrum that it was not a knowing participant in the counterfeiting, and swore under oath that it did not know that it had purchased and sold counterfeit *Quick Fix*. (*See* Am. Compl. ¶ 17, ECF No. 32.) Spectrum dismissed the defendants and sought and obtained leave to amend its complaint to name unknown DOES #1-10 as defendants. (ECF Nos. 30-32.) Spectrum also obtained leave to issue subpoenas to third parties in an effort to unmask the DOES. (ECF Nos. 33-34.)

2

URZ exposed itself as being responsible for the counterfeiting when it refused to comply with Spectrum's simple and narrow subpoena. (*See* Spectrum's Dec. 13, 2023 Motion for Sanctions at 3-4, ECF Nos. 83, 83-1, 83-2.) What followed was months of Spectrum motion practice and Court orders attempting to compel URZ to comply with basic discovery. (*See id.* at 4-5; Spectrum's Motion for Default Judgment at 2-3, ECF No. 160.) URZ evaded at every turn, violated multiple district court orders, was caught repeatedly misrepresenting that it had no discovery when objective evidence proved otherwise, flatly refused to produce digital discovery ordered by the district court, and ultimately allowed critical digital evidence to be lost forever when two URZ computers suspiciously "crashed" just days before a court-ordered forensic exam was to occur. (*See* Spectrum's Motion for Default Judgment at 2-3, ECF No. 160.)

The district court patiently and generously gave URZ every opportunity to correct its ways and cooperate in discovery, but URZ steadfastly refused and played games, for example, pretending to not understand its discovery obligations or the district court's orders. After the compel orders and court threats had failed, URZ left the district court with no choice but to enter case-terminating sanctions and attorneys' fees in Spectrum's favor. (June 18, 2025

Order, ECF No. 171; Nov. 26, 2025 Order, ECF No. 176.) On November 26, 2025, the district court entered default judgment of liability in Spectrum's favor on all pending claims, struck URZ's affirmative defenses, struck URZ's counterclaims, enjoined URZ against future infringement of Spectrum's trademarks, and awarded attorneys' fees and costs against URZ and its attorney, Louis Teran, jointly and severally. (Nov. 26, 2025 Order, ECF No. 176.)

Although the district court had entered default judgment of liability in Spectrum's favor, it did not determine the amount of money damages that URZ owes to Spectrum on those claims for which URZ is now liable. (*See id.;* Nov. 26, 2025 Order, ECF No. 176.) Indeed, the district court acknowledged that money damages had not yet been decided at the June 18, 2025 hearing: "there's a substantial amount of money yet to be awarded... I don't even know what the request for damages is going to be." (June 18, 2025 Hr'g Tr. 63:2–8, att'd as Ex. A.)

On December 16, 2025, URZ filed this appeal.

On December 17, 2025, Spectrum advised URZ that the district court's orders were not yet final and appealable because money damages had not yet been determined, with citations to Fifth Circuit precedent in support. (See

Dec. 17, 2025 Letter, att'd as Ex. B.) Spectrum advised that it soon would be moving for money damages, and urged URZ to dismiss its appeal as untimely. (*Id.*) URZ never responded to this letter.

On January 2, 2025, Spectrum filed its <u>Motion for Entry of Monetary Judgment Pursuant to Default Judgment</u>. (ECF No. 181.)[1] URZ has not yet opposed that motion, and the district court has not yet ruled on it.

Spectrum now moves to dismiss this appeal for lack of appellate jurisdiction.

### **Summary of Argument**

The Court should dismiss this appeal because it lacks jurisdiction. The Court lacks jurisdiction because, while the district court granted default judgment of liability in Spectrum's favor, the district court has not yet determined money damages. As a matter of well settled law, including binding Fifth Circuit precedent, final judgment does not occur until the district court decides damages. Because the district court has not yet done so, this Court lacks jurisdiction, and this Court should dismiss accordingly.

---

[1] Redacted versions of the Motion for Entry of Monetary Judgment, supporting exhibits, and proposed orders were filed on the public docket contemporaneously with the sealed filings. Spectrum's Motion to Seal those materials (ECF No. 182) remains pending before the Court.

37386354.1

## **Argument**

"Courts of appeal have jurisdiction over final decisions of the district court." *Goodman v. Lee*, 988 F.2d 619, 626 (5th Cir. 1993), *citing* 28 U.S.C. § 1291. The U.S. Court of Appeals for the Fifth Circuit "has embraced 'the well-settled general rule that a judgment or order is not final unless it ends the litigation on the merits and leaves nothing for the trier to do but execute the judgment.'" *Id., quoting Armstrong v. Trico Marine, Inc.*, 923 F.2d 55, 58 (5th Cir. 1991).

"Ordinarily, computing and awarding damages is more than mere execution, and a judgment is not final without it." *GeoSouthern Energy Corp. v. Chesapeake Operating, Inc.*, 241 F.3d 388, 391 (5th Cir. 2001). The only exception is when the computation of damages is "purely ministerial and/or mechanical," such as adding a predetermined portion of a state court judgment along with statutory interest to defense costs. *Id.*

Thus, this Court has repeatedly dismissed appeals from judgments of liability where the district court had not yet determined damages. *E.g., Goodman*, 988 F.2d at 627; *GeoSouthern*, 241 F.3d at 392.

Here, there can be no dispute that URZ's appeal is premature and consequently that this Court lacks jurisdiction. While the district court

6

37386354.1

decided liability in Spectrum's favor, it has not yet decided damages. (Nov. 26, 2025 Order, ECF No. 176; Motion for Entry of Monetary Judgment Pursuant to Default Judgment, ECF No. 181.) Spectrum's motion for money damages asks the district court to award a specified amount of damages, supported by analysis and opinions by Spectrum's economics expert, David Haas. (*See generally* Expert Report of David Haas, ECF No. 181-1.) Based on that, the damage computation is neither ministerial nor mechanical. It requires expert analysis of Spectrum's yearly revenues, pricing, cost, and expert opinion on what Spectrum's profits would have been during the damage period if URZ had not infringed Spectrum's trademarks.

## Conclusion

For these reasons, the Court should dismiss URZ's appeal and award Appellee its costs incurred in connection with this appeal, as provided by Federal Rule of Appellate Procedure 39.

7

37386354.1

Respectfully submitted,

Dated: January 13, 2026

s/ Matthew J. Cavanagh
David B. Cupar
Matthew J. Cavanagh
MCDONALD HOPKINS LLC
600 Superior Ave., East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

and

Courtney E. Ervin
D. Ryan Cordell, Jr.
HICKS THOMAS, L.L.P.
700 Louisiana St., Suite 2300
Houston, Texas 77002
t 713.547.9100 │ f 713.547.9150
cervin@hicks-thomas.com
rcordell@hicks-thomas.com

*Counsel for Plaintiff-Respondent
Spectrum Laboratories, LLC*

8

## **Certificate of Compliance**

1.      This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) of 5,200 words because the motion contains 1,266 words, excluding the parts of the document exempted by Fed. R. App. P. 32(a)(f).

2.      This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in proportionally spaced typeface using 14-point font, Constantia in Microsoft Word 2016.

3.      Counsel for the movant certifies that they have contacted or attempted to contact all other parties regarding the relief requested in this motion and that URZ Trendz, L.L.C., aka Fly Fresh Smoke opposes the motion.


Dated:  January 13, 2026           _s/ Matthew J. Cavanagh_____
                                  *Counsel for Spectrum Laboratories, LLC*

37386354.1

## **Certificate of Service**

I hereby certify that on January 13, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to appellants whose attorneys are all registered users of the CM/ECF system. Additionally, I served the following person(s) by email:

Louis F. Teran
SLC Law Group
lteran@slclg.com

*Counsel for Petitioner-Defendant*
*URZ Trendz, LLC*

Dated:  January 13, 2026        s/ Matthew J. Cavanagh
                               *Counsel for Spectrum Laboratories, LLC*

10



# EXHIBIT B

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2026

Lyle W. Cayce
Clerk

No. 25-20572

SPECTRUM LABORATORIES, L.L.C.,

*Plaintiff—Appellee*,

*versus*

URZ TRENDZ, L.L.C., *also known as* FLY FRESH SMOKE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-3705

UNPUBLISHED ORDER

Before SMITH, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:

IT IS ORDERED that the Appellee's opposed motion to dismiss the appeal for lack of jurisdiction is CARRIED WITH THE CASE.

IT IS FURTHER ORDERED that the Appellant's opposed motion to file their brief in excess of the word count limitation, but not to exceed 15,500 words is GRANTED.